# United States District Court
## for the
## Northern District of New York

Maxmillian Sloley,
  Plaintiff
    vs.
State of New York,
Eric VanBramer, Brian
VanBramer, individual and
official capacities
  Defendants

Civil Action No. 1:14-CV-339
GLS/CFH

Complaint for Damages
(42 U.S.C. §1983)

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
MAR 27 2014
LAWRENCE K. BAERMAN, CLERK
ALBANY

## Introductory Statement

1) This is an action for damages sustained by a citizen of the United States against police officers of the New York State Police Department, who unlawfully strip searched the plaintiff.

2) This action is against the State of New York as the employer responsible for it's employees.

3) This action is also against the State Police officers, (Brian Vanbramer, Eric Vanbramer) for their direct participation in the Constitutional violation of the Plaintiff.

## Jurisdiction

4) This action is brought pursuant to 42 U.S.C. §§ 1983 and the Fourth Amendment to the Constitution of the United States.

5) This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331, 1343.

## Parties

6) Plaintiff is a resident of Westchester County, New York state, and at all times relevant to the allegations of this complaint was a citizen of the United States.

7) At all times relevant to this action, defendants Brian Vanbramer and Eric Vanbramer was police officers employed by the New York State Police assigned to Greene County, New York.

8) At all times relevant the State of New York was the employer of said officers.

9) At all times relevant Brian Vanbramer and Eric Vanbramer were acting as the agent, servant, and employee of defendant New York State.

10) These defendants are being sued in their individual and official capacities.

## Factual Allegations

11) On April 1, 2013 approximately 5:00 a.m. plaintiff was being booked at the State Police barracks in Greene County, NY for criminal mischeif and harassment.

12) At approximately 5:30 a.m. officer Eric Vanbramer enters booking area where plaintiff/arrestee is seated and handcuffed.

13) Officer Eric Vanbramer entered with a drug-sniffing K-9 dog who totally ignored plaintiff/arrestee.

14) Officer Eric Vanbramer then asks plaintiff/arrestee if he is concealing any drugs within his anus, which arrestee answered "NO".

15) Officer Eric Vanbramer and Brian Vanbramer then made a false statement and a false report stating that they found narcotics in the vehicle which arrestee was driving.

16) Proof of narcotics never materialized, but both officers told arrestee he needs to be strip searched.

17) At this time Eric Vanbramer escorted arrestee to another room where he ordered plaintiff/arrestee to strip naked, bend over and spread his buttocks.

18) After strip search no contraband was found.

19) The strip search was a Fourth Amendment violation.

a) The strip search was conducted without probable cause or reason to believe that any contraband, dangerous materials, or incriminating objects or weapons would be found. Thus making the strip search unconstitutional.

b) The Second Circuit states that felony and misdemeanor arrests, whether violent or drug related does not in itself validate an arrestees strip search. The reasonable suspicion test still stands regardless of the offense.

## Federal Theories of Recovery

20) The actions and omissions described above, engaged in under color of state authority by the defendants, deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the Plaintiff's:

a) Fourth Amendment right to be free from unlawful (strip)

## Prayer

Plaintiff requests this court to enter judgement:

A) Declaring the strip search of the plaintiff in this action unconstitutional.

B) Awarding plaintiff compensatory damages in amount of $25,000.00.

C) Awarding plaintiff punitive damages in the amount of $30,000.00 to punish defendants and deter similar conduct in the future.

D) Leave to Amend complaint

E) Leave to retain counsel if necessary.

F) All other relief that is appropriate.

---

Dated: March 4, 2014

Maxmillian Sloley
M. Sloley - Pro Se
Reg# 55501-054

MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232