# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

MAXMILLIAN SLOLEY,

                Plaintiff,

    v.

STATE OF NEW YORK, et al.,

                Defendants.

14-CV-339
(GLS/CFH)

---

### Second Order Directing Administrative Closure
### With Opportunity to Comply With Filing Fee Requirements

Plaintiff's complaint was received for filing in the Northern District of New York on March 27, 2014. Compl. (Dkt. No. 1). Plaintiff also filed a handwritten application to proceed in forma pauperis ("IFP") at that time. IFP App. (Dkt. No. 2). The application was

> defective [in that] plaintiff has submitted a handwritten IFP statement but not an Inmate Authorization Form, nor has he paid the filing fee for this action. . . . Question 4 of the IFP Application asks for the amount of money that the plaintiff has in a check or savings account. Plaintiff indicated in his IFP statement that he does not have any funds in a checking or savings account and referenced an inmate account printout as evidentiary support. However, the inmate account printout is not attached to the IFP statement. Furthermore, absent from the IFP statement is the appropriate certification.

Dkt. No. 3 at 1–2. The plaintiff was ordered to either pay the full filing fee or submit a properly completed IFP Application that has been certified by an appropriate official at his facility and a signed Inmate Authorization Form. Id. at 2–3. The case was administratively closed. Id. at 2.

Plaintiff then filed a second IFP Application dated April 14, 2014 and a signed Inmate

Authorization Form. Dkt. Nos. 5–6. In his second IFP Application, plaintiff merely filled in the caption of the case, docket number, the facility in which he is held, and signed and dated the Application. Id. As for the Inmate Authorization Form, it contains plaintiff's Federal Bureau of Prison Register number, name, and signature. Dkt. No. 6.

A civil action is commenced in federal district court by filing a complaint. Fed. R. Civ. P. 3. The statutory filing fee must also be paid at the time an action is commenced, unless the plaintiff seeks in forma pauperis ("IFP") status. See 28 U.S.C. §§ 1914(a), 1915(a). The Local Rules of Practice for the Northern District of New York require all inmates seeking IFP status to submit a completed and signed IFP Application which includes a certification by an appropriate official at their facility regarding their inmate account balance, along with a signed Inmate Authorization Form. See 28 U.S.C. § 1915(a)(1), (2); N.D.N.Y. Local Rule 5.4(b)(1)(A), (B).

Here, plaintiff has still submitted a defective IFP which is lacking sufficient information for the Court to properly rule on the application. The application is defective in that plaintiff fails to properly provide an inmate account printout to support his answer to Question 4 of the IFP Application or certification by an appropriate official at his facility of his inmate account balance.

**WHEREFORE**, based on the above, it is hereby

**ORDERED** that because this action was not properly commenced, the Clerk is directed to administratively close this action;[1] and it is further

---

[1] Plaintiff is advised that if this case is reopened as set forth herein, the timeliness of his complaint will be determined with reference to the filing date thereof. See McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996) (deeming complaint to have been constructively filed upon receipt even though the filing fee requirements had not yet been complied with); c.f. Jordan v. United States, 694 F.2d 833, 837 (D.C. Cir. 1982) (noting that when a Rule 60(b) motion is granted, "the complaint should be reinstated as of the date

**ORDERED** that if plaintiff desires to pursue this action, he must so notify the Court **WITHIN THIRTY (30) DAYS** of the filing date of this Order and **either** (1) pay the full $400.00 filing fee for civil actions **or** (2) submit a properly completed and signed IFP Application; and it is further

**ORDERED** that upon plaintiff's compliance herewith, the Clerk shall reopen this action and forward it to the Court for review; and it is further

**ORDERED** that the Clerk serve a copy of this Order on plaintiff along with a blank inmate IFP Application.

**IT IS SO ORDERED**.

Dated: April 25, 2014
       Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

---

it was originally filed."); Akobardiya v. Princess Cruise Lines, Ltd., No. 11-cv-2921, 2012 WL 3746218, at *2 (E.D.N.Y. Aug. 27, 2012) (Rule 60(b) motion granted and case reopened where statute of limitations had since expired and claims would be untimely if action was refiled); see also Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (under the prison-mailbox rule, the court deems a pro se prisoner's complaint filed on the date that the prisoner delivered the complaint to prison officials for transmittal to the court).