**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MAXMILLIAN SLOLEY,
      Plaintiff,

v.             No. 14-CV-339
              (GLS/CFH)
STATE OF NEW YORK, ERIC
VANBRAMER, individual and official
capacity; BRIAN VANBRAMER, individual
and official capacity,
      Defendants.

---

**APPEARANCES:**          **OF COUNSEL:**

MAXMILLIAN SLOLEY
Petitioner Pro Se
Green County Jail
80 Bridge Street
Catskill, New York 12414

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Maxmillian Sloley ("Sloley"). Compl. (Dkt. No. 1). Sloley has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 14.

### I. DISCUSSION

#### A. In Forma Pauperis Application

Sloley has submitted an IFP Application.[1] After reviewing the information provided

---

[1] On or about June 3, 2014, Sloley advised the Clerk by telephone of a change in his address. Text Notice dated 06/02/14. The address suggests that Sloley is no longer incarcerated. Further, Sloley indicates

therein, the Court finds that Sloley may properly proceed with this matter IFP.

## B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Sloley brings this action pursuant to 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

On April 1, 2013, Sloley was booked and processed for criminal mischief and harassment at the state police barracks in Greene County, New York. Compl. (Dkt. No. 1) at 2. Sloley asserts that defendants Eric and Brian VanBramer falsely accused him of

---

on his IFP application that he is no longer incarcerated. Dkt. No. 14. Nevertheless, Sloley is directed to file a "Notice of Change of Address" with the Court pursuant to this district's Local Rules. N.D.N.Y.L.R. 10.1(c). Failure to keep the Court apprised of a current address may result in dismissal of the case. Id.

possessing narcotics that was found in a vehicle he had driven. Id. at 3. Eric VanBramer passed Sloley with a "drug-sniffing K-9 dog," who ignored Sloley. Id. at 2. Eric VanBramer then asked Sloley if he was concealing drugs in his anus, to which Sloley replied "no." Id. Eric Vanbramer ordered Sloley "to strip naked, bend over and spread his buttocks." Id. at 3. No narcotics were found in the vehicle or on Sloley's person. Id. at 2–3. Sloley contends the strip-search had violated his Fourth Amendment rights. For a more complete statement of Sloley's claims, reference is made to the complaint.

### i. Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340–41 (1979). The Eleventh Amendment also bars a plaintiff from obtaining declaratory relief in an official capacity suit if the relief would serve only to declare a past action a violation of the law. Green v. Mansour, 474 U.S. 64, 74 (1985). Here, because Sloley seeks monetary damages and declaratory relief

against the State of New York and the individuals defendants for acts occurring within the scope of their duties, the Eleventh Amendment bar applies and serves to prohibit claims for such damages and relief against the State of New York and the individual defendants in their official capacities.

Accordingly, the State of New York should be dismissed from this action as a defendant and all claims against the individual defendants in their official capacities should also be dismissed.

### ii. Visual Body Cavity Search

Sloley's complaint currently satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), which requires plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted). Sloley's contentions that (1) while being booked for criminal mischief and harassment (2) defendants ordered him "to strip naked, bend over and spread his buttocks" (3) when a police dog walked pass Sloley without incident and (4) no narcotics were found secreted on Sloley's person or vehicle are sufficient to establish a plausible Fourth Amendment claim. See Fate v. Charles, No. 11 Civ. 6838(JPO), 2014 WL 2527234, at *5 (S.D.N.Y. June 5, 2014) (collecting cases) ("The question here is whether a police officer may force a man to hold his buttocks open and expose his anus—without any reason to suspect that he is hiding something there—when he is booked for a misdemeanor offense.") (attached to this Report-Recommendation and Order).

**WHEREFORE**, it is hereby

**ORDERED**, that Sloley's Motion to Proceed In Forma Pauperis (Dkt. No. 14) is **GRANTED**;[2] and it is further

**ORDERED**, that Sloley file a written "Notice of Change of Address" with the Court, which contains his current address, as failure to keep this information current may result in removal from the roll of the Court;[3] and it is further

**RECOMMENDED**, that all claims against the State of New York and the individual defendants in their official capacities be dismissed from this action; and it is further

**RECOMMENDED**, that the Court allow Sloley's claim alleging an unconstitutional strip and cavity search in violation of the Fourth Amendment be accepted for filing and that, upon receipt from Sloley of the documents required for service of process, the Clerk be directed to issue summonses, together with copies of Sloley's complaint, and forward them to the United States Marshal for service upon defendants, and that in addition the Clerk

---

[2] Plaintiff should note that although his in Forma Pauperis Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[3] The local rules provide, in relevant part:

> **All attorneys of record and pro se litigants must immediately notify the Court of any change of address.** Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action. The notice must identify each and every action to which the notice shall apply. In addition, the notice shall be clearly entitled, "Notice of Change of Address."
>
> . . .
>
> Failure to keep this information current will result in removal from the roll of the Court.

N.D.N.Y.L.R. 10.1(c).

respectfully be directed to forward a copy of the summons and complaint in this action, by mail, to the New York State Office of the Attorney General, together with a copy of this report and recommendation and any subsequent order issued by this Court; and it is further

**RECOMMENDED**, that Sloley be advised that all pleadings, motions and other documents related to this action must be filed with the Clerk of the United District Court, Northern District of New York, Fifth Floor, James T. Foley United States Courthouse, 445 Broadway, Room 509, Albany, New York 12207, and that any documents sent by any party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of that document was mailed to all opposing parties or their counsel, and that Sloley must promptly notify the clerk's office and all parties or counsel of any change in this address, and that his failure to do so will result in dismissal of this action.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within **FOURTEEN** days of service of this report. **FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993).

It is further **ORDERED** that a copy of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 23, 2014
Albany, New York

*Christian F. Hummel* (signature)
Christian F. Hummel
U.S. Magistrate Judge