U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

APR 0 2 2015

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAXMILLIAN SLOLEY,

                                  *Plaintiff,*

-against-

ERIC VANBRAMER and BRIAN VANBRAMER,

                                  *Defendants.*

**INTERROGATORIES AND REQUESTS FOR DOCUMENTS**

14-CV-339

GLS / CFH

---

Defendants Eric VanBramer and Bryan VanBramer (sued herein as Brian VanBramer), by their attorney, Eric T. Schneiderman, Attorney General of the State of New York (Mark G. Mitchell, Assistant Attorney General, of counsel), hereby serve the following interrogatories and document requests upon plaintiff pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure:

### General Instructions

1. These interrogatories and request for documents are to be answered with respect to the time period beginning with the earliest date that discoverable information exists.

2. Please answer these interrogatories separately and fully in writing, under oath, restating each interrogatory prior to the response.

3. In answering these interrogatories, plaintiff is to furnish all information available to him which is not subject to a valid objection.

4. If plaintiff cannot answer the interrogatories in full, after exercising due diligence to secure the information, he is to so state and answer to the extent possible, specifying his inability to

(3) If done in an official capacity, set forth the:

    (a) title or position held by the actor,

    (b) department or division in which held, and state to which particular defendant the answer pertains.

## INTERROGATORIES

S.S. ███-1609

1. Set forth the date of birth, marital status, residence, post office address, and Social Security number of plaintiff. If married, set forth the date and place of such marriage and spouse's full name.

D.O.B ███ - Single - 171 Eagle St. Albany, NY.
Mailing address - 18 Knollwood Ave, Elmsford, NY 10523

2. If plaintiff has ever been known by any other names, set forth such other names and the dates that plaintiff was so known.

AKA = Kevin

3. Set forth plaintiff's complete criminal history, including a description of any convictions and dates for each.

Robbery 3rd - 1992 / Weapon possession - 1997.
Drug Sale - 1997. Weapon Possession - 2005

4. Set forth the date and approximate time of day of each occurrence complained of in this action.

April 1st 2013 approximate 5 a.m.

5. Set forth the approximate location where each occurrence took place.

State Trooper Barracks - Cairo, NY (Greene County)

6. Set forth each and every act of omission and/or commission constituting the alleged violation of the Fourth Amendment with which the plaintiff charges defendant Eric VanBramer.

Unlawful strip search, falsifying information of finding drugs

7. Set forth each and every act of omission and/or commission constituting the alleged violation of the Fourth Amendment with which the plaintiff charges defendant Bryan VanBramer.

falsifying information of misdemeanor drug possession, and a falsified arrest report stating such.

5

was terminated from each position, for the period of five years prior to the events described in the complaint to the present. Please also provide authorizations for the release of employment records for each employer listed in response to this interrogatory.

15. State the total amount claimed, if any, as special damages for loss of earnings, further specifying the plaintiff's:

    (a) Business and/or occupation;

    (b) Name and address of employer;

    (c) Amount of wages and/or salary per day, week, or month;

    (d) Length of time plaintiff was prevented from performing said business and/or occupation, further specifying the date that plaintiff returned to work.

16. Please identify and detail any other special damages being claimed by the plaintiff as a result of the alleged Fourth Amendment violations of the defendants. *fear, paranoia, anxiety, humiliation, and fear and loss of trust for law enforcement*

17. ~~Identify each occasion plaintiff was strip searched prior to the date of the events described in the complaint. For each occasion, identify the date, location, and the individual who performed the strip search of plaintiff.~~ **N/A**

18. Identify each occasion plaintiff underwent a body cavity search prior to the date of the events described in the complaint. For each occasion, identify the date, location, and the individual who performed the body cavity search of plaintiff. **N/A**

8

March 30th, 2015

Mark G. Mitchell
Assistant Attorney General
State of New York
Office of the Attorney General
Albany, NY 12224-0341

RE: Sloley v. Vanbramer
    Northern District of New York
    14-CV-339

Dear Mr. Mitchell,

This letter is in response to your request for initial disclosures. At this time I have no unknown information or initial disclosure which is not known to defendants. Any and all information that is already known to defendants will be the same information brought forth during trial.

Thank You,
Maxmillian Sloley

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAXMILLIAN SLOLEY,

                                            *Plaintiff*,

            -against-

ERIC VANBRAMER and BRIAN VANBRAMER,

                                           *Defendants*.
_____

**COMBINED DISCOVERY DEMANDS**

14-CV-339

GLS / CFH

       Defendants Eric VanBramer and Bryan VanBramer (sued herein as Brian VanBramer), by their attorney, Eric T. Schneiderman, Attorney General of the State of New York (Mark G. Mitchell, Assistant Attorney General, of counsel), hereby serve the following discovery demands upon plaintiff pursuant to Rule 26 the Federal Rules of Civil Procedure. Please respond to these demands within 30 days of the date of this document.

### DEMAND FOR NAMES AND ADDRESSES OF ALL WITNESSES

    1.    Provide the name, address, and telephone number of each person claimed by you to be a witness to any of the following:

        (a)    the occurrences alleged in the complaint;

        (b)    any acts or conditions causing the occurrences alleged in the complaint;

        (c)    any notice of an act or condition given to defendants;

        (d)    the nature and duration of the conditions which caused the occurrences alleged in the complaint;

[Handwritten response:] I, MaxMillian Sloley, is the only plaintiff witness - 917-831-4975 18 Knollwood Ave. Elmsford, NY 10523

[Handwritten note at bottom:] Police officers present are also potential witnesses

March 30, 2015

Mark G Mitchell
Assistant Attorney General
State of New York
Office of the Attorney General
Albany, NY 12224-0341

RE: Slole v. Vanbramer
Northern District of New York
14-CV-339

This letter is a discovery demand being served upon Defendants regarding any and all interdepartmental complaints filed on defendants from any civilian claiming that wrongdoing was brought upon them by Defendants.
Also any and all civil lawsuits filed against defendants whether state or federal.

Thank You.
Maxmillian Slole
18 Knollwood ave.
Elmsford, NY 10523

March 30, 2015

Maxmillian Sloley,
    Plaintiff
v.
Eric Vanbramer,
Bryan Vanbramer,
    Defendants

Motion to Settle

14-CV-339

I, Maxmillian Sloley, Pro Se, am submitting motion as a resolution to settle.

Due to:

1. A felony arrest, whether violent, non-violent, or drug-related does not in itself render a strip search legal. Same as such for a misdemeanor. Officers should reasonably consider if suspect is concealing contraband. This reasonable suspicion "MUST" be ~~feed~~ due to specific, factual basis.
Sarnicola v. County of Westchester
Murcia v. County of Orange
Weber v. Dell - People v. Hall - Bell v. Wolfish

2. Officers allegedly claim Daphne Rollins stated that Maxmillian Sloley "MAY" be associated with drug activity is nowhere near factual, or specific to warrant a strip search.

3. Falsifying that drugs were found in car. Then drugs never legally surfacing. Then drug charges immediately dismissed. Then drugs coincidentally being destroyed.

4. Daphne Rollins has stated numerous times that she will not testify on behalf of defendants due to the fact that they made false admissions regarding her statements.

5. And to have Ms. Rollins testify would lessen the credibility and integrity of defendants.

6. A trial will be unecessarily time consuming. Especially for defendants

7. Defendants have previous constitutional violations. A trial will not benefit defendants.

If defendant party is considering a settlement I (plaintiff) is willing to negotiate, whether by letter, sit-down negotiation, or by telephone.

Thank You,
Maxmillian Sloley
18 Knollwood ave
Elmsford, NY 10523
917-834-4975





U.S. District Court Clerk
Northern District of New York
James T. Foley Courthouse
445 Broadway - Suite 509
Albany, NY 12207