UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAXMILLIAN SLOLEY,

                              *Plaintiff*,        **AFFIDAVIT OF BRYAN VANBRAMER**

-against-

                                                  14-CV-0339

ERIC VANBRAMER and BRYAN VANBRAMER,

                                                  GLS/CFH

                                            *Defendants*.

---

STATE OF NEW YORK               )
                                         ) ss.:
COUNTY OF GREENE             )

       BRYAN VANBRAMER, being duly sworn, deposes and says:

       1.     I am employed as a Trooper by the New York State Police. I make this affidavit in support of Defendants' motion for summary judgment.

       2.     In the early morning hours of April 1, 2013, I responded to a Greene County 911 dispatch about a domestic dispute in progress involving physical injury and criminal mischief at a residence in Athens, New York. I patrolled to that location and interviewed the complainant Daphne Rollins. Ms. Rollins stated that she had been in an argument with her boyfriend Maxmillian Sloley which turned into a physical altercation. Among other things, Mr. Sloley dragged her from the outside of the residence up the front stairs and into the main entrance which caused abrasions to her knees. Mr. Sloley also struck her multiple times. Mr. Sloley used a

1

baseball bat to smash the windshield of her car. He also took Ms. Rollins' cellular phone. Ms. Rollins stated that Mr. Sloley left her residence in his vehicle before the police arrived.

3. I observed that Ms. Rollins had abrasions and was upset. I also observed damage to the windshield of Ms. Rollins' vehicle. I observed one aluminum baseball bat at the scene as well as one destroyed iPhone belonging to Ms. Rollins on the ground across the street from her residence.

4. Ms. Rollins stated that Mr. Sloley may be associated with illegal drug activity and may have drugs on him. She also stated that he might be intoxicated.

5. Ms. Rollins provided a signed supporting deposition about the domestic incident involving Mr. Sloley.

6. While I was at Ms. Rollins' residence, I was advised that a deputy from the Greene County Sheriff's Office had stopped Mr. Sloley's vehicle on State Route 23 near the Rip Van Winkle Bridge. I requested that State Trooper Eric VanBramer proceed to that location.

7. Eric VanBramer advised me that his canine had a positive alert on the center console area of Mr. Sloley's vehicle. Eric VanBramer advised that he located cocaine on the driver's seat.

8. Mr. Sloley was transported to SP Catskill, a State Police station, for processing. As part of the standard procedure for processing an arrestee, I reviewed Mr. Sloley's criminal history provided by the New York State Division of Criminal Justice Services. I learned that Mr. Sloley was on federal probation at that time. His criminal history indicated that he had multiple felony convictions, some involving firearms. Mr. Sloley had convictions for possessing and selling drugs.

9. At 6:25 A.M., Eric VanBramer transferred to me the drug evidence that he recovered from Mr. Sloley's vehicle. I placed that evidence into the uniform evidence locker. I executed a General 2 Evidence Record which documented that, subsequent to a canine sniff, the evidence had been located on the driver's seat of Mr. Sloley's vehicle. The General 2 Evidence Record documented that the evidence tested positive for cocaine and also documented chain of custody for the evidence.

10. I advised Mr. Sloley that he would be charged with Criminal Mischief in the Third Degree (Penal Law § 145.05) based on his damage to Ms. Rollins' windshield and cellular phone; Criminal Possession of a Controlled Substance in the Seventh Degree (Penal Law § 220.03) based on his possession of less than one gram of crack cocaine; and Harassment in the Second Degree (Penal Law § 240.26(1)) based on his striking and dragging of Ms. Rollins. I prepared felony complaints for the criminal mischief charges as well as informations for the remaining charges.

11. Once processing was complete, Mr. Sloley was transported to Athens Town Court and arraigned on the above-referenced charges. He was remanded to Greene County Jail without bail due to his prior felony convictions.

12. Based on the circumstances discussed above, it was reasonable to suspect that Mr. Sloley was concealing drugs on his person at the time he was being processed at SP Catskill.

_____
Bryan VanBramer

Sworn to before me this
_16_ day of September, 2015

_____
Notary Public

DANIEL A. BENOIT
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BE6198656
Qualified in Greene County
My Commission Expires _12/29/16_