UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

MAXMILLIAN SLOLEY,

                                            *Plaintiff*,              14-CV-0339

               -against-                           GLS/CFH

ERIC VANBRAMER and BRYAN VANBRAMER,

                                          *Defendants*.

───────────────────────────────────────────

**STATEMENT PURSUANT TO RULE 7.1(a)(3)**

      Pursuant to Rule 7.1(a)(3) of the Local Rules of this Court, Defendants contend that as to the following material facts, no genuine issue exists:

      1.     Plaintiff's criminal history spans two decades and includes convictions for armed robbery, providing a false name, possessing drugs, selling drugs, and possessing a firearm. Exhibit A at 16-19;[1] *United States v. Sloley*, No. 03-CR-1190, 2013 U.S. Dist. LEXIS 105035, at 1 (S.D.N.Y. July 18, 2013).

      2.     In 2004, Sloley pleaded guilty to being a felon in possession of a firearm. Plaintiff was sentenced to 88 months of imprisonment and 3 years of supervised release. Exhibit A at 17-18; *United States v. Sloley*, 2013 U.S. Dist. LEXIS 105035, at 1.

---

[1] Unless otherwise indicated, citations to lettered exhibits refer to the exhibits attached to the Attorney Declaration of Mark G. Mitchell, dated September 18, 2015.

3. In 2010, while Plaintiff was on supervised release for his 2004 firearm conviction, he was arrested in the Northern District for possessing drugs. Exhibit A at 19; *United States v. Sloley*, 2013 U.S. Dist. LEXIS 105035, at 1.

4. In 2012, Plaintiff admitted that he violated the terms of his supervised release and was sentenced to a new 34-month term of supervised release. Exhibit A at 19-20; *United States v. Sloley*, 2013 U.S. Dist. LEXIS 105035, at 1-2.

5. On Monday, April 1, 2013, Plaintiff drove to the residence of Daphne Rollins in Athens, New York, arriving at approximately 2:00 A.M. Exhibit A at 36-37.

6. Plaintiff was driving a white Nissan Maxima. Exhibit A at 36.

7. Plaintiff and Daphne Rollins talked about whether Plaintiff had Percocet on him. Exhibit A at 95.

8. Plaintiff sometimes possessed Percocet—a narcotic that he used for "recreational" purposes and for which he did not have a prescription—and Daphne Rollins was aware of that practice of Plaintiff. Exhibit A at 95.

9. A physical altercation ensued that involved Plaintiff smashing the windshield of Ms. Rollins' car and damaging her cellular phone. Exhibit A at 38-42, 55-57; Exhibit B; Affidavit of Bryan VanBramer ¶¶ 2-3.

10. Plaintiff jumped into his Maxima and drove away, in the direction of the Rip Van Winkle Bridge. Exhibit A at 38-42.

11. Daphne Rollins called 911. She reported to the 911 dispatcher that Plaintiff took her cellular phone after an argument. She further stated that Plaintiff hit her, shoved her, and struck her car with a baseball bat. Exhibit B; Exhibit A at 39; Affidavit of Bryan VanBramer ¶ 2.

12. Ms. Rollins provided to the 911 dispatcher Plaintiff's name and description, stated that he was driving a white Nissan Maxima, and indicated that he left the scene. Exhibit B; Exhibit A at 39; Affidavit of Bryan VanBramer ¶ 2.

13. Defendant Bryan VanBramer, a New York State Trooper, responded to the Greene County 911 dispatch by patrolling to Ms. Rollins' address in Athens. Affidavit of Bryan VanBramer ¶¶ 1-2.

14. Ms. Rollins told Bryan VanBramer that she had been in an argument with Plaintiff which turned into a physical altercation. She stated that, among other things, Plaintiff dragged her from the outside of the residence up the front stairs and into the main entrance—causing abrasions to her knees—and also struck her multiple times. Affidavit of Bryan VanBramer ¶ 2.

15. Ms. Rollins further stated to Bryan VanBramer that Plaintiff used a baseball bat to smash the windshield of her car and also took Ms. Rollins' cellular phone. Affidavit of Bryan VanBramer ¶ 2.

16. Ms. Rollins stated to Bryan VanBramer that Plaintiff left her residence in his vehicle before the police arrived. Affidavit of Bryan VanBramer ¶ 2.

17. Ms. Rollins further stated to Bryan VanBramer that Plaintiff may be associated with illegal drug activity, may have drugs on him, and may be intoxicated. Affidavit of Bryan VanBramer ¶ 4.

18. Bryan VanBramer observed that Ms. Rollins had abrasions and was upset. Affidavit of Bryan VanBramer ¶ 3.

19. Bryan VanBramer observed damage to the windshield of Ms. Rollins' vehicle and also found one aluminum baseball bat as well as one destroyed iPhone belonging to Ms. Rollins at the scene. Affidavit of Bryan VanBramer ¶ 3.

20. Near the Rip Van Winkle Bridge, Plaintiff's vehicle was pulled over by a deputy from the Greene County Sheriff's Office. Exhibit A at 43.

21. Bryan VanBramer questioned Plaintiff about the situation involving Daphne Rollins. Exhibit A at 46-47.

22. Plaintiff told Bryan VanBramer that Ms. Rollins "smashed her own car," which Plaintiff concedes was a lie. Exhibit A at 57-58.

23. State Trooper Eric VanBramer works in the State Police's Canine Unit and also performs the other duties of a Trooper. Affidavit of Eric VanBramer ¶¶ 1-2.

24. Eric VanBramer worked with a canine named Ryder who was certified by the State Police in odor recognition of narcotics, including cocaine. Affidavit of Eric VanBramer ¶ 2.

25. Eric VanBramer had been trained at the New York State Police Academy in how to identify drugs and how to perform various field tests. Affidavit of Eric VanBramer ¶ 7.

26. Eric VanBramer was proficient in performing the NIK field test for cocaine, which is performed by placing evidence in a test kit and breaking ampoules to release liquid that interacts chemically with the evidence. If cocaine is present, the substance will turn certain colors indicating a positive test. Affidavit of Eric VanBramer ¶¶ 6-7.

27. Eric VanBramer has conducted hundreds of NIK tests in his career. Affidavit of Eric VanBramer ¶ 7.

28. Bryan VanBramer requested that Eric VanBramer go to the location near the Rip Van Winkle Bridge where Plaintiff's vehicle had been stopped. Affidavit of Bryan VanBramer ¶ 6; Affidavit of Eric VanBramer ¶ 3.

29. Bryan VanBramer advised Eric VanBramer that an individual named Maxmillian Sloley had been stopped there while fleeing in a vehicle used in a crime in Athens. Affidavit of Eric VanBramer ¶ 3.

30. Bryan VanBramer further advised Eric VanBramer that the complainant reported that Maxmillian Sloley was possibly in possession of a controlled substance. Affidavit of Eric VanBramer ¶ 3.

31. Eric VanBramer recognized the name Maxmillian Sloley as referring to an individual who was well known in the area for being involved with illegal drugs. Prior to April 1, 2013, several people had told Eric VanBramer that Maxmillian Sloley was a drug dealer. Affidavit of Eric VanBramer ¶ 4.

32. Eric VanBramer drove to the location in question and observed Plaintiff's white Nissan Maxima. Affidavit of Eric VanBramer ¶ 5.

33. When Eric VanBramer brought his canine Ryder near Plaintiff's vehicle, Ryder had a positive alert on each side and the front hood exterior, and also alerted on the center console area inside the vehicle. Affidavit of Eric VanBramer ¶ 5; Exhibit A at 79-80.

34. Eric VanBramer observed a small amount of a loose, chunky substance that looked like crack cocaine located in the crease in the driver's seat. Affidavit of Eric VanBramer ¶ 5.

35. It appeared to Eric VanBramer that the driver had been in a hurry to hide that substance while he was sitting in the driver's seat but some of it fell onto the seat. Affidavit of Eric VanBramer ¶ 5.

36. In accordance with his training, Eric VanBramer performed a NIK field test on the substance from the driver's seat. It tested positive for cocaine. Affidavit of Eric VanBramer ¶ 6.

37. Plaintiff was transported to SP Catskill, a State Police station, for processing. Exhibit A at 59-60; Affidavit of Bryan VanBramer ¶ 8.

38. Bryan VanBramer reviewed Plaintiff's criminal history provided by the New York State Division of Criminal Justice Services. That history indicated, among other things, that Plaintiff was on federal probation; that Plaintiff had multiple felony convictions, some involving firearms; and that Plaintiff had convictions for possessing and selling drugs. Affidavit of Bryan VanBramer ¶ 8; Exhibit A at 16-19, 74-75.

39. Plaintiff testified that at some point Eric VanBramer entered the police station and advised Plaintiff that drugs were found in the seat of Plaintiff's vehicle. Exhibit A at 63-64.

40. Plaintiff testified that Eric VanBramer escorted Plaintiff down a hallway to a smaller, private office. Exhibit A at 68-70.

41. Plaintiff testified that, at Eric VanBramer's direction, Plaintiff removed his own clothing and Eric VanBramer searched each item of clothing. Exhibit A at 70-72.

42. Plaintiff testified that Eric VanBramer then directed Plaintiff to lift Plaintiff's genitals, squat, and spread his buttocks. Exhibit A at 70-71.

43. Plaintiff testified that the search of his person was visual in nature; no one touched him or reached into his body cavity. Exhibit A at 71.

44.     Plaintiff testified that, during the strip search, only Eric VanBramer and Plaintiff were present in the private room where it occurred.  Exhibit A at 69.

45.     Plaintiff testified that he did not think anyone else observed the strip search. Exhibit A at 69-70, 73.

46.     Plaintiff testified that he put his clothing back on and Eric VanBramer escorted him back to the main office.  Exhibit A at 72.

47.     Plaintiff testified that Defendant Bryan VanBramer was not present for the alleged strip search.  Exhibit A at 73, 86.

48.     Bryan VanBramer advised Plaintiff that he would be charged with two counts of Criminal Mischief in the Third Degree (Penal Law § 145.05), a felony, based on his damage to Ms. Rollins' windshield and cellular phone; Criminal Possession of a Controlled Substance in the Seventh Degree (Penal Law § 220.03), a misdemeanor, based on his possession of less than one gram of crack cocaine; and Harassment in the Second Degree (Penal Law § 240.26(1)), a violation, based on his striking and dragging of Ms. Rollins.  Affidavit of Bryan VanBramer ¶ 10; Affidavit of Eric VanBramer ¶ 10; Exhibit A at 65, 73-74, 78, 80-81.

49.     Once processing was complete, Plaintiff was transported to Athens Town Court and arraigned on the following charges:  Two counts of criminal mischief in the third degree (Penal Law § 145.05), a class E felony; criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a class A misdemeanor; and harassment in the second degree (Penal Law § 240.26), a violation.  Affidavit of Bryan VanBramer ¶¶ 10-11; Exhibit A at 75-76, 80-81.

50.     Plaintiff was remanded to Greene County Jail without bail due to his prior felony convictions.  Affidavit of Bryan VanBramer ¶ 11; Exhibit A at 77-78.

51. Subsequently, Plaintiff returned to Athens Town Court and was represented by a public defender. Exhibit A at 80-82.

52. Plaintiff agreed to a plea bargain according to which he pleaded guilty to Harassment in the Second Degree in satisfaction of all charges. Exhibit A at 82.

53. In 2013, Plaintiff repeatedly travelled to a "drug-infested trailer in the Northern District." *See United States v Sloley*, 2013 U.S. Dist. LEXIS 105035, at 4; *see also* Exhibit A at 51-52.

Dated: Albany, New York
September 18, 2015

        ERIC T. SCHNEIDERMAN
        Attorney General of the State of New York
        Attorney for Defendants
        The Capitol
        Albany, New York  12224-0341

        By: *s/ Mark G. Mitchell*
        Mark G. Mitchell
        Assistant Attorney General, of Counsel
        Bar Roll No. 516818
        Telephone: 518-776-2583
        Fax: 518-915-7738 (not for service of papers)
        Email: mark.mitchell@ag.ny.gov