U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
NOV 18 2015
LAWRENCE K. BAERMAN, CLERK
ALBANY

RE: Sloley v. Vanbramer
14-CV-339

Response to Defendant's Motion for Summary Judgement of Dismissal

DATE: 11-17-15

My response to Defendant's motion is basicly requesting for a trial order to ~~dispute~~ resolve any and all disputes between both parties, or a judgement in the favor of Plaintiff for settlement.

Defendant's motion is based on only false statements, Constitutional violations and unethical conduct by Police and Defense Attorney. Defendant's motion is also based on irrelevant information that has no bearing on the incident and Defendant is using this irrelevant information as a smokescreen to take focus off of the facts of this case and try to cause focus on irrelevancy for example: Plaintiff's criminal history and/or events that took place other times in Plaintiff's life and that has no bearing on the civil situation itself.

## Defendant's irrelevant information:

- Defendant's motion is filled with my criminal history, which isn't correct nor does it have any bearing on the situation that took place April 1st, 2013, which this civil suit is pertaining to.

My correct criminal history information is that my last Felony/misdemeanor conviction is 2005. My last drug Felony/misdemeanor is 1997. And none of this has anything to do with this civil case.

- Defendant also presents a situation of me being arrested in a trailor park and/or being arrested in 2010 and being charged with drugs. Neither of this has anything to do with the civil case at hand. My last drug conviction was in 1997.

## Plaintiff's Factual Information:

The obvious reason Defendant's motion is based on false information and irrelevant information is to cause a distraction from the facts of the case which clearly shows that Defence party is at fault and is completely liable.

1. State Police made a false statement claiming that they observed drugs in the driver's seat. But supposedly they have "NO" physical evidence of such finding. Where are the drugs? Why wasn't there ever any proof of such findings?

2. State Police made a false statement that Daphne Rollins told them I possessed or was involved in drug activity. Daphne Rollins clearly stated that State Police lied and that she "Never" stated such things.

3. State Attorney Mitchell intentionally made a false statement that Daphne Rollins didn't participate in her deposition because she was scared and Attorney Mitchell refused to add that Daphne Rollins explained to him at the day on her scheduled deposition that she never said anything to Police the night of

the incident about me being involved with drugs in any manner.

4. It was Attorney Mitchell's decision to NOT take Ms. Rollins deposition because once she verified that she never stated such things to state police, that this would tarnish the credibility of Defendants and prove they were at fault.

5. Ms. Rollins submitted a signed and notarized Affidavit of facts of case known to her. Ms. Rollins is also willing to partake in a deposition and testify in open court for the record of facts.

6. I submitted my deposition. Ms. Rollins is willing to submit a deposition and testify in open court. Why aren't the State Police submitting a deposition? What do they have to hide? Obviously they know they are at fault and they are using false statements and false accusations. Either a summary

7. Judgement in the favor of Plaintiff's request for damages is suitable. Or a trial order should be set to resolve the issues of facts from both parties.

8. "Attached in this Motion is Daphne Rollins' signed and Notarized Affidavit."

Sloley v. Vanbramer
14-CV-339

11-17-15

Maxmillian Sloley,
Pro Se,

2508 US Route 9W
Ravena, NY 12143
Apt. 9L
917-834-4975

Re: Sibley v. Vanbramer

To: United States Court of the Northern District of New York

From: Daphne Rollins

This is in regard to my involvement in the civil case currently pending. (Sibley v. Vanbramer 14-CV-339)

After reading motions filed by State Attorney Mark Mitchell, I have become fully aware of false accusations and false statements that were made by Eric and Brian Vanbramer, and by State attorney Mark Mitchell as well.

First and foremost the State police blatantly lied and said that I told them that Mr. Sibley possessed, or possibly possessed, or was in anyway connected to drug activity. I never said any of those things or anything remotely close to those things on that night of our incident that took place on April 1st, 2012. I also made this clear to Mr. Mitchell on the day that I was scheduled to take my deposition.

Secondly, State Attorney Mark Mitchell intentionally compiled false information in his motions. Even after being fully aware of the truth, he chose to disregard the truth and submit a motion full of lies. Mr. Mitchell lied and said that I told him I was scared of Mr. Sibley to the point that I was scared to testify. I never told Mr. Mitchell such things.

Mr. Mitchell also said that I have had numerous restraining orders against Mr. Sloley. That is also another lie. That never happened nor did I say such statements.

As a matter of fact, it was Mr. Mitchell who decided I didn't need to testify. He specifically asked me about the incident that took place on April 1st 2013 between myself and Mr. Sloley. All he said he needed to know was is I told the police that Mr. Sloley had or was in connection with illegal drugs, to which I answered "No I have no knowledge of Mr. Sloley being involved with drugs period". After that Mr. Mitchell told me that I was not needed since that was all the information he needed from me.

Honestly, I am appalled to see that a State Attorney would intentionally lie and say that I said things that I did not say. I feel that is very unethical and unfair. Not only by a legal stand point but also a moral standpoint.

That being said, I am respectfully requesting that the court allow me to testify on the record in open court and a deposition. That way I can willingly give my truthful testimony pertaining to the facts of my statements.

Thank you for your time.

Daphne Rollins

STATE OF NEW YORK )
                  ) SS.:
COUNTY OF Columbia)

On this 4th day of November in the year 20 15 before me personally came Daphne L. Rollins to me known to be the person described in and who executed the foregoing instrument, and acknowledged to me that (s)he executed the same.

Tricia Mayo
NOTARY PUBLIC

Tricia Mayo
01MA6322817
Notary Public, State of New York
Qualified in Columbia County
My commission expires APRIL 13th, 20 19