UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAXMILLIAN SLOLEY,

           *Plaintiff*,

   -against-           14-CV-0339

ERIC VANBRAMER and BRYAN VANBRAMER;   GLS/CFH

          *Defendants*.

---

## REPLY MEMORANDUM OF LAW

         ERIC T. SCHNEIDERMAN
         Attorney General of the State of New York
         Attorney for Defendants
         The Capitol
         Albany, New York  12224-0341

Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone:  518-776-2583
Fax:  518-915-7738 (Not for service of papers)    Date:  November 25, 2015

**Table of Contents**

**PRELIMINARY STATEMENT** ................................................................................................ 1

    1.    **Plaintiff failed to respond to the Defendants' Statement of Material Facts** ................................................................................................................ 1

    2.    **The "affidavit" of Daphne Rollins should be struck** ......................................... 3

    3.    **Plaintiff failed to set forth specific facts showing that there is an issue for trial** ................................................................................................................ 3

    4.    **Plaintiff's request for an additional deposition should be denied** .................... 4

    5.    **Plaintiff's request for judgment in his favor should be denied** ........................ 5

**PRELIMINARY STATEMENT**

Defendants Eric VanBramer and Bryan VanBramer (collectively "Defendants") respectfully submit this memorandum of law in reply to Plaintiff's response papers filed on November 18, 2015. Dkt. No. 46. For the reasons set forth in Defendants' principal memorandum of law, Defendants request an order granting their motion for summary judgment dismissing Plaintiff's Complaint in its entirety and with prejudice. Dkt. No. 41. In his response, Plaintiff failed to respond to the Defendants' Statement of Material Facts. Accordingly, Defendants' Statement of Material Facts should be accepted as true. Also, Defendants request that the Court grant their motion to strike the purported affidavit of Daphne Rollins. Finally, Defendants submit that Plaintiff's requests for an additional deposition and summary judgment in his favor should be denied.

1. **PLAINTIFF FAILED TO RESPOND TO THE DEFENDANTS' STATEMENT OF MATERIAL FACTS**

In accordance with Rule 7.1(a)(3) of this Court's Local Rules of Practice, Defendants submitted a Statement of Material Facts in support of their motion for summary judgment. Dkt. No. 41-6. The Local Rules provide that

> The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. <u>The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert</u>. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute in separately numbered paragraphs, followed by a specific citation to the record where the fact is established.

L.R. 7.1(a)(3) (emphasis in original). In addition, the Civil Docket for this action indicates that the Clerk mailed to Plaintiff a copy of the "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion." Dkt. No. 43. That Notification informed Plaintiff

1

that he was required to submit, among other papers, a "**response to the defendants' statement of material facts** that admits and/or denies each of the defendants' assertions in matching numbered paragraphs, and that supports each denial with citations to record evidence." Notification (Dkt. No. 43) (internal footnotes omitted) (emphasis in original). That Notification further advised: "**WARNING**: If you do not submit a proper response to the defendants' statement of material facts, **the Court may deem you to have admitted the defendants' factual statements**." *Id.* (emphasis in original).

"The responding Statement of Material Facts is not a mere formality, and the courts apply this rule strictly." *Alzawahra v. Albany Med. Ctr.*, No. 11-CV-227, 2012 U.S. Dist. LEXIS 156517, at 5 (N.D.N.Y Oct. 31, 2012) (McAvoy, J.), *aff'd*, 546 Fed. App'x 53, 54 (2d Cir. 2013); *see also N.Y. State Teamsters Conf. Pension & Ret. Fund v. Express Servs.*, 426 F.3d 640, 648 (2d Cir. 2005). A pro se plaintiff is not excused from following the procedural formalities of summary judgment, including the obligation to respond to the Statement of Material Facts in accordance with Local Rule 7.1(a)(3). *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295-296 (N.D.N.Y. 2003) (Sharpe, J.).

Here, Plaintiff failed to file a response to Defendants' Statement of Material Facts that admits or denies Defendants' statements in matching numbered paragraphs with Plaintiff's denials supported by specific citations to the record. *See* L.R. 7.1(a)(3). Accordingly, Defendants' Statement of Material Facts should be accepted as true and their motion for summary judgment should be granted. *See Govan*, 289 F. Supp. 2d at 295-296; *Osier v. Broome Cty.*, 47 F. Supp. 2d 311, 317 (N.D.N.Y. 1999).

### 2. THE "AFFIDAVIT" OF DAPHNE ROLLINS SHOULD BE STRUCK

As discussed in Defendants' motion papers, Plaintiff pleaded guilty to Harassment in the Second Degree in connection with a domestic violence incident involving Daphne Rollins (Exhibit A to Attorney Declaration of Mark G. Mitchell at 65, 73-74, 78, 80-82).  Attached as **Exhibit 1** is a copy of the transcription of the deposition of non-party witness Daphne Rollins.  As discussed in the transcription, Defendants withdrew their request to examine Ms. Rollins because she stated that she was afraid of Plaintiff.  Exhibit 1 at 3.  In response, Plaintiff conceded that Ms. Rollins had had at least one restraining order against him.  Exhibit 1 at 4.

Defendants submit that it is improper for a witness to avoid a deposition by expressing fear of a party and then submit an affidavit on behalf of that party in opposition to a motion for summary judgment.  Accordingly, Defendants request that this Court grant Defendants' motion to strike the "affidavit" of Daphne Rollins.

### 3. PLAINTIFF FAILED TO SET FORTH SPECIFIC FACTS SHOWING THAT THERE IS AN ISSUE FOR TRIAL

In their papers submitted in support of their motion for summary judgment, Defendants established several facts supporting a reasonable suspicion that Plaintiff was concealing drugs or weapons on his person underneath his clothing.  In particular, Eric VanBramer's canine, who was trained to identify illicit substances, reacted positively to Plaintiff's vehicle.  Upon inspection, Eric VanBramer found a small amount of a loose, chunky substance on the driver's seat where Plaintiff had been seated at the time he was stopped.  Eric VanBramer conducted a NIK field test on the substance which was positive for cocaine.  *See Elk v. Townson*, 839 F. Supp. 1047 (S.D.N.Y. 1993).

In opposition, Plaintiff failed to "set forth specific facts showing that there is a genuine issue for trial."  *Globalnet Fin..com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 382 (2d Cir.

2006) (internal quotation marks omitted).  Plaintiff "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).  Plaintiff's "'bald assertion,'" that the police lied about finding drugs in his vehicle "is not sufficient to overcome [Defendants'] motion for summary judgment.'" *Patterson v. Labella*, No. 6:12-CV-1572, 2014 U.S. Dist. LEXIS 137616, at 17 (N.D.N.Y Sept. 30, 2014) (D'Agostino, J.) (quoting *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995)).  Also, even if a dispute exists as to what Daphne Rollins said to the police, the officers were confronted with other facts and circumstances that raised a reasonable suspicion.  In addition, Plaintiff failed to raise an issue of fact as to qualified immunity.  Accordingly, Defendants' motion for summary judgment should be granted.

4. **PLAINTIFF'S REQUEST FOR AN ADDITIONAL DEPOSITION SHOULD BE DENIED**

In his response, Plaintiff suggests that he would like to take the deposition of Daphne Rollins.  However, by Order of United States Magistrate Judge Christian F. Hummel, all discovery in this action was to be completed by July 17, 2015.  Text Order (Dkt No. 40). Plaintiff has not put forward an adequate basis for reopening discovery now, more than four months after the discovery deadline and more than two months after Defendants moved for summary judgment.

"[T]he opponent of a summary judgment motion who seeks additional discovery must file an affidavit explaining (1) the information sought and how it is to be obtained; (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant has made to obtain the information; and (4) why those efforts were unsuccessful." *Alzawahra*, 546 Fed. App'x at 55 (citing Fed. R. Civ. P. 56(f)).  Plaintiff has not met those requirements.

4

5. **PLAINTIFF'S REQUEST FOR JUDGMENT IN HIS FAVOR SHOULD BE DENIED**

In his response, Plaintiff requests "Judgment in the favor of Plaintiffs …." Dkt. No. 46, ¶ 7. To the extent that Plaintiff moves for summary judgment, his motion should be denied. Plaintiff's motion is untimely in that his papers were served approximately two months after the dispositive motion deadline of September 18, 2015. Dkt. No. 40. In addition, Plaintiff failed to file the required papers in support of a motion for summary judgment, including a memorandum of law and a statement of material facts. *See* L.R. 7.1(a). Finally, Plaintiff failed to prove facts establishing his entitlement to judgment as a matter of law.

Dated: Albany, New York
November 25, 2015

                                            ERIC T. SCHNEIDERMAN
                                            Attorney General of the State of New York
                                            Attorney for Defendants
                                            The Capitol
                                            Albany, New York  12224-0341

                                            By: *s/ Mark G. Mitchell*
                                            Mark G. Mitchell
                                            Assistant Attorney General, of Counsel
                                            Bar Roll No. 516818
                                            Telephone: 518-776-2583
                                            Fax: 518-915-7738 (Not for service of papers)
                                            Email: mark.mitchell@ag.ny.gov

TO:    Maxmillian Sloley
          Plaintiff *pro se*
          2508 US Route 9W
          Apt. 9L
          Ravena, New York  12143

5