UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAXMILLIAN SLOEY,

                                                                1:14-cv-339

                  Plaintiff,                       (GLS/CFH)

                      v.

ERIC VANBRAMER et al.,

                  Defendants.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Maxmillian Sloley
Pro Se
18 Knollwood Ave.
Elmsford, NY 10523

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN     STEPHEN M. KERWIN
New York State Attorney General     Assistant Attorney General
Litigation Bureau
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* Maxmillian Sloley commenced this action pursuant to

42 U.S.C. § 1983 against defendants Eric VanBramer and Brian

VanBramer alleging violations of his Fourth Amendment rights. (Compl., Dkt. No. 1.) Pending is defendants' motion for summary judgment. (Dkt. No. 41.) For the reasons that follow, the motion is granted.

## II. **Background**[1]

On April 1, 2013, State Trooper Bryan VanBramer responded to a 911 call concerning a domestic dispute at the home of Daphne Rollins. (Defs.' Statement of Material Facts (SMF) ¶¶ 5, 11-13.) Rollins reported that Sloley, who apparently was her boyfriend at the time, had struck her, smashed the windshield of her car with a baseball bat, and took her cell phone. (*Id.* ¶¶ 14-15; Dkt. No. 41, Attach. 2 at 36-37.) Before police arrived, Sloley fled the scene in a white Nissan Maxima. (Defs.' SMF ¶¶ 12, 16.) According to defendants, Rollins also informed B. VanBramer that Sloley may have drugs on him. (*Id.* ¶ 17.) Sloley disputes this.[2] (Dkt.

---

[1] In response to defendants' statement of material facts, (Dkt. No. 46), Sloley failed to comply with this District's Local Rules. Local Rule 7.1(a)(3) provides that, in a response to a statement of material facts, "[t]he non-movant's response shall mirror the movant's [s]tatement of [m]aterial [f]acts by admitting and/or denying each of the movant's assertions . . . . Each denial shall set forth a specific citation to the record where the factual issue arises." Pursuant to Local Rule 7.1(a)(3), the court deems admitted defendants' statement of material facts, which are properly supported. However, in an abundance of caution and considering Sloley's *pro se* status, the court also admits properly supported facts raised in Sloley's response.

[2] Defendants asks this court to strike the supporting affidavit of Daphne Rollins attached to Sloley's response. (Dkt. No. 46 at 6.) Defendants fail to supply any legal authority supporting their request and, thus, their request is denied.

2

No. 46 at 6.)

Shortly after, Sloley was pulled over by local police who escorted him in their patrol vehicle to Rollins' home for questioning by B. VanBramer. (Defs.' SMF ¶¶ 20-21; Dkt. No. 41, Attach. 2 at 43-44.) At some point, B. VanBramer directed State Trooper Eric VanBramer, a member of the canine unit, to Sloley's vehicle and notified him that Sloley had been stopped while fleeing from a crime and may have been in possession of illegal drugs. (Defs.' SMF ¶¶ 29-31.) E. VanBramer recognized Sloley's name as a well known drug dealer in the area and had previously been informed by others of the same. (*Id.* ¶ 31.)

E. VanBramer arrived at Sloley's car and approached it with a police trained canine who positively alerted at the various locations on the vehicle. (*Id.* ¶¶ 32-33.) E. VanBramer observed a small quantity of a loose, chunky substance appearing to be crack cocaine in the crease of the driver's seat. (*Id.* ¶ 34.) A field test revealed that the substance was indeed cocaine. (*Id.* ¶ 36.) Based on his experience, E. VanBramer reasoned that some of the drugs had fallen out while Sloley quickly tried to hide them when he was pulled over. (*Id.* ¶ 35.) E. VanBramer informed B. VanBramer that drugs were found in Sloley's car. (Dkt. No. 41, Attach. 4

3

¶ 7.)

After being questioned at Rollins' home, Sloley was transported to the police station. (Defs.' SMF ¶ 37.) The parties do not dispute that Sloley was arrested at this point. (*Id.*; Compl. ¶¶ 11-12; Dkt. No. 41, Attach. 2 at 60-62.) B. VanBramer processed Sloley and reviewed his criminal history, which revealed that he was on federal supervised release and was previously convicted of multiple felonies as well as crimes for drug possession and sales. (Defs.' SMF ¶ 38.)

E. VanBramer then returned to the station, told Sloley that drugs were found in his car, and escorted him to a private office for a visual strip search. (*Id.* ¶¶ 39-43.) E. VanBramer, who was the only officer present, directed Sloley to remove his clothing and to lift his genitals, squat, and spread his buttocks. (*Id.* ¶¶ 41-42, 44-45, 47.) Sloley was not touched by E. VanBramer during this search and ultimately no drugs or contraband were found. (*Id.* ¶ 43; Dkt. No. 41, Attach. 2 at 72.)

Sloley was then charged and later arraigned on two felony counts of criminal mischief in the third degree, one misdemeanor count of criminal possession of a controlled substance in the seventh degree, and one count of harassment in the second degree, a violation. (Defs.'s SMF ¶¶ 48-49.)

4

He was remanded because of his prior felony convictions and later pleaded guilty to harassment in the second degree in satisfaction of all charges. (*Id.* ¶¶ 50, 52.)

Sloley commenced this civil rights action alleging that the strip search violated his Fourth Amendment rights. (Compl.) Defendants subsequently filed the now-pending motion for summary judgment. (Dkt. No. 41.)

### III. Standard of Review

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

### IV. Discussion

**A. Personal Involvement**

Defendants argue that State Trooper B. VanBramer should be dismissed from the lawsuit because he took no part in the strip search. (Dkt. No. 41, Attach. 7 at 9.) To be liable for a section 1983 claim, "a plaintiff must establish a given defendant's personal involvement in the claimed violation." *Patterson v. Cty. of Oneida*, 375 F.3d 206, 229 (2d Cir.

5

2004). Here, where Sloley only alleges a constitutional violation based on the defendants' direct involvement and it is undisputed that B. VanBramer was not present for nor ordered the strip search, he lacks personal involvement sufficient for liability. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Accordingly, he is entitled to summary judgment.

B.  **Strip Search**

Defendants note that Sloley only contests the constitutionality of the strip search and argue that the search passes constitutional muster. (Dkt. No. 41, Attach. 7 at 10-15.) Specifically, defendants assert that the strip search was supported by reasonable suspicion that Sloley was secreting drugs on his person.[3] (*Id.*)

The Fourth Amendment protects individuals from unreasonable searches by the government. *See* U.S. Const. amend IV. A search of a person is presumptively unreasonable if conducted without a warrant. *See*

---

[3] The Supreme Court in *Florence v. Board of Chosen Freeholders of County of Burlington*, 132 S. Ct. 1510, 1520-21 (2012), held that corrections officers may perform visual body cavity searches on new detainees, regardless of the level of the offense charged, admitted to the general prison population without reasonable suspicion. Defendants acknowledge, but do not advocate, that some district courts in this circuit have extended *Florence*'s holding to strip searches in police stations. (Dkt. No. 41, Attach. 7 at 11 n. 4); *see Paulin v. Figlia*, 916 F. Supp. 2d 524, 533 (S.D.N.Y. 2013); *but see Fate v. Charles*, 24 F. Supp. 3d 337, 344-52 (S.D.N.Y. 2014). Absent direction from the Second Circuit, the court assumes without deciding that *Florence* does not apply to this case.

*Katz v. United States*, 389 U.S. 347, 357 (1967). Warrantless searches are constitutionally justified, however, if they fall under an exception to the warrant requirement. *See id.*

The leading Second Circuit case on warrantless strip searches of arrestees at police stations analyzed those searches under the incident to arrest exception. *See Hartline v. Gallo*, 546 F.3d 95, 101 (2d Cir. 2008). Indeed, here, defendants appear to only contend that E. VanBramer searched Sloley to discover evidence and, thus, other exceptions to the warrant requirement, such as a special needs exception, do not apply. *Cf. Reinhart v. City of Schenectady Police Dep't*, 599 F. Supp. 2d 323, 333-35 (N.D.N.Y. 2009). To pass constitutional muster, a warrantless strip search must be supported by individualized "reasonable suspicion that [a misdemeanor] arrestee is concealing weapons or other contraband based on the crime charge, the particular characteristics of the arrestee, and/or the circumstances of the arrest."[4] *Hartline*, 546 F.3d at 100 (internal

---

[4] Defendants do not assert that a less demanding standard should apply because Sloley was also arrested for a felony. In an abundance of caution, however, the court applies the same standard to Sloley's felony arrest. *See, e.g.*, *Sarnicola v. Cty. of Westchester*, 229 F. Supp. 2d 259, 270 (S.D.N.Y. 2002) (noting that the Second Circuit has not directly spoken to the test for strip searches of felony arrestees but held that the same particularized reasonable suspicion standard should apply); *see also Gonzalez v. City of Schenectady*, 728 F.3d 149, 161-62, 164 (2d Cir. 2013) (holding that qualified immunity applied to an officer who strip searched a felony arrestee without reasonable suspicion because the law was not clearly

7

quotation marks and citation omitted); *see Weber v. Dell*, 804 F.2d 796, 802 (2d Cir. 1986). Courts evaluate reasonable suspicion under the totality of the circumstances and allow officers "to draw on their own experience and specialized training to mark inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks and citation omitted). "A reasonable suspicion is more than a hunch, but less than probable cause, and considerably less than a preponderance of the evidence." *United States v. DeLouya*, No. 1:04CR588, 2005 WL 3244173, at *14 (N.D.N.Y. Nov. 30, 2005) (citing *Arvizu*, 534 U.S. at 274).

The facts here support a finding of reasonable suspicion even discounting Rollins' statement to the police, which as noted above, *see* Part II *supra*, is in dispute. Before the search, the police recovered drugs from the driver's seat of Sloley's car. (Defs.' SMF ¶ 36.) E. VanBramer inferred from the manner that the drugs were found that Sloley hurriedly attempted to hide them on his body as he was pulled over by the police. (*Id.* ¶ 35.) The police were also aware that Sloley was a drug dealer. (*Id.* ¶

---

established); *People v. Hall*, 10 N.Y.3d 303 (2008).

31.) Finally, the police knew that Sloley had past convictions for possession and sale of drugs. (*Id.* ¶ 38.) In total, these facts support the conclusion that there was reasonable suspicion that Sloley was concealing contraband on his person.

Additionally, the manner that the search was performed was reasonable. Sloley was escorted to a private room in the station with one other officer. (*Id.* ¶¶ 40, 44-45, 47.) He removed his own clothing and the officer did not touch or reach inside his body cavities. (*Id.* ¶¶ 41, 43.) Accordingly, based on these facts, the search was constitutional.

C.  **Qualified Immunity**

Defendants also contend that even if E. VanBramer violated Sloley's Fourth Amendment rights, he is entitled to qualified immunity. (Dkt. No. 41, Attach. 7 at 15-18.) The court agrees.

Officers are entitled to qualified immunity if their conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). More specifically, an officer receives qualified immunity if it was "objectively reasonable" for him to believe that his conduct was constitutional. *See Higazy v. Templeton*, 505 F.3d 161, 169-70 (2d Cir.

2007).  An officer is objectively reasonable if "officers of reasonable competence could disagree on [the legality of the defendant's actions]." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The court finds that even if Sloley's Fourth Amendment rights were violated, E. VanBramer is entitled to qualified immunity.  As detailed above, the court cannot say that the facts of this case demonstrate that "it is clearly established that no 'reasonable suspicion' justified a strip-search." *Wachtler v. Cty. of Herkimer*, 35 F.3d 77, 81 (2d Cir. 1994).  Indeed, here, Sloley exhibited some factors that *Hartline* deemed relevant to determine the reasonableness of the search including "computerized information showing pertinent criminal propensities" and "discovery of incriminating matter during routine searches."  *Hartline*, 546 F.3d at 101 (citing *United States v. Asbury*, 586 F.2d 973, 976-77 (2d Cir. 1978)); *see Easton v. City of New York*, No. 05-CV-1873, 2009 WL 1767725, at *4 (E.D.N.Y. June 23, 2009).  Accordingly, because "[t]here are so many permutations of fact that bear upon the constitutional issues of a search," *Gonzalez*, 728 F.3d at 162, it cannot be said that no reasonable officer in E. VanBramer's position would have determined there was no reasonable suspicion for the strip search.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 41) is **GRANTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED**

November 8, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge