**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

Maxmillian Sloley,

                       Plaintiff

                - v -                Civ. No. 1:14-CV-339
                                      (CFH)

Eric VanBramer

                       Defendant.

| **APPEARANCES:** | **OF COUNSEL:** |
| --- | --- |
| Cohen & Green, P.L.L.C. | Remy Green, Esq. |
| 1639 Centre Street, Suite 216 | |
| Ridgewood, NY 11385 | |
| 929-888-9480 | |
| **Counsel for Plaintiff** | |
| | |
| New York State Attorney General- | Mark G. Mitchell, AAG |
| Albany Litigation Unit | |
| The Capitol | |
| Albany, NY 12224 | |
| **Counsel for Defendant** | |

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## TRIAL ORDER

      Since all relevant Uniform Pretrial Scheduling Order deadlines have expired in the above captioned case, the case is hereby designated "trial ready."  The attorneys and parties in this action **shall appear** at Courtroom No. 3,  445 Broadway, Albany, New York, Fourth Floor, for trial beginning promptly at **9:00 a.m. on Monday, August 29ᵗʰ , 2022.**

### Pretrial Submissions

      Pursuant to the terms of this Trial Order, all pretrial submissions **shall** be electronically

filed and served no later than **August 12th, 2022**. To the extent that the requirements of this Trial Order and Attachments are inconsistent with any prior Uniform Pretrial Scheduling Order, this Trial Order and Attachments control.  The parties are advised that, should this action be postponed, settled, or otherwise disposed of in advance of the actual trial, in accordance with Local Rule 47.3, except upon good cause shown, "all juror costs, including marshal's fees, mileage and per diem, shall be assessed against the parties and/or their attorneys as the Court directs **unless the parties or their attorneys notify the Court and the Clerk's office at least one full business day prior to the day on which the action is scheduled for trial, so that the Clerk has time to advise the jurors that it shall not be necessary for them to attend**." N.D.N.Y.L.R. 47.3 (emphasis added).

Unless otherwise noted, all parties shall electronically file and serve all pretrial submissions in accordance with General Order 22, ¶ 5.  **<u>Furthermore, a courtesy hard copy of all pretrial submissions shall be sent directly to Judge Hummel's Chambers.</u>**

The following pretrial submissions **shall** be filed in accordance with this Order:

**A.**     **<u>Joint Pretrial Stipulation</u>**

**(1)**  No later than **August 12th, 2022** , a joint pretrial stipulation shall be subscribed by counsel for all parties and shall contain:

> **(a)**     The basis for federal jurisdiction;
>
> **(b)**     A list of all Exhibits which can be stipulated into evidence or which will be offered without objection as to foundation; and
>
> **(c)**     Relevant (i) facts not in dispute; (ii) facts in dispute; and (iii) issues of law to be considered and applied by the Court.

The Court will only accept one stipulation, which must be signed by the attorneys for all parties.

**B.**     **<u>Court Ordered Voir Dire</u>**

**(1)**  See Attachment # 1

**C.**     **<u>Proposed Voir Dire</u>**

**(1)**   No later than **August 12ᵗʰ, 2022** , each party shall submit a numbered list of questions which the Court, in the exercise of discretion, may use during jury selection.

**D.**   **Witnesses**

**(1)**   No later than **August 12ᵗʰ, 2022** , counsel shall file a witness list containing the following information regarding the witnesses that may be called to testify at trial other than solely for impeachment purposes:

> **(a)**   The name and, if not previously provided, the address (city only) and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, as well as a brief summary of the testimony to be offered by each witness.

> **Note:   Personal Privacy Protections may apply to disclosure of this information.** *See* **N.D.N.Y.L.R. 8.1; General Order 22, ¶¶ 11.2 & 12.2.  In such instances, the parties are directed to notify Chambers and request permission to file such pretrial submission traditionally.**

> **(b)**   The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

**(2)**   The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance.  In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial date by written or video-taped deposition for possible use at trial.  *See* Attachment # 2 (Instruction Sheet for the use of Video-Taped Depositions).

**E.**   **Exhibits**

**(1)**   All Exhibits shall be marked for identification in the manner prescribed hereinafter.

**(2)**   The Exhibits shall have been inspected by the opposing party and copied at their

expense (unless waived).  All documents and/or papers intended as Exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be assembled in **TWO BINDERS** with each document properly marked at the lower right corner for identification purposes as directed below. One binder will be the original for the Jury and the second binder will be for the Court. A complete set of copies of the Exhibits shall be submitted to Judge Hummel's Chambers no later than **August 12th, 2022.**

**(3)** In voluminous cases, consult with Judge Hummel's Courtroom Deputy Clerk for the proper procedure to follow.

**(4)**  During the course of trial, the Courtroom Deputy Clerk shall take charge of Exhibits which are underlined received into evidence.  At the conclusion of the trial, the Courtroom Deputy Clerk will immediately return all of the Exhibits to the proper parties.  It is the responsibility of the parties to maintain the Exhibits and to produce the Exhibits for any appeal.

**(5)**  No later than **August 12th, 2022** , counsel shall electronically file and serve an Exhibit List.  The Exhibits shall be listed on the form prescribed by the Court. *See* Attachment # 3.  Counsel are to supply all the requested information with the exception of the two "Date" boxes, which should remain blank.

**(6)**  Counsel shall fill in the appropriate markers leaving the "Date Entered" and "Deputy Clerk" lines blank.  All Exhibits shall be assigned numbers by using a prefix of "P" for Plaintiff, "D" for Defendant, and "G" for Government (U.S. Attorney).

Plaintiff's Exhibits should be denoted as: P-1, P-2, P-3, etc.  Defendant's Exhibits should be denoted as: D-1, D-2, D-3, etc.  Government's Exhibits should be denoted as: G-1, G-2, G-3, etc.  In cases involving multiple Defendants, the Exhibits shall be denoted with the initial of the last name of the Defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the Exhibit. If the Exhibit marker is going to cover any information on the Exhibit, then affix the marker to the reverse side of the Exhibit.

**F.**     **Trial Brief**

**(1)** No later than **August 12th, 2022** , counsel shall electronically file and serve a Trial Brief containing a brief overview of the parties' claims as well as argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law. Trial Briefs should also identify any evidentiary issues that are expected to arise. However, requests for exclusions or limits on presented evidence shall be filed by separate motion as noted below.

**G.**     **Requests to Charge and Proposed Special Verdict Form**

**(1)** No later than **August 12th, 2022** , counsel shall electronically file and serve a Request to Charge and a Proposed Verdict Questionnaire. The Request to Charge need only include instructions that are specific to the law in this case regarding liability, damages, and any unusual issues. The Court has the usual boilerplate charge.

**H.**     **Motions *In Limine***

**(1)** No later than **August 12th, 2022** , counsel shall electronically file and serve any motions *in limine*, citing the applicable rules of evidence and case law. Opposing counsel shall file any response to a motion *in limine* no later than **August 22nd** **MOTIONS *IN LIMINE* MAY NOT OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT**. A motion *in limine* shall be filed apart from the other pretrial submissions and should **not** be included in a party's trial brief.

**I.**     **Depositions**

**(1)** No later than **August 12th , 2022** , counsel shall electronically file all non-video taped depositions to be used at trial. Counsel shall traditionally file all video-taped depositions to be used at trial. To the extent possible, objections are to be resolved between the parties. Areas of unresolved disagreement shall be presented to the Court

for ruling at the beginning of trial.  *See* Attachment # 2.

**J.**    **Courtroom Technology**

**(1)** If the parties intend to utilize the courtroom equipment at the time of trial, counsel are directed to contact the Courtroom Deputy Clerk **prior** to the trial date to make arrangements for training and testing such equipment.  Please keep in mind that the Court does not provide a person to run the equipment during trial.  If needed, the Court can make the following equipment available: VHS/DVD combination unit, visual evidence presenter, and interpreter/hearing impaired headsets.

**(2)** All non-proprietary DVDs (*i.e.*, .avi, .mp3, .mp4, and .wmv) should be compatible with the Court's DVD player and **prior** to the trial date, counsel must confirm such compatibility for use at the time of trial.  If any portion of the DVD/VHS tape should be redacted, it is the responsibility of counsel to provide a redacted copy for use at trial.

**(3)** Additional courtroom technology information may be obtained on the Court's webpage: http://www.nynd.uscourts.gov/courtroom-technology.

**K.**    **Pretrial Conference**

A Pretrial Conference may be held to address all unresolved issues and objections.  Judge Hummel's Courtroom Deputy Clerk will notify the parties of the Pretrial Conference.

**SO ORDERED**

Date:  July 5ᵗʰ , 2022
       Albany, New York

Christian F. Hummel

U.S. Magistrate Judge

## **ATTACHMENT # 1**

COURT ORDERED VOIR DIRE
TO BE USED BY THE JUDGE AT TRIAL

CASE TITLE:
CIVIL ACTION NO.:
ASSIGNED JUDGE OR MAGISTRATE JUDGE:

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court fourteen calendar days in advance of the trial ready date.

NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:

(use additional page if necessary)

YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL:

(use additional page if necessary)

SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION:

(use additional page if necessary)

*-1-*

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED:

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREAS OF EXPERTISE:

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF ACTION IN THE COMPLAINT:

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY COUNTERCLAIMS RAISED IN THE ANSWER:

(use additional page if necessary)

---------------------------------

PLEASE TAKE NOTICE that any delay in jury selection occasioned by the failure to provide this information will be explained to the jury as to the extent of the delay and the attorney causing same and if the delay causes a one (1) day or more postponement of this trial, appropriate monetary sanctions will be imposed by the Court.

Submitted by:
Date:

## ATTACHMENT # 2

### INSTRUCTIONS FOR THE USE OF VIDEO-TAPED DEPOSITIONS

COUNSEL ARE TO VIEW ALL VIDEOTAPES WHICH MAY BE OFFERED INTO EVIDENCE AT THE TIME OF TRIAL. ALL VIDEO-TAPED DEPOSITIONS TO BE USED AT TRIAL SHALL BE FILED WITH THE CLERK'S OFFICE AT LEAST FOURTEEN CALENDAR DAYS BEFORE THE TRIAL DATE.  NOT EARLIER THAN TWO WEEKS AND NOT LESS THAN ONE WEEK PRIOR TO THE TRIAL DATE, EACH PARTY SHALL INDICATE TO THE OTHER PARTY THE PORTION OF THE DEPOSITION TO BE OFFERED.  TO THE EXTENT POSSIBLE, OBJECTIONS ARE TO BE RESOLVED BETWEEN THE PARTIES.   COUNSEL SHALL SUBMIT ALL OBJECTIONS IN WRITING TO THE COURT FOR RULING ON THE DATE OF TRIAL.

THE CLERKS OFFICE HAS AVAILABLE A VHS FORMAT VIDEO CASSETTE PLAYER AND TELEVISION FOR USE AT TRIAL.  PLEASE BE ADVISED THAT YOU MUST PROVIDE A PERSON TO RUN THE EQUIPMENT DURING THE COURSE OF THE TRIAL.

### ELECTRONIC VISUAL EVIDENCE PRESENTER

IN ADDITION TO THE VIDEO EQUIPMENT NOTED ABOVE, THE COURT HAS AVAILABLE A VISUAL EVIDENCE PRESENTER WHICH WILL ALLOW COUNSEL TO DISPLAY PHOTOS (NEGATIVES OR POSITIVES), DOCUMENTS, X-RAYS, AND 3-D OBJECTS, WITHOUT WIRES, ON TELEVISIONS PLACED THROUGHOUT THE COURTROOM.  THIS EQUIPMENT IS AVAILABLE AT THE COURTHOUSES IN ALBANY, SYRACUSE, UTICA AND BINGHAMTON.   USE OF THE VISUAL PRESENTER MAY BE REQUIRED BY THE TRIAL JUDGE PRESIDING OVER YOUR CASE. FOR FURTHER INFORMATION ON THE USE OF THIS EQUIPMENT, PLEASE CONTACT THE COURTROOM DEPUTY CLERK FOR THE ASSIGNED TRIAL JUDGE.

**<u>ATTACHMENT # 3</u>**                          Page 1 of ____
**United States District Court**
**For The Northern District Of New York**

Case No. _____

Date: _____

Presiding Judge: _____

( ) Plaintiff                          ( ) Defendant                          ( ) Court

| Exhibit No. | Date Marked for Identification | Date Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____

Signature:_____

*-1-*

Page __ of __

| Exhibit No. | Date Marked for Identification | Date Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____
Signature:_____

*-2-*

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| --- | --- |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |