UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MAXMILLIAN SLOLEY,

*Plaintiff*,

-against-                                        14-CV-0339

                                                      CFH

ERIC VANBRAMER,

*Defendant*.

## SUBMISSION IN SUPPORT OF
## DEFENDANT'S MOTION *IN LIMINE*

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant Eric VanBramer
The Capitol
Albany, New York  12224-0341

Mark G. Mitchell
Rachael S. Ouimet
Assistant Attorneys General, of Counsel

Date:  August 12, 2022

**Table of Contents**

PRELIMINARY STATEMENT ....................................................................................... 1

ARGUMENT…………………………………………………………………………...1

I.    THE COURT SHOULD PERMIT DEFENSE COUNSEL TO CROSS-EXAMINE
      PLAINTIFF REGARDING HIS OTHER FEDERAL LAWSUITS BECAUSE HIS
      ALLEGATIONS IN THOSE LAWSUITS ARE DIRECTLY RELEVANT TO
      CAUSATION AND DAMAGES……………………………………………………1

II.   DEFENSE COUNSEL SHOULD BE PERMITTED TO INQUIRE INTO
      PLAINTIFF'S FELONY CONVICTIONS, INCLUDING THE STATUTORY
      NAMES OF THE OFFENSES, THE DATES OF CONVICTION, AND THE
      OVERALL SENTENCES IMPOSED……………………………………………….4

III.  THE RECORDS FROM DR. KESSLER SHOULD BE ADMITTED
      INTO EVIDENCE…………………………………………………………………...7

IV.   PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY TESTIMONY
      OR OTHER EVIDENCE AT TRIAL ABOUT OTHER INDIVIDUALS BEING
      SEARCHED BY ERIC VANBRAMER OR OTHER STATE TROOPERS.
      PLAINTIFF SHOULD ALSO BE PRECLUDED FROM OFFERING ANY
      TESTIMONY OR OTHER EVIDENCE AT TRIAL ABOUT ERIC VANBRAMER
      OR OTHER STATE TROOPERS HAVING A REPUTATION FOR ENGAGING IN
      IMPROPER SEARCHES…………………………………………………………7

V.    THE COURT SHOULD PRECLUDE ANY REFERENCE TO
      DISMISSED CLAIMS…………………………………………………………..10

CONCLUSION…………………………………………………………………………..10

## PRELIMINARY STATEMENT

For the reasons set forth below, Defendant Eric VanBramer respectfully requests that the Court grant his motion *in limine* for an order:

(1)     Permitting defense counsel to cross-examine Plaintiff about the allegations in his other lawsuits:

(2)     Permitting defense counsel to inquire into Plaintiff's felony convictions, including the statutory names of the offenses, the dates of conviction, and the overall sentences imposed;

(3)     Admitting as evidence the records from Dr. Kessler;

(4)     Precluding Plaintiff from offering any testimony or other evidence at trial about:

(a) other individuals being searched by Eric VanBramer or by other State Troopers; and (b) Eric VanBramer or other State Troopers having a reputation for carrying out improper searches;

and

(5)     Precluding any reference to claims previously dismissed by the Court.

## ARGUMENT

## POINT I

### THE COURT SHOULD PERMIT DEFENSE COUNSEL TO CROSS-EXAMINE PLAINTIFF REGARDING HIS OTHER FEDERAL LAWSUITS BECAUSE HIS ALLEGATIONS IN THOSE LAWSUITS ARE DIRECTLY RELEVANT TO CAUSATION AND DAMAGES

In the present action, Plaintiff claims that Defendant VanBramer caused Plaintiff to sustain injuries consisting of "fear, paranoia, anxiety, humiliation, and fear and loss of trust for law enforcement." *See* Plaintiff's responses to interrogatories, ¶ 16, attached hereto as **Exhibit A**; *see also* Plaintiff's Deposition Transcription, Dkt. No. 41-2 at p. 101 (claiming that he suffered "Mental and emotional" harm).

However, Plaintiff has commenced at least three other lawsuits claiming nearly identical injuries:

1

- In *Sloley v. Seeley, et al.,* (Case No. 9:18-cv-00856, N.D.N.Y., commenced July 20, 2018), Plaintiff claimed that he was subjected to cruel and unusual punishment as a pretrial detainee at the Greene County Jail from April 23, 2016 through January 31, 2017.   A copy of Plaintiff's Complaint in that action is attached hereto as **Exhibit B**.  Plaintiff claimed that, as a result of the actions of the defendants in that case, he sustained injuries including "tremendous harmful psychological effects, such as stress, depression, fear, and anxiety and also lack of sleep which also worsened blood pressure."  Exhibit B at p. 3, ¶ 39.

- In *Sloley v. Filli, et al.,* (Case No. 1:12-cv-01751, N.D.N.Y., commenced November 28, 2012), Plaintiff claimed that various City of Hudson police officers violated his Fourth Amendment rights in connection with the arrest of Plaintiff in June 2010 on drug charges.   A copy of Plaintiff's Complaint in that action is attached hereto as **Exhibit C**.  Notably, <u>Plaintiff alleged that the police officers strip searched Plaintiff</u>.  Exhibit C, ¶ 21.  Plaintiff claimed that the defendants in that case caused him to sustain injuries including "imprisonment for fourteen months, a loss of freedom and liberty, great mental anguish, emotional distress, and public humiliation, and was further caused to experience fear of physical harm and violence, and to incur attorney's fees and expenses."  Exhibit C, ¶¶ 41, 50, 68, 76.

- In *Sloley v. Lebow,* (Case No. 1:17-cv-00068, N.D.N.Y., commenced January 23, 2017), a lawsuit against his former attorney, Plaintiff demands compensatory damages in the amount of $1 million.  A copy of Plaintiff's Amended Complaint is attached hereto as **Exhibit D**.

Defense counsel should be permitted to question Plaintiff regarding his allegations and claimed injuries in the aforementioned lawsuits.  In *Brewer v. Jones*, 222 Fed. App'x 69 (2d Cir. 2007), an action brought by an inmate pursuant to 42 U.S.C. § 1983, the plaintiff argued that the district court erred in admitting evidence at trial of a previous lawsuit filed by him.  The United States Court of Appeals, Second Circuit, held that the evidence was properly admitted:

> We see nothing in the record to suggest that the challenged evidence was admitted for an improper purpose or was unduly prejudicial.  On the contrary, because the evidence was relevant to show a possible cause of Brewer's injury unrelated to the acts of the defendant, the district court correctly concluded that the probative value of the evidence outweighed any possibility of prejudice.  Furthermore, the record reflects that the defense scrupulously confined its use of the challenged evidence to the purpose for which it was admitted.  Evidence admissible for one purpose is not rendered inadmissible by a separate rule which might preclude it.

*Brewer*, 222 Fed. App'x at 70-71.

In *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529 (E.D.N.Y. 2011), the plaintiff alleged that he suffered emotional injuries as a result of a strip search.  *See* 840 F. Supp. 2d at 542.  The defendants sought to introduce evidence at trial of materials from a previous lawsuit in which the plaintiff claimed to have suffered emotional problems as a result of a different strip search.  *Id*. The District Court held that the defendants were permitted to introduce evidence of the date of the plaintiff's prior lawsuit, his allegations in that lawsuit about a strip search that caused emotional injury, and relevant deposition testimony from the previous lawsuit.  *Id*. at 543.

Here, in Plaintiff's other federal actions discussed above, Plaintiff alleged injuries nearly identical to those he alleges in the present action, and he claimed a cause of those injuries that is unrelated to Defendant.   Accordingly, inasmuch as the evidence is relevant to the issues of causation and damages, Defendant should be permitted to cross-examine Plaintiff at trial about his allegations in those lawsuits.  *See Brewer*, 222 Fed. App'x at 70-71; *Jean-Laurent*, 840 F. Supp. 2d at 543; *see also Dukes v. Schuck*, 637 Fed. App'x 37, 39 (2d Cir. 2016); *Lewis v. Velez*, 149

3

F.R.D. 474, 483 (S.D.N.Y. 1993) (evidence of the plaintiff's preexisting injuries are relevant to the issue of whether the defendants caused the plaintiff's claimed injuries).

## POINT II

### DEFENSE COUNSEL SHOULD BE PERMITTED TO INQUIRE INTO PLAINTIFF'S FELONY CONVICTIONS, INCLUDING THE STATUTORY NAMES OF THE OFFENSES, THE DATES OF CONVICTION, AND THE OVERALL SENTENCES IMPOSED

Plaintiff Maxmillian Sloley (DIN 17A0421) is currently serving an aggregate 14-year term of imprisonment, as a second violent felony offender, based on his convictions, rendered in 2017 in Greene County Court (Wilhelm, J.), of criminal possession of a weapon in the second degree, fleeing from a police officer in a motor vehicle in the third degree, and reckless driving. *See People v. Sloley*, 179 A.D.3d 1308, 1308-1309 (3d Dep't 2020), *lv. denied*, 35 N.Y.3d 974.   The underlying facts are that, "[i]n 2016, law enforcement officials pursued [Plaintiff] when he fled after being stopped for driving at a high rate of speed in Greene County.   During the pursuit, [Plaintiff] drove behind a building located at 2 Van Dyck Street and was out of the view of the chasing police officer.   [Plaintiff] later reappeared but crashed into an embankment.   A search of the area behind 2 Van Dyck Street was conducted and a handgun was discovered." *Id*. at 1309.

In addition, in 2005, Plaintiff was sentenced to 88 months of imprisonment based on his plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See United States v. Sloley*, 464 F.3d 355, 357 (2d Cir. 2006), *cert. denied*, 549 U.S. 1316 (2007).   Plaintiff's "prior convictions included robbery in the second degree and criminal possession of a controlled substance, criminal impersonation, criminal possession of a weapon, and criminal sale of a controlled substance." *Id*. at 357; *see also United States v. Sloley*, No. 03-CR-1190, 2013 WL 5231462, at *1 (S.D.N.Y. July 18, 2013) (observing that "Between the ages of 18 and 20, Sloley was convicted of providing a false name, possessing drugs, selling drugs, and

4

possessing a firearm.  He also violated parole twice."), *aff'd*, 568 Fed. App'x 79 (2d Cir. 2014).

In 1997, in Columbia County, Plaintiff was convicted of criminal sale of a controlled substance in

the third degree and received a sentence of 3 to 9 years.  *See* Plaintiff's Deposition Transcription,

Dkt. No. 41-2 at p. 17.  The controlled substance was crack cocaine.  *Id*.

Rule 609 of the Federal Rules of Evidence provides, in pertinent part, that "for a crime that,

in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year,

the evidence … must be admitted, subject to Rule 403, in a civil case or in a criminal case in which

the witness is not a defendant …."  Fed. R. Evid. 609(a)(1)(A).  Under Rule 609(a)(1) and (a)(2),

"the 'essential facts' of a witness's convictions, including the statutory name of each offense, the

date of conviction, and the sentence imposed, are included within the 'evidence' that is to be

admitted for impeachment purposes."  *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005),

*cert. denied*, 547 U.S. 1048 (2006).

At the trial of this matter, defense counsel should be permitted to inquire into the "essential

facts" of Plaintiff's felony convictions, including the statutory names of the offenses, the dates of

conviction, and the overall sentences imposed.  *See Ames v. Stevens*, No. 9:12-CV-01487, 2015

WL 5513021, at *4 (N.D.N.Y. Sept. 17, 2015), *aff'd*, 669 Fed. App'x 41 (2d Cir. 2016).  Plaintiff's

credibility is a central issue in this case, as the jury will have to choose between the contradictory

accounts offered by the Plaintiff and the Defendant about the events in question.  Inasmuch as

defense counsel merely wishes to cross-examine Plaintiff regarding the statutory names of his

felony convictions, the dates of conviction, and the overall sentences imposed, the probative value

of this limited impeachment evidence is not outweighed by any potential prejudicial effect.  *See*

*Crenshaw v. Herbert*, 409 Fed. App'x 428, 431-432 (2d Cir. 2011) (in prisoner action alleging

First Amendment retaliation and excessive force, District Court did not abuse its discretion in

permitting defense counsel to use the plaintiff's robbery conviction for impeachment purposes); *Brevard v. Schunk*, No. 9:18-CV-00042, 2020 WL 374563, at *2 (N.D.N.Y. Jan. 23, 2020) (determining that the name, date, and sentence of the plaintiff's robbery conviction was admissible for impeachment); *Shepherd v. Smith*, No. 9:15-CV-00665, 2019 WL 5212883, at *1-2 (N.D.N.Y. Oct. 16, 2019) (permitting the defense to admit for impeachment the essential facts of the plaintiff's convictions).

In addition, Plaintiff's arrest in 2016 and resulting incarceration for a 14-year term are pertinent to the issues of causation and damages, as they are intervening events unrelated to Defendant that are probative as to the causes of Plaintiff's alleged mental and emotional conditions. *See Picciano v. McLoughlin*, No. 5:07-CV-0781, 2010 WL 4366999, at *2 (N.D.N.Y. Oct. 28, 2010), *adhered to in part*, 2011 WL 382230 (N.D.N.Y. Feb. 3, 2011) (determining that "subsequent arrests are probative of Plaintiff's claim for emotional damages, and the probative value of the testimony is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

Further, Plaintiff's criminal history is pertinent to the issue of reasonable suspicion.  As this Court previously observed, the police's knowledge that Plaintiff had past convictions for possession and sale of drugs tends to support the conclusion that there was reasonable suspicion that Plaintiff was concealing contraband on his person.  Dkt. No. 49 at p. 9; *see also Maryland v. King*, 569 U.S. 435, 450 (2013) ("A suspect's criminal history is a critical part of his identity that officers should know when processing him for detention.").

In sum, it is respectfully submitted that defense counsel should be permitted to inquire into Plaintiff's felony convictions, including the statutory names of the offenses, the dates of conviction, and the overall sentences imposed.

## POINT III

### THE RECORDS FROM DR. KESSLER SHOULD BE ADMITTED INTO EVIDENCE

As discussed above, Plaintiff claims that Defendant caused Plaintiff to suffer mental and emotional injuries.  At his deposition in this action, Plaintiff testified that, subsequent to April 2013, Plaintiff was seen by a mental health provider named Dr. Richard Kessler.  Dkt. No. 41-2 at pp. 106-107.  Plaintiff executed an authorization for defense counsel to obtain Plaintiff's medical records from Dr. Kessler.  A copy of Dr. Kessler's records, including the authorization and a business records certification page, are attached hereto as **Exhibit E**.

As indicated in Dr. Kessler's records, Dr. Kessler saw Plaintiff for several clinical sessions beginning in August 2014.  Dr. Kessler's records are probative as to the nature of Plaintiff's mental and emotional conditions and the causes of them.  Accordingly, Dr. Kessler's records should be accepted into evidence at the trial of this matter.

## POINT IV

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY TESTIMONY OR OTHER EVIDENCE AT TRIAL ABOUT OTHER INDIVIDUALS BEING SEARCHED BY ERIC VANBRAMER OR OTHER STATE TROOPERS.  PLAINTIFF SHOULD ALSO BE PRECLUDED FROM OFFERING ANY TESTIMONY OR OTHER EVIDENCE AT TRIAL ABOUT ERIC VANBRAMER OR OTHER STATE TROOPERS HAVING A REPUTATION FOR ENGAGING IN IMPROPER SEARCHES.

Defendant respectfully requests an order precluding Plaintiff from offering any testimony or other evidence at trial about Defendant or other State Troopers searching other individuals.  In addition, Defendant requests an order precluding Plaintiff from offering any testimony or other evidence at trial about Defendant or other State Troopers having a reputation for engaging in

improper searches.  Such evidence must be precluded at trial as (1) irrelevant; (2) unduly prejudicial while lacking any probative value; (3) improper evidence of propensity; (4) would result in multiple trials within a trial; and (5) violative of the rule against hearsay.

First, Plaintiff's purported evidence of other incidents is not relevant to Plaintiff's claims in this action.  *See* Fed. R. Evid. 401.

Second, even if the Court were to glean any conceivable relevance from this evidence, it should remain inadmissible because any limited probative value is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.  Undated, non-specific, hearsay accounts of other alleged incidents will unduly prejudice the jury and distract from its determination of the facts concerning the events involving Plaintiff and Defendant.

Third, Plaintiff's testimony that Defendant has a reputation for carrying out improper searches is nothing more than an attempt to show that Defendant has a propensity to commit such acts.  Such character and propensity evidence is not permitted.  *See* Fed. R. Evid. 404(a)(1), (b)(1); *Berkovich v. Hicks*, 922 F.2d 1018, 1022-1023 (2d Cir. 1991) (determining that the plaintiff's proffer of evidence of prior complaints "amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits—introducing evidence of bad acts to show the defendant's propensity to commit such acts.").

Fourth, any testimony regarding alleged other incidents would necessarily result in multiple trials within the trial.  If Plaintiff is permitted to testify regarding unspecified, undated incidents of alleged mistreatment, Defendant would have a right to rebut each incident by submitting evidence regarding the veracity of the claim, the circumstances of the alleged incident (if it occurred), the resolution to any inquiry into the incident, and any other circumstances relevant to each incident.  To this end, Defendant would have to submit counter-evidence by way of

testimony and records from each incident (to the extent even identifiable as Plaintiff's allegations are unspecified and non-particularized by date, time, or individual).  Such trials within a trial are strongly disfavored as causing needless delay and confusion to the jury.  *See Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 369, 375-376 (S.D.N.Y. 2014); *see also United States v. Aboumoussallem*, 726 F.2d 906, 912-913 (2d Cir. 1984) (upholding exclusion of testimony to avoid "trial within a trial"); *United States v. Al Kassar*, 582 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) ("[T]he situations are not, on their face, analogous, and it would require a trial within a trial before the jury could determine whether there was any meaningful analogy at all."), *aff'd*, 660 F.3d 108, 123-124 (2d Cir. 2011); *ESPN, Inc. v. Office of Comm'r of Baseball*, 76 F. Supp. 2d 383, 407 (S.D.N.Y. 1999) ("The probative value of such an exercise is vastly outweighed by the confusion and delay that would inevitably result from conducting a trial within a trial.").

Fifth, much of the anticipated testimony would take the form of inadmissible hearsay or double hearsay.  *See* Fed. R. Evid. 802.  Plaintiff's testimony about stories he heard about other searches performed by Defendant would clearly constitute out-of-court statements offered for the truth of the matter asserted—that the alleged incident occurred rendering Defendant a person who allegedly engages in unlawful searches.  *See* Fed. R. Evid. 801(c).

In sum, the Court should preclude Plaintiff from offering any testimony or other evidence at trial about Defendant or other State Troopers searching other individuals.  In addition, the Court should preclude Plaintiff from offering any testimony or other evidence at trial about Defendant or other State Troopers having a reputation for engaging in improper searches.

## POINT V

**THE COURT SHOULD PRECLUDE ANY REFERENCE TO DISMISSED CLAIMS**

Finally, Defendant respectfully submits that any references to any issues previously dismissed pursuant to the Court's initial screening of the Complaint (Doc. Nos. 15, 17) and decision on Defendants' motion for summary judgment (Doc. No. 49), as modified on appeal, are precluded by the doctrine of law of the case, and also as prejudicial, confusing and a waste of time under Fed. R. Evid. 403.

More specifically, the Court dismissed all claims against the State of New York and the individual defendants in their official capacities. Dkt. No. 17 at p. 2. In addition, Plaintiff's purported claim in the Complaint that Eric VanBramer and Bryan VanBramer made a false report stating that narcotics were found in the vehicle Plaintiff was driving at the time of his arrest did not survive the Court's initial screening. *See* Dkt. Nos. 15 at p. 5; Dkt. No. 17 at p. 2 (specifying the claim that survived the Court's initial screening of the Complaint). Likewise, the Second Circuit affirmed the dismissal of all claims against Bryan VanBramer. Further, the Second Circuit determined that "[Plaintiff] has forfeited any claim regarding the unconstitutionality of the strip search." *Sloley v. VanBramer*, 945 F.3d 30, 37 n.4 (2d Cir. 2019).

### CONCLUSION

Based on the above reasons, Defendant respectfully requests that the Court grant his motion *in limine* in its entirety.

10

Dated: Albany, New York
August 12, 2022

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant Eric VanBramer
The Capitol
Albany, New York  12224-0341

By: s/ Mark G. Mitchell
Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone:  518-776-2583
Fax:  518-915-7738
Mark.Mitchell@ag.ny.gov

By: s/ Rachael S. Ouimet
Rachael S. Ouimet
Assistant Attorney General, of Counsel
Bar Roll No. 703304
Telephone: 518-776-2599
Email: Rachael.Ouimet@ag.ny.gov

To:     Via ECF
J. Remy Green
Cohen & Green P.L.L.C.
1639 Centre Street
Suite 216
Ridgewood, NY  11385