**EXHIBIT C**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MAXIMILIAN SLOLEY,

           Plaintiff,

   -against-

CHRISTOPHER FILLI, in his individual capacity, JASON FUNK, in his individual capacity, RICHARD PAOLINO, in his individual capacity, and THE CITY OF HUDSON,

           Defendants.

Demand for Jury Trial
-------------------------------------------------------------X

**COMPLAINT**

Case no. 1:12-CV-1751(FJS/CFH)

      Plaintiff, Maximilian Sloley, by and through his attorneys LeBow & Associates, PLLC, complains of the Defendants, and each of them, as follows:

## I. PRELIMINARY STATEMENT

      Plaintiff Maximilian Sloley brings this action under 42 USC §§1983 and 1988 to redress Defendants' violations of the rights and immunities secured to Plaintiff by the United States Constitution. Defendants Filli, Funk, and Paolino are City of Hudson police officers, who at all times mentioned herein were acting under color of state law. Plaintiff alleges that Filli and Funk arrested him in his apartment without a warrant or exigent circumstances, and falsely arrested him and maliciously prosecuted him without sufficient evidence to establish a reasonable belief that he had committed the alleged offense or any other offense. Plaintiff alleges that Filli and Funk's supervising officer Paolino was grossly negligent and deliberately indifferent for his failure to properly supervise Filli and Funk. Plaintiff asserts a claim against the City of Hudson based upon entity liability, and alleges that the City of Hudson maintained certain policies, customs, and practices regarding the hiring, training, supervision, and disciplining of police

1

officers that demonstrated a deliberate indifference towards the constitutional rights of Plaintiff and others, and that directly and proximately caused the violation of Plaintiff's Fourth Amendment rights. Plaintiff seeks compensatory damages from Filli, Funk, Paolino, and the City of Hudson, and punitive damages from Filli, Funk, and Paolino.

## II. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over the federal civil rights claims asserted herein against Defendants Filli, Funk, Paolino, and the City of Hudson pursuant to 28 U.S.C. §§1331 and 1343(a)(3). Venue in this district is proper because a substantial part of the events giving rise to the claims described herein occurred in the Northern District of New York.

## III. PARTIES

2. At all times relevant herein, Plaintiff Maximilian Sloley was a resident of Hudson, New York, residing at ~~XXXXXXXXXXXXXXXX~~ Hudson, NY 12534, and a citizen of the United States.

3. At all times relevant herein, Defendant Christopher Filli was a police officer employed by the Hudson Police Department ("HPD").

4. At all times relevant herein, Defendant John Funk was a police officer employed by the HPD.

5. At all times relevant herein, Defendant Richard Paolino was a police officer employed by the HPD.

6. At all times relevant herein, The City of Hudson was a municipal corporation existing under the laws of the State of New York. As such, it maintains a police department, and has

enacted rules, regulations, and policies as well as maintaining customs and practices concerning the hiring, termination, training, discipline and the conduct of the officers it employs.

## IV. STATEMENT OF FACTS

7. At all times relevant herein, Plaintiff Maximilian Sloley ("Plaintiff") was a resident of Hudson, New York, residing at ~~XXXXXXXXXXXXXXXXXXX~~ Hudson, NY 12534, which is a house subdivided into separate private apartments.

8. At all times relevant herein, Defendant Christopher Filli was a police officer employed by the HPD.

9. At all times relevant herein, Defendant John Funk was a police officer employed by the HPD.

10. At all times relevant herein, Defendant Lieutenant Richard Paolino was a police officer employed by the HPD.

11. At all times relevant herein, Jason Finn was a police officer employed by the HPD.

12. On information and belief, Anna Driver, a resident of the same house as Plaintiff, was acting as an informant for the HPD.

13. On or about June 23, 2010, Driver gave information to Finn, stating that a black male named "Darrell" moved in to _____ Street about three or four weeks prior, and that Darrell was 5'5" to 5'9" tall and between 150 and 190 pounds with a large scar on his left cheek. Driver said in her statement that (1) Darrell told her that he had heroin and had to get rid of it, (2) she asked him if she could see it, and he showed her a cardboard box with wax paper envelopes, (3) she said it looked like a lot, and he said it was 300 bags and that his cousin had another 300 bags, (4) she met with Finn on June 22 and told him about the drugs, (5) after meeting Finn, she

3

went back to ~~236 Robinson Street~~ _____Street to meet with Darrell, (6) she told Darrell that she knew someone who might want to buy some heroin, (7) she called Finn with Darrell's phone and had a conversation about price per bag, (8) Darrell said he had $15 and $20 bags.

14. On or about June 25, 2010, Judge Jonathan D. Nichols issued a search warrant for the apartment that supposedly belonged to Darrell, stating that the officers were authorized to seize heroin, any items used in the packaging of heroin, and any proceeds or records of heroin sales.

15. On or about June 29, 2010, Filli and Funk entered 236 Robinson Street without the consent of its occupants, and entered the apartment that supposedly belonged to Darrell, which was vacant, and found plastic bags containing 1.75 pounds of marijuana. Filli and Funk also entered another vacant apartment in the house and found (1) three glassine bags containing a total weight of 0.15 gram of heroin, (2) ten glassine bags, and (3) a digital postal scale.

16. On information and belief, Filli and Funk knocked on Plaintiff's door, and Plaintiff answered. Filli and Funk checked Plaintiff's ID, called the police station, declared Plaintiff under arrest, handcuffed him, and searched his apartment, finding nothing.

17. On information and belief, Paolino supervised Filli and Funk during the entry into ~~236 Robinson Street~~ _____Street, the search of the apartments, and the arrest of Plaintiff.

18. On information and belief, Plaintiff was never shown a search warrant.

19. On information and belief, Filli told Plaintiff that they found his marijuana.

20. On information and belief, Plaintiff was taken to the precinct.

21. On information and belief, Plaintiff was held in a cell for a few hours, and was then strip searched.

22. On information and belief, Plaintiff was charged with criminal use of drug paraphernalia in the second degree (for the scale), criminal possession of marijuana in the second

4

degree, and criminal possession of a controlled substance in the third degree (for allegedly possessing the heroin with the intent to sell it).

23. On information and belief, Plaintiff remained in Columbia County jail for eight months without the opportunity to post bail.

24. On or about February 2011, a few days before Plaintiff was scheduled to go to trial, his indictment was superseded by removing the heroin charge and drug paraphernalia charge, and he was arraigned again on only the marijuana charge. His bail was set at $5,000, which he was not able to pay, so he remained in jail.

25. On May 22, 2011, Driver was arrested for threatening her boyfriend with a knife, and was charged with various crimes.

26. On or about August 30, 2011, Plaintiff was released on his own recognizance.

27. On or about December 19, 2011, the charges against Plaintiff were dismissed.

## V. FIRST CAUSE OF ACTION - CIVIL RIGHTS AND CONSTITUTIONAL VIOLATIONS
(Against Defendants Filli and Funk)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 27 of this Complaint with the same force and effect as though fully set forth herein.

29. As a result of the actions of Defendants Filli and Funk, which began on or about June 29, 2010, Plaintiff was deprived of his rights under the United States Constitution and federal civil rights law. Plaintiff's rights are secured by provisions of the Fourth Amendment and 42 U.S.C. §1983.

30. The actions of Defendants Filli and Funk were committed under the color of law and were intentional and willful.

31. On or about June 29, 2010, Defendants Filli and Funk intended to confine Plaintiff.

32. On or about June 29, 2010, Plaintiff was conscious of being confined.

33. On or about June 29, 2010, Plaintiff at no time consented to being confined by Defendants Filli and Funk, but nonetheless cooperated with them because they were HPD officers acting in an official capacity.

34. At the time of Plaintiff's arrest on June 29, 2010, Filli and Funk knew or should have known that the drugs and scale found in the vacant apartment did not belong to Plaintiff, since they knew that (1) there was no evidence that Plaintiff had access to the vacant apartment, and (2) Driver did not identify Plaintiff's room as being "Darrell's."

35. In view of the fact that Filli and Funk knew or should have known that the drugs and scale in the vacant apartment did not belong to Plaintiff, and had no reason to believe that Plaintiff had committed any other crime, they therefore did not possess knowledge sufficient for a reasonable person to believe that Plaintiff was committing or had committed a crime at the time of his arrest.

36. In view of the fact that Defendants Filli and Funk did not possess information upon which a reasonable person could have believed that Plaintiff had committed or was committing a crime at the time of arrest, Defendants Filli and Funk did not have probable cause to arrest and confine Plaintiff.

37. Neither on nor about June 29, 2010, nor at any other relevant time herein, did Defendants Filli and Funk possess a warrant for Plaintiff's arrest and confinement.

38. Neither on nor about June 29, 2010, nor at any other relevant time herein, did such a warrant for Plaintiff's arrest and confinement exist.

39. In view of the fact that Defendants Filli and Funk intended to confine Plaintiff, Plaintiff was conscious of his confinement, Plaintiff did not consent to his confinement, and the confinement was not privileged since it was not conducted pursuant to a warrant or probable cause, and in view of the fact that Plaintiff was arrested in his apartment without a warrant or exigent circumstances, Plaintiff's confinement was therefore unlawful and actionable under 42 U.S.C. §1983.

40. The actions of Defendants Filli and Funk amounted to false arrest and false imprisonment under 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution.

41. As a direct and proximate result of Plaintiff's false arrest and false imprisonment, Plaintiff was caused to suffer imprisonment for fourteen months, a loss of freedom and liberty, great mental anguish, emotional distress, and public humiliation, and was further caused to experience fear of physical harm and violence, and to incur attorney's fees and expenses.

42. On or about June 29, 2010, Filli initiated charges against Plaintiff for criminal use of drug paraphernalia in the second degree (for the scale), criminal possession of marijuana in the second degree, and criminal possession of a controlled substance in the third degree (for allegedly possessing the heroin with the intent to sell it).

43. On or about December 19, 2011, the judge dropped all of the charges against Plaintiff.

44. That at the time Plaintiff was charged on June 29, 2010, Filli knew or should have known that the drugs and scale found in the vacant apartment did not belong to Plaintiff, since he knew that (1) there was no evidence that Plaintiff had access to the vacant apartment, (2) Driver

did not identify Plaintiff's room as being "Darrell's", and (3) no drugs or paraphernalia or other evidence of involvement in the drug trade was found on Plaintiff's person or in his apartment.

45. In view of the fact that Filli knew or should have known that the drugs and scale found in the vacant apartment did not belong to Plaintiff, and had no other reason to believe that Plaintiff had committed the charged crimes, he therefore did not possess knowledge sufficient for a reasonable person to believe that Plaintiff had committed any of the charged crimes.

46. Defendant Filli initiated charges against Plaintiff due to seeking retaliation against Plaintiff, or otherwise other than for the motive of obtaining justice in accordance with the law.

47. Defendant Filli's initiation of criminal proceedings against Plaintiff on the above charges without probable cause and with a motive other than obtaining justice was an act of actual malice against Plaintiff.

48. Plaintiff suffered post-arraignment restrictions on his liberty when he was imprisoned for fourteen months and had to attend court hearings for nearly four additional months before the charges against him were finally dropped.

49. The actions of Defendant Filli amounted to malicious prosecution under 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution.

50. As a direct and proximate result of Plaintiff's malicious prosecution, Plaintiff was caused to suffer imprisonment for fourteen months, a loss of freedom and liberty, great mental anguish, emotional distress, and public humiliation, and was further caused to experience fear of physical harm and violence, and to incur attorney's fees and expenses.

## VI. SECOND CAUSE OF ACTION- CIVIL RIGHTS AND CONSTITUTIONAL VIOLATIONS
**(Supervisory Liability against Defendant Paolino)**

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 50 of this Complaint with the same force and effect as though fully set forth herein.

52. As a result of the actions of Defendant Paolino, which began on or about June 29, 2010, Plaintiff was deprived of his rights under the United States Constitution and federal civil rights law. Plaintiff's rights are secured by the Fourth Amendment and 42 U.S.C. §1983.

53. The actions of Defendant Paolino were committed under the color of law and were intentional and willful.

54. That at all times mentioned herein, Defendant Paolino acted without privilege or authorization of law, and with the specific intent to deprive Plaintiff of his rights under the United States Constitution and federal civil rights law.

55. That at all times mentioned herein, Defendant Paolino either knew or should have known that he was violating Plaintiff's rights under the United States Constitution and federal civil rights law.

56. On or about June 29, 2010, Sgt. Paolino was an officer in the HPD with supervisory authority over Filli and Funk.

57. On or about June 29, 2010, Paolino supervised Filli and Funk when they arrested Plaintiff.

58. On or about June 29, 2010, Paolino knew that (1) there was no evidence that Plaintiff had access to the vacant apartment, and (2) Driver did not identify Plaintiff's room as being "Darrell's", and knew that Filli and Funk were also aware of those facts.

59. On or about June 29, 2010, Paolino supervised Filli and Funk's arrest of Plaintiff, despite knowing those facts that made it clear that the drugs and scale found in the vacant apartment did not belong to Plaintiff.

60. On information and belief, Paolino was grossly negligent in allowing Filli and Funk to arrest Plaintiff despite knowing facts that made it clear that the drugs and scale found in the vacant apartment did not belong to Plaintiff, and despite knowing that Plaintiff was arrested in his apartment without a warrant or exigent circumstances.

61. On information and belief, Paolino's failure to prevent Filli and Funk from arresting Plaintiff despite knowing those facts that made it clear that the drugs and scale found in the vacant apartment did not belong to Plaintiff, and despite knowing that Plaintiff was arrested in his apartment without a warrant or exigent circumstances, exhibited deliberate indifference to Plaintiff's rights.

62. On or about June 29, 2010, Paolino supervised Filli when he initiated charges against Plaintiff for criminal use of drug paraphernalia in the second degree (for the scale), criminal possession of marijuana in the second degree, and criminal possession of a controlled substance in the third degree (for allegedly possessing the heroin with the intent to sell it).

63. At the time Plaintiff was charged on June 29, 2010, Paolino knew that (1) there was no evidence that Plaintiff had access to the vacant apartment, (2) Driver did not identify Plaintiff's room as being "Darrell's", and (3) no drugs or paraphernalia or other evidence of the drug trade was found on Plaintiff's person or in his apartment, and knew that Filli was also aware of those facts.

64. On or about June 29, 2010, Paolino supervised Filli charging Plaintiff, despite knowing those facts that made it clear that the drugs and scale found in the vacant apartment did

10

not belong to Plaintiff, and having no other reason to believe that Plaintiff had committed the charged crimes.

65. On information and belief, Paolino was grossly negligent in allowing Filli to initiate charges against Plaintiff despite knowing facts that made it clear that the drugs and scale found in the vacant apartment did not belong to Plaintiff.

66. On information and belief, Paolino's failure to prevent Filli from charging Plaintiff despite knowing those facts that made it clear that the drugs and scale found in the vacant apartment did not belong to Plaintiff exhibited deliberate indifference to Plaintiff's rights.

67. The actions of Paolino amounted to supervisory liability under 42 U.S.C. §1983.

68. As a direct and proximate result of Defendant Paolino's actions, Plaintiff was caused to suffer imprisonment for fourteen months, a loss of freedom and liberty, great mental anguish, emotional distress, and public humiliation, and was further caused to experience fear of physical harm and violence, and to incur attorney's fees and expenses.

## VII. THIRD CAUSE OF ACTION- CIVIL RIGHTS AND CONSTITUTIONAL VIOLATIONS (Entity liability against Defendant City of Hudson)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 68 of this Complaint with the same force and effect as though fully set forth herein.

70. On information and belief, responsible officials of the City of Hudson maintained customs, policies, and practices regarding the supervision and/or training of HPD officers that led to the deprivations of Plaintiff's Fourth Amendment rights as alleged herein.

71. Responsible officials of Defendant City of Hudson knew or should have known that if they failed to supervise or train HPD officers effectively so as to prevent them from failing to ensure that individuals would not be arrested and charged when the evidence is clearly insufficient for a reasonable person to believe that the individual committed the alleged offense or any other offense, or arrested in their own apartments and homes without a warrant or exigent circumstances, the obvious consequence would be that some officers would nonetheless engage in such conduct for various reasons other than to achieve justice in accordance with the law, such as to make arrests and secure prosecutions in order to advance their careers, or to gain media attention by making arrests in high-profile cases.

72. In light of the above, responsible officials of Defendant City of Hudson knew to a moral certainty that HPD officers would frequently confront situations in which there were powerful incentives to arrest and charge a suspect when the evidence against that suspect is clearly insufficient for a reasonable person to believe that the suspect committed the alleged offense or any other offense, or to arrest a suspect in his or her own home or apartment without a warrant or exigent circumstances.

73. Responsible officials of Defendant City of Hudson knew that when HPD officers confront situations in which there were powerful incentives to arrest and charge a suspect without sufficient evidence to establish a reasonable belief that the suspect had committed the alleged offense or any other offense, or to arrest a suspect in his or her own home or apartment without a warrant or exigent circumstances, if those officers were properly supervised and disciplined they would almost always be deterred from doing so due to the understanding that they would be held liable if they did, and if those officers were properly trained, they would be fully aware of (A) when it is legal to arrest and charge a suspect, (B) the requirements to establish probable cause to

arrest and charge an individual, (C) their responsibilities under the law to ensure that they have sufficient evidence against an individual before arresting and charging that individual, and (D) the consequences they would face for wrongfully arresting and charging individuals when there is insufficient evidence to establish probable cause to arrest and charge them.

74. Responsible officials of Defendant City of Hudson knew that the consequence of HPD officers arresting and charging individuals without having sufficient evidence to establish a reasonable belief that the individual had committed the alleged offense or any other offense, or HPD officers arresting individuals in their own homes or apartments without a warrant or exigent circumstances, would be the deprivation of the constitutional rights of citizens, such as unlawful arrests, malicious prosecutions, and wrongful imprisonment of citizens, thereby violating those citizens' Fourth Amendment rights.

75. In light of fact that the responsible officials of Defendant City of Hudson knew or should have known that if they failed to supervise the officers of the HPD effectively so as to prevent them from violating the constitutional rights of individuals by arresting and charging individuals without having sufficient evidence to establish a reasonable belief that the individual had committed the alleged offense or any other offense, or arresting them in their own homes or apartments without a warrant or exigent circumstances, the obvious consequence would be that some officers would arrest and charge individuals without sufficient evidence for various reasons other than achieving justice in accordance with the law, said officials had a duty to supervise and/or train HPD officers effectively, and said officials' failure to do so represents a deliberate indifference to the constitutional rights of Plaintiff and other individuals who were unlawfully arrested or falsely charged due to insufficient evidence.

76. As a direct and proximate result of the aforesaid acts of responsible officials of Defendant City of Hudson, Plaintiff was caused to suffer imprisonment for fourteen months, a loss of freedom and liberty, great mental anguish, emotional distress, and public humiliation, and was further caused to experience fear of physical harm and violence, and to incur attorney's fees and expenses.

77. As a result of the foregoing, Plaintiff sustained the damages previously described, and seeks compensatory damages from the City of Hudson.

WHEREFORE Plaintiff demands judgment against each of Filli and Funk in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and Five Million Dollars ($5,000,000.00) in punitive damages on the first cause of action, against Paolino in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and Five Million Dollars ($5,000,000.00) in punitive damages on the second cause of action, and against the City of Hudson in the amount of One Million Dollars ($1,000,000.00) in compensatory damages on the third cause of action, together with attorneys' fees, and the costs and disbursements associated with bringing this action.

Dated: New York, New York
      November 27, 2012

Respectfully submitted,

LEBOW & ASSOCIATES, PLLC

_____
James B. LeBow, Esq. (JL4535)
570 Lexington Avenue, 16th Floor
New York, New York 10022
Tel. (212) 868-3311
Fax (646) 619-4555

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Maximillian Sloley

### DEFENDANTS
Christopher Filli, Jason Funk, Richard Paolino in their individual capacity and City of Hudson

(b) County of Residence of First Listed Plaintiff   Hudson, New York
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hudson, New York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
LeBow and Associates, PLLC
570 Lexington Ave., 16th fl, NY, NY 10022, 212-868-3311

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)                                        and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☒ 540 Mandamus & Other Civil Rights | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC section 1983 and 1988 violation of his constitution Rights

Brief description of cause:
Arrest with NO warrant, Maliciously prosecution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE 11/28/12

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # 2385986   AMOUNT $350.00   APPLYING IFP —   JUDGE Scullin   MAG. JUDGE Hummel

1:12-CV-1751   COMPLEX