UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MAXMILLIAN SLOLEY,

                Plaintiff,                14-cv-339 (GLS/CFH)

    -v-

ERIC VANBRAMER,

                Defendant.

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS *IN LIMINE***

COHEN & GREEN, P.L.L.C.
1639 Centre St, Suite 216
Ridgewood, New York 11385
(929) 888-9480

Pro Bono Trial Attorneys for Plaintiff

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .............................................................................................................................. 1

   I.     TO THE EXTENT IT IS NOT SELF-AUTHENTICATING, THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE AUTHENTICITY OF DEFENDANT'S SECOND CIRCUIT BRIEF. ......................................................................................................... 1

   II.    THE COURT SHOULD PRECLUDE MR. MITCHELL FROM MAKING ANY REFERENCE TO ANY CONVERSATION HE HAD WITH MS. ROLLINS, AND REDACT D-22 (WHERE MR. MITCHELL MAKES SUCH A REFERENCE), OR IN THE ALTERNATIVE, IT SHOULD ISSUE ORDERS THAT ADDRESS THE ATTORNEY/WITNESS PROBLEM. ............................................................................. 2

      a.    Defendant should not be allowed to have Mr. Mitchell put his own testimony in front of the jury without Mr. Mitchell taking the stand. ................................................... 2

      b.    To the extent Defendant argues he is prejudiced, other measures are appropriate to address the issue. ............................................................................................................ 5

CONCLUSION .......................................................................................................................... 6

# TABLE OF AUTHORITIES

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*,
   969 F.2d 1384 (2d Cir. 1992) ...............................................................................................1

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007) ..............................................................................................1, 2

*Sloley v. VanBramer*,
   No. 1:14-cv-339, 2016 U.S. Dist. LEXIS 154625 (N.D.N.Y. Nov. 8, 2016) ............................2

**Other Authorities**

Fed. R. Ev. 201 .............................................................................................................................1

Fed. R. Ev. 801 .............................................................................................................................2

Fed. R. Ev. 902 .............................................................................................................................1

N.Y.R. Prof. Cond. 3.7..............................................................................................................4, 5

## PRELIMINARY STATEMENT

In addition to the relief requested in Plaintiff's initial memorandum and motions in limine (ECF No. 104; 104-1), as permitted by the Court, Plaintiff submits this memo seeking two additional forms of in limine relief, as set out below.

## ARGUMENT

### I. TO THE EXTENT IT IS NOT SELF-AUTHENTICATING, THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE AUTHENTICITY OF DEFENDANT'S SECOND CIRCUIT BRIEF.

Defendant has signaled (ECF No. 112) that he has an unknown[1] authenticity/foundation objection to Plaintiff's proposed Exhibit 3. Exhibit 3 is a copy of Defendant's brief in the Second Circuit. The sole reason Plaintiff intends to use Exhibit 3 is Defendant's refusal to stipulate that a visual cavity search, in fact, happened. Plaintiff intends to use it to, in his case in chief, show that Defendant did in fact conduct such a search without the need to call Defendant — particularly since apparently Defendant intends to testify otherwise.

Exhibit 3 is a court record. To the extent it is not simply self-authenticating under Rule 902(4)(B) or (5), it is subject to judicial notice (under Fed. R. Ev. 201) for the fact of its filing. *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). That is, the Court takes notice of the documents "to determine what statements they contained." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (cleaned up).

---

[1] The undersigned has asked, but received no substantive response besides "Defendant opposes," for Defendants to explain their objection.

1

Normally, things would stop there: there is normally a limitation that such notice is "*not for the truth of the matters asserted*." *Id* (emphasis in original). But that limitation normally exists because the statements in court records are typically hearsay — and thus not noticeable for truth. But here, the statement at issue — a clear statement that Defendant conducted a visual cavity search — is the statements of Defendant VanBramer. Or, in Rule 801 terms, is an "Opposing Party's Statement" that is "offered against [that] opposing party" (and otherwise meets all of the conditions of Rule 801. Thus, the Court can notice the document as authentic, and then once authenticated, Rule 801 allows Plaintiff to use it for the truth of the matter asserted.

II. **THE COURT SHOULD PRECLUDE MR. MITCHELL FROM MAKING ANY REFERENCE TO ANY CONVERSATION HE HAD WITH MS. ROLLINS, AND REDACT D-22 (WHERE MR. MITCHELL MAKES SUCH A REFERENCE), OR IN THE ALTERNATIVE, IT SHOULD ISSUE ORDERS THAT ADDRESS THE ATTORNEY/WITNESS PROBLEM.**

a. **Defendant should not be allowed to have Mr. Mitchell put his own testimony in front of the jury without Mr. Mitchell taking the stand.**

Plaintiff has attempted to resolve this issue without Court intervention, but Defendant has made clear he intends to have Mr. Mitchell ask Ms. Rollins about conversations that Ms. Rollins denies ever happened. This issue surfaced in the summary judgment briefing — as well as the briefing to the Circuit. Then, Defendant argued that "it is improper for a witness to avoid a deposition by expressing fear of a party and then submit an affidavit on behalf of that party in opposition to a motion for summary judgment." ECF 45 at 5.[2] That argument was in response to Ms. Rollins denying the statement, making clear that she believed "Mr. Mitchell lied and said

---

[2] As the Court observed, "Defendants fail[ed] to supply any legal authority supporting th[is] request and, thus, their request [was] denied." *Sloley v. VanBramer,* No. 1:14-cv-339 (GLS/CFH), 2016 U.S. Dist. LEXIS 154625, at *1 n.2 (N.D.N.Y. Nov. 8, 2016).

2

that [she] told him [she] was scared of Mr. Slolely to the point that [she] was scared to testify." ECF N. 46 at 6. As she made clear in her affidavit, she "never told Mr. Mitchell such things." *Id.*

By including D-22 on his exhibit list — and responding to a request that Defendant redact the relevant sentences by saying "Defendant opposes your request"[3] — Defendant makes clear he intends to try to improperly put Mr. Mitchell's testimony in front of the jury: Ms. Rollins' "deposition" does not have any of her testimony. And for that matter, it does not have any testimony of Plaintiff (since, though Plaintiff was present, he was not under oath and says nothing of substance — and Defendant refused to redact Mr. Mitchell's portion of the "deposition"). The core contested portion is this:

```
        MR. MITCHELL:  I'm Mark Mitchell from
the Attorney General's Office representing the
defendants VanBramers in this action.  We're
here today because our office subpoenaed a
nonparty witness named Daphne Rollins to
testify.  The plaintiff is also here for the
deposition.
        The witness, Daphne Rollins, said
that she's had multiple restraining orders
against the plaintiff and that she's afraid of
the plaintiff.  Based on that fear, she
indicated that she has strong reservations
about testifying at the deposition today.  So
we have withdrawn our request to have her
deposition today.
```

---

[3] That was the sole text of the email. It was in response to an email that read:

> [I am f]ollowing up on the one outstanding issue from our side, I'd asked if Defendant had any objection to redacting portions of D22 that reflect your statements of what you believe Ms. Rollins said if it was used -- I assume the purpose of using it is to use any of what Mr. Sloley said would be to impeach him if he contradicts it, which seems fine.
>
> Please let us know your position on that. Because this was outstanding, that's why we didn't brief this issue Friday (given the extension to address exhibit-related issues).

Given the above, Defendant apparently intends to have Mr. Mitchell ask Ms. Rollins whether she told him previously that she had "strong reservations" about testifying, whether she said she was afraid of Mr. Sloley, and so on. That would be improper: there is no source of that fact besides Mr. Mitchell himself. *See* N.Y.R. Prof. Cond. 3.7 ("A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact"). And if Mr. Mitchell asks about it, one of two things is necessarily happening: either (1) Defendant is placing his counsel into a credibility contest with Ms. Rollins or (2) aiming for the possibility that the jury improperly considers questions as evidence. Either one creates serious problems.

As Defendant notes in his own motion in limine, this case is likely going to come down entirely to credibility. ECF No. 107-1 at 5 (as paginated). Allowing the jury to take in "facts" that bear on credibility that have no legitimate source — and are not subject to cross-examination — risks tainting the trial. Thus, the Court should bar Defendant's counsel from asking any questions that make any reference to conversations between Mr. Mitchell and Ms. Rollins. Such questions include, but are not limited to, questions like:

- "Do you recall telling me you were afraid of Mr. Sloley?"
- "Do you recall telling me you did not want to testify?"
- "Do you remember when we spoke before your deposition?"

And to the extent Defendant offers D-22 for Mr. Sloley's statements therein, the following should be redacted:

- Page 3: Line 2 (starting with "We're…") through 15; Line 24 (starting with "I don't know…") through 25;

- Page 4: Line 1 through 18.[4]

    b. **To the extent Defendant argues he is prejudiced, other measures are appropriate to address the issue.**

To the extent Defendant argues that he is prejudiced if Mr. Mitchell cannot speak about his conversation with Ms. Rollins, there are two possible ways to address that. The first is that the Court should have counsel voir dire Ms. Rollins on this issue outside of the presence of the jury. If, for example, in response to the first question above ("Do you recall telling me you were afraid of Mr. Sloley?"), Ms. Rollins says "No," that should end the inquiry — since, without Mr. Mitchell testifying, no non-hearsay source would exist for a contrary assertion.

That raises the second solution. If Defendant believes he is so prejudiced on this issue without Mr. Mitchell's testimony, he should do what any litigant does when a witness has information they want: call the witness and subject them to cross-examination. That, of course, implicates Rule 3.7. But absent direct testimony from Mr. Mitchell (it appears there is no recording of the conversation, or anything like that), there is no way to avoid putting an accusation that Ms. Rollins is not telling the truth in front of the jury with no legitimate source for that accusation. And if that accusation is leveled without a source, it invites the jury to consider Mr. Mitchell's testimony without an oath or cross-examination — and creates all the concerns that Rule 3.7 exists to address.

---

[4] Because much of what Mr. Sloley says is responding to what Mr. Mitchell *says* Ms. Rollins said, it is impossible to avoid the layer of hearsay in these lines — and thus impossible to avoid the improper implication that Ms. Rollins said something she has testified she never said.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion *in limine* in its entirety, and for such other relief as the Court deems just and proper.

Date: August 18, 2022
Ridgewood, NY

Respectfully submitted,

COHEN & GREEN, P.L.L.C.

_____/s/_____
J. Remy Green
1639 Centre St Suite 216
Ridgewood, New York 11385
t: 929-888-9480
e: remy@femmelaw.com

*Pro Bono Trial Attorneys for Plaintiff*