UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAXMILLIAN SLOLEY,

          *Plaintiff*,

   -against-          14-CV-0339

                CFH

ERIC VANBRAMER,

         *Defendant*.

---

**SUBMISSION IN OPPOSITION TO
PLAINTIFF'S MOTIONS *IN LIMINE* (Dkt. Nos. 104, 115)**

            LETITIA JAMES
            Attorney General of the State of New York
            Attorney for Defendant Eric VanBramer
            The Capitol
            Albany, New York 12224-0341

Mark G. Mitchell
Rachael S. Ouimet
Assistant Attorneys General, of Counsel

            Date: August 22, 2022

## Table of Contents

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT………………………………………………………………………………...1

I.     THE COURT SHOULD DENY PLAINTIFF'S REQUEST TO ALLOW NONPARTY WITNESS DAPHNE ROLLINS TO TESTIFY BY VIDEO CONFERENCE OR OTHER REMOTE MEANS……………………………………………..1

II.    PLAINTIFF'S MOTION TO PRECLUDE EVIDENCE OF HIS CRIMINAL HISTORY SHOULD BE DENIED……………………………………………………….3

III.   THE COURT SHOULD PERMIT DEFENSE COUNSEL TO CROSS-EXAMINE PLAINTIFF REGARDING HIS OTHER FEDERAL LAWSUITS BECAUSE HIS ALLEGATIONS IN THOSE LAWSUITS ARE DIRECTLY RELEVANT TO CAUSATION AND DAMAGES…………………………………………………………5

IV.   PLAINTIFF'S MOTION TO PRECLUDE ALL EVIDENCE OF THE POSITIVE NIK TEST PERFORMED BY DEFENDANT VANBRAMER SHOULD BE DENIED……………………………………………………………………………...5

V.    QUALIFIED IMMUNITY REMAINS A VIABLE DEFENSE IN THIS ACTION AND IS A DISTINCT ISSUE AT TRIAL…………………………………………..7

VI.   THE COURT SHOULD INSTRUCT THE JURY ON NOMINAL DAMAGES………..8

VII.  PLAINTIFF'S MOTION TO PRECLUDE DEFENDANT FROM DISPLAYING OR REFERENCING PLAINTIFF'S MUGSHOT SHOULD BE DENIED…………….10

VIII. PLAINTIFF'S MOTION TO PRECLUDE ANY EVIDENCE OF HIS FINANCIAL STATUS AND JOB HISTORY SHOULD BE DENIED……………………………….11

IX.   PLAINTIFF'S MOTION TO PRECLUDE DEFENDANT AND ANY OTHER POLICE WITNESSES FROM TESTIFYING ABOUT THEIR AWARDS AND COMMENDATIONS SHOULD BE DENIED……………………………………………..12

X.    DEFENDANT DOES NOT INTEND TO INTRODUCE EVIDENCE AS TO WHO WOULD PAY A JUDGMENT.  HOWEVER, PLAINTIFF SHOULD BE PRECLUDED FROM RAISING THE ISSUE OF INDEMNIFICATION……………..12

XI.   PLAINTIFF SHOULD BE PRECLUDED FROM CALLING WITNESSES IN HIS CASE-IN-CHIEF THAT ARE NOT ON PLAINTIFF'S WITNESS LIST……………..13

XII.  PLAINTIFF'S DEMAND THAT EVERYONE REFER TO PLAINTIFF'S COUNSEL AS "PROFESSOR GREEN" SHOULD BE DENIED……………………..13

XIII.   PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING DEFENDANTS' APPELLATE BRIEF AS EVIDENCE OR OFFERING ANY PROOF OR TESTIMONY ABOUT THE CONTENTS OF THAT BRIEF………………………….13

XIV.   DEFENSE COUNSEL SHOULD NOT BE PRECLUDED FROM CROSS-EXAMINING NONPARTY WITNESS DAPHNE ROLLINS ABOUT HER PRIOR STATEMENTS, INCLUDING HER STATEMENT THAT SHE WAS AFRAID OF PLAINTIFF……………………………………………………………………...15

CONCLUSION……………………………………………………………………..16

## PRELIMINARY STATEMENT

Defendant Eric VanBramer respectfully submits this opposition to Plaintiff's motion *in limine* (Dkt. No. 104) and supplemental motion *in limine* (Dkt. No. 115). For the reasons set forth below, Plaintiff's motions should be denied.

## ARGUMENT

### POINT I

### THE COURT SHOULD DENY PLAINTIFF'S REQUEST TO ALLOW NONPARTY WITNESS DAPHNE ROLLINS TO TESTIFY BY VIDEO CONFERENCE OR OTHER REMOTE MEANS

Plaintiff demands that nonparty witness Daphne Rollins be permitted to testify at trial remotely by videoconference or other unspecified means. Dkt. No. 104-1 at ECF p. 8. Rule 43 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Plaintiff fails to satisfy that burden and his request should be denied.

Plaintiff fails to offer any proof in admissible form that his request for remote testimony is supported by "good cause in compelling circumstances" as is required by Rule 43. Plaintiff's counsel's bare assertions in a memorandum of law about alleged inconveniences to Daphne Rollins are devoid of evidentiary value and are insufficient to justify dispensing with the requirement of testimony in open court. *See Pope v. County of Albany*, No. 1:11-CV-0736, 2014 WL 12526272, at *1 (N.D.N.Y. Nov. 18, 2014) (denying motion to take remote testimony of witness where movant offered only a cursory doctor's excuse in support of the motion); *see generally Giannullo*

*v. City of New York*, 322 F.3d 139, 142 (2d Cir. 2003) (observing that a memorandum of law "is not evidence at all.").

Here, in-court testimony by Daphne Rollins is needed so that the jury can assess the demeanor and credibility of the witness. In particular, there are serious concerns about coercion and manipulation of the witness by Plaintiff Sloley. The present case arose out of a domestic violence incident in which Plaintiff inflicted physical injuries to Daphne Rollins and smashed her car with a baseball bat. It is undisputed that Daphne Rollins obtained an order of protection against Plaintiff. *See* Plaintiff's Deposition Transcription, Dkt. No. 41-2 at p. 83. At the deposition of Daphne Rollins that was noticed in this action, Daphne Rollins stated that she was afraid of Plaintiff. Dkt. No. 47-1 at p. 3; Defendant's Exhibit D-22. In April 2014, Plaintiff was arrested for sending threatening emails and messages to another girlfriend while Plaintiff was incarcerated. *See id*. at pp. 20-21; Mental Health Referral Form, Dkt. No. 108 at p. 9 (Exhibit E to Defendant's motion *in limine*) (noting that the victim was fearful at the prospect of Plaintiff's release from imprisonment).

Further, Plaintiff fails to meet his burden of demonstrating that there will be "appropriate safeguards" to dispense with the requirement of testimony in open court. Fed. R. Civ. P. 43(a). Plaintiff provides no information as to how the remote testimony would be conducted, other than that the witness would "step out" of a family function at an unknown location to testify. Dkt. No. 104-1 at ECF p. 8. Under such circumstances, it would be impossible for the Court to tell, for example, whether Daphne Rollins was testifying off of a script prepared by Plaintiff Sloley. *See, e.g., Monserrate v. K.K. Mach. Co. Inc.*, No. 10-3732, 2013 WL 1412194, at *2 (E.D.N.Y. Apr. 8, 2013) (Court permitted remote testimony only if certain procedures were scrupulously followed,

including that the witness be in the same room as the video conference operator with no other individuals present). Accordingly, Plaintiff's motion should be denied.

## POINT II

### PLAINTIFF'S MOTION TO PRECLUDE EVIDENCE OF HIS CRIMINAL HISTORY SHOULD BE DENIED

As an initial matter, Plaintiff asserts that the Court should preclude any evidence concerning Plaintiff's domestic violence incident on April 1, 2013 and the charges against Plaintiff that arose from that incident. Dkt. No. 104-1 at ECF pp. 10-11. Plaintiff's position is nonsensical. The search of Plaintiff was incident to the arrest of Plaintiff on April 1, 2013 following Daphne Rollins' 911 call reporting that Plaintiff struck her, damaged her car, and left the scene. "The Fourth Amendment requires an individualized 'reasonable suspicion that [a misdeameanor] arrestee is concealing weapons or other contraband <u>based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest</u>' before she may be lawfully subjected to a strip search." *Hartline v. Gallo*, 546 F.3d 95, 100 (2d Cir. 2008) (emphasis added) (alteration in original) (quoting *Weber v. Dell*, 804 F.2d 796, 802 (2d Cir. 1986), *cert. denied*, 483 U.S. 1020 (1987); *see Sloley v. VanBramer*, 945 F.3d 30, 39 (2d Cir. 2019) (determining that the reasonable suspicion standard also applies to felony arrests). "Courts evaluate reasonable suspicion under the totality of the circumstances and allow officers 'to draw on their own experience and specialized training to [make] inferences from and deductions about the cumulative information available to them that might well elude an untrained person.'" Dkt. No. 49 at p. 8 (*quoting United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks and citation omitted)). "While the crime of arrest is not a determinative factor, it is one officers may take into account in their consideration of the totality of the circumstances surrounding the search." *Sloley v. VanBramer*, 945 F.3d at 39. Accordingly, Plaintiff's view that the jury should be deprived of

3

all information concerning the crimes charged and the circumstances of the arrest of Plaintiff on April 1, 2013 is devoid of merit and would prevent the jury from considering the totality of the circumstances.

Plaintiff further contends that the Court should preclude all evidence of Plaintiff's criminal history. Dkt. No. 104-1 at ECF pp. 12-15. Plaintiff's request should be denied. For the reasons set forth in Point II of Defendant's motion *in limine*, defense counsel should be permitted to inquire into Plaintiff's felony convictions, including the statutory names of the offenses, the dates of conviction, and the overall sentences imposed. Dkt. No. 107-1 at ECF pp. 6-9.[1]

Finally, Plaintiff's contention that Defendant failed to give Plaintiff reasonable written notice of Defendant's intent to use Plaintiff's convictions that are more than 10 years old has no merit. *See* Fed. R. Evid. 609(b)(2). Defendant raised the admissibility of Plaintiff's convictions in Defendant's pretrial motion *in limine*. Dkt. Nos. 107, 107-1; *see Sanders v. Ritz-Carlton Hotel Co., LLC*, No. 05-CV-6385, 2008 WL 4155635, at *1, *5 n.4 (S.D.N.Y. Sept. 9, 2008) (determining that the defendants satisfied Rule 609(b)'s notice requirement by raising the admissibility of the conviction in a pretrial motion *in limine*). Further, Plaintiff's prior convictions were discussed at length in Plaintiff's deposition. Dkt. No. 41-2 at pp. 13-22.

---

[1] Plaintiff further asserts that the Court should give a limiting instruction concerning the use of Plaintiff's criminal history. Dkt. No. 104-1 at ECF p. 15. However, Plaintiff neglected to include such an instruction in his proposed jury instructions. Dkt. No. 95. It is respectfully submitted that Defendant's proposed jury instructions includes an appropriate charge. *See* Dkt. No. 109 at ECF p. 15 ("Impeachment – Conviction of a Felony"); *see also* 1A Fed. Jury Prac. & Instr. § 15:07 (6th ed.).

# POINT III

**THE COURT SHOULD PERMIT DEFENSE COUNSEL TO CROSS-EXAMINE PLAINTIFF REGARDING HIS OTHER FEDERAL LAWSUITS BECAUSE HIS ALLEGATIONS IN THOSE LAWSUITS ARE DIRECTLY RELEVANT TO CAUSATION AND DAMAGES**

Plaintiff demands that the Court exclude all evidence of his other lawsuits. Dkt. No. 104-1 at ECF pp. 15-17. Plaintiff's motion should be denied. As set forth more fully in Point I of Defendant's motion *in limine*, in Plaintiff's other federal actions, Plaintiff alleged injuries nearly identical to those he alleges in the present action, and he claimed a cause of those injuries that is unrelated to Defendant. Dkt. No. 107-1 at ECF pp. 3-6. Accordingly, inasmuch as the evidence is relevant to the issues of causation and damages, Defendant should be permitted to cross-examine Plaintiff at trial about his allegations in those lawsuits.

# POINT IV

**PLAINTIFF'S MOTION TO PRECLUDE ALL EVIDENCE OF THE POSITIVE NIK TEST PERFORMED BY DEFENDANT VANBRAMER SHOULD BE DENIED**

Plaintiff asserts that "Defendants should be barred from suggesting there was a positive drug test." Dkt. No. 104-1 at ECF p. 17. Plaintiff apparently reasons that the NIK test alone might not have been sufficient to prove Plaintiff's guilt beyond a reasonable doubt of criminal possession of a controlled substance. Plaintiff's motion should be denied.

It is anticipated that, as was previously set forth in Defendant Eric VanBramer's affidavit in support of Defendants' motion for summary judgment (Dkt. No. 41-5), Defendant will testify that the NIK field test is routinely relied upon by law enforcement to determine the presence of controlled substances. Prior to April 2013, Defendant attended a training course at the New York State Police Academy on how to identify drugs and how to perform various field tests, including the NIK test that he performed here. Defendant has conducted hundreds of NIK tests in his career.

5

After the positive alert by the canine Ryder, Defendant observed a small amount of a loose, chunky substance that appeared to be crack cocaine located in the crease in the driver's seat of Plaintiff's vehicle. It appeared that the driver had been in a hurry to try to hide contraband while he was sitting in the driver's seat but some of it fell onto the seat. In accordance with his training, Defendant performed a NIK test on the evidence, and it tested positive for cocaine. In addition, Defendant's account is supported by pertinent records, including police incident reports, evidence forms, and search reports. *See e.g.* Defendant's Exhibits D-1, D-3, D-13, D-14.

Accordingly, the evidence concerning the positive NIK test, including Defendant's testimony about his own observations and performance of the test, is probative to the issue of reasonable suspicion and should be admitted at trial. *See People v. Swamp*, 84 N.Y.2d 725 (1995) (holding that police officer's testimony that he conducted a field NIK test indicating the presence of cocaine constituted legally sufficient evidence to support an indictment for possession of cocaine); *see also Smart v. Annucci*, No. 19-CV-7908, 2021 WL 260105, at *9 (S.D.N.Y. Jan. 26, 2021) (observing that "[w]hile Plaintiff rightly points out that the NIK test may have flaws and give false positives, courts in this district have repeatedly determined that NIK test results satisfy the some reliable evidence standard."). Indeed, Plaintiff's counsel concedes that NIK tests "are fine for field purposes" and thus support reasonable suspicion. Dkt. No. 104-1 at ECF p. 19.

Contrary to Plaintiff's view, "[r]easonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause." *Varrone v. Bilotti*, 123 F.3d 75, 80 (2d Cir. 1997) (quoting *Alabama v. White*, 496 U.S. 325, 330 (1990)). "Courts evaluate reasonable suspicion under the totality of the

circumstances and allow officers 'to draw on their own experience and specialized training to [make] inferences from and deductions about the cumulative information available to them that might well elude an untrained person.'" Dkt. No. 49 at p. 8 (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks and citation omitted)). Further, "[t]he fruit of the poisonous tree doctrine is inapplicable to civil actions arising under § 1983." *Hinds v. City of N.Y.*, 768 F. Supp. 2d 512, 514 n.1 (S.D.N.Y. 2010) (*citing Townes v. City of New York*, 176 F.3d 138, 145, 149 (2d Cir. 1999), *cert. denied*, 528 U.S. 964). "[T]he fact that evidence which served the basis for an arrest is later suppressed does not, for purposes of a § 1983 claim, eviscerate the validity of the officer's decision based on his awareness of that evidence at the time of arrest." *Miller v. Carney*, No. 9:12-CV-972, 2014 WL 4677054, at *8 (N.D.N.Y. Aug. 7, 2014).

Plaintiff also asserts that all evidence of the NIK test should be precluded unless Defendant provides Plaintiff's counsel with "retention policies." Dkt. No. 104-1 at ECF pp. 17-18. Tellingly, Plaintiff provides no legal authority to support that baseless assertion, and no such evidentiary requirement exists. Moreover, there is no claim in this case about an alleged failure to follow a State Police policy. "[A] violation of a department directive or policy … does not support a claim of a violation of a New York state law or regulation, much less of section 1983." *Groves v. New York*, No. 9:09-CV-0412, 2010 WL 1257858, at *5 (N.D.N.Y. Mar. 1, 2010), *adopted*, 2010 WL 1257942 (N.D.N.Y. Mar. 26, 2010). In sum, Plaintiff's motion should be denied.

## POINT V

### QUALIFIED IMMUNITY REMAINS A VIABLE DEFENSE IN THIS ACTION AND IS A DISTINCT ISSUE AT TRIAL

Plaintiff asserts that the issue of qualified immunity is entirely "duplicative" of Plaintiff's Fourth Amendment claim. Dkt. No. 104-1 at ECF p. 22. Plaintiff is mistaken. The Second Circuit "remand[ed] for trial on the merits of Sloley's claim and the issue of Eric's entitlement to qualified

7

immunity." *Sloley v. VanBramer*, 945 F.3d 30, 34 (2d Cir. 2019).  Had the Court determined that the qualified immunity defense was not viable in light of the Court's holding concerning the reasonable suspicion standard, there would have been no reason for the Court to remand the case for a trial on the merits of Plaintiff's Fourth Amendment claim <u>and</u> the issue of qualified immunity.

In the event that the Court determines that Defendant's proposed jury instructions and verdict sheet do not adequately address the issue of qualified immunity, Defendant requests permission to submit proposed jury special interrogatories to aid the Court in deciding whether Defendant is entitled to qualified immunity.

## **POINT VI**

### **THE COURT SHOULD INSTRUCT THE JURY ON NOMINAL DAMAGES**

Plaintiff requests that the Court "excise the nominal damages charge from the Court's typical jury instructions." Dkt. No. 104-1 at ECF p. 23.  Plaintiff's request should be denied.

As the Court explained in *Randolph v. Metro. Transportation Auth.*, No. 17-CV-1433, 2019 WL 1567663, at *9-10 (S.D.N.Y. Apr. 11, 2019):

> Plaintiff next claims that the jury should not have been charged regarding its duty to award nominal damages in the event it found of violation of his rights but did not award compensatory damages.  He is wrong.
>
> As explained above, a plaintiff is not entitled to compensatory damages as a matter of law.  In order to recover compensatory damages, a plaintiff must establish that a violation of his rights proximately caused an injury that entitles him to compensatory damages.  To sustain a claim under Section 1983 or a state law claim for battery, however, some award of damages is required.  As the Court of Appeals explained in *Amato*, because plaintiffs will ordinarily "have their [tort] actions dismissed if they do not allege compensable injury," the purpose of nominal damages is to ensure that certain rights "remain actionable regardless of their consequences in terms of compensable injury." *Amato*, 170 F.3d at 318; *see also Carey*, 435 U.S. at 266 (making procedural due process claim actionable by allowing award of nominal damages); *Brooker v. State*, 614 N.Y.S.2d 640, 712 (N.Y. App. Div. 3d Dept. 1994) (allowing recovery of only nominal damages for battery that resulted in no actual injury).

In the absence of proof of actual injury, a plaintiff bringing an action under Section 1983 is entitled to only nominal damages. *Rentas v. Ruffin*, 816 F.3d 214, 223 (2d Cir. 2016) (excessive force); *Patterson v. City of Utica*, 370 F.3d 322, 337 (2d Cir. 2004) (due process violation); *Atkins*, 143 F.3d at 103 (excessive force). A jury has no discretion in an award of nominal damages. If a jury finds a constitutional violation but awards no compensatory damages, the instruction on nominal damages must advise the jury that it "must" award nominal damages. *See Kerman*, 374 F.3d at 131 (false arrest); *Matusick*, 757 F.3d at 64 (First and Fourteenth Amendment violations).

The jury was properly instructed that it "must" award the plaintiff nominal damages if it found that the plaintiff suffered no actual injury as a result of the violation of his rights. No party objected to the substance of the nominal damages charge at the charging conference or after the jury was instructed on the law. The plaintiff does not contend now that the substance of the nominal damages charge failed in any way to conform with the governing law.

Plaintiff complains instead that he was required to make an election regarding the nominal damages instruction. When he opposed the inclusion of the charge, the Court agreed to omit the charge on the condition that, should the jury award the plaintiff no compensatory damages, judgment would be entered in favor of the defendants. Given that choice, plaintiff elected to include the nominal damages charge. He has pointed to no authority to suggest that giving a plaintiff that option violated the law.

Indeed, because an award of at least nominal damages is required to sustain any tort claim and any claim under Section 1983, it may have been more appropriate to deny plaintiff any option regarding inclusion of the nominal damages charge. If the nominal damages charge had been omitted, it may have given the jury a false signal regarding the impact of their verdict on a plaintiff's rights and forced them wrongly to conclude that they had to make an award of compensatory damages even when the evidence did not warrant one.

Here, although Plaintiff claims to have waived his entitlement to seek nominal damages, Plaintiff's proposed jury instruction tells a different story. Plaintiff's proposed instruction on damages states that Plaintiff is entitled to damages in the event that the jury finds liability, but the instruction is conspicuously silent about what the jury should do in the event that it finds in favor of Plaintiff on liability but determines that Plaintiff's damages have no monetary value. *See* Dkt. No. 95 at ECF pp. 12-13. Accordingly, under the pretense of waiving nominal damages, Plaintiff instead seeks to give the jury "a false signal regarding the impact of their verdict on a plaintiff's

9

rights and force[] them wrongly to conclude that they [have] to make an award of compensatory damages even when the evidence [does] not warrant one." *Randolph*, 2019 WL 1567663, at *10.

Accordingly, Plaintiff's motion should be denied, and the jury should be instructed on nominal damages.

## POINT VII

**PLAINTIFF'S MOTION TO PRECLUDE DEFENDANT FROM DISPLAYING OR REFERENCING PLAINTIFF'S MUGSHOT SHOULD BE DENIED[2]**

Plaintiff apparently seeks to preclude Defendant from introducing the photograph of Plaintiff that is contained on the New York State Division of Criminal Justice Service's Repository Inquiry concerning Plaintiff, which the police reviewed when Plaintiff was processed at the State Police station on April 1, 2013 . *See* Defendant's Exhibit D-10.

Plaintiff's motion should be denied. "A suspect's criminal history is a critical part of his identity that officers should know when processing him for detention." *Maryland v. King*, 569 U.S. 435, 450 (2013). When a suspect is booked at a police station, the "task of identification necessarily entails searching public and police records based on the identifying information provided by the arrestee to see what is already known about him." *Id*. at 451. Here, while Plaintiff was being processed at the police station, the officers accessed his criminal history from the New York State Division of Criminal Justice Services which indicated, among other things, that Plaintiff had multiple felony convictions and had been convicted of possessing and selling drugs.

---

[2] Plaintiff apparently also requests that the Court give Plaintiff's counsel money to buy a suit for Plaintiff to wear at trial. Dkt. No. 104-1 at ECF p. 24 n.7. Defendant respectfully defers to the Court's judgment as to whether it is an appropriate use of the Court's scarce resources to finance the purchase of formalwear for Plaintiff, who is currently incarcerated for new crimes he committed subsequent to his filing of this lawsuit.

Such information constituted "computerized information showing pertinent criminal propensities." *Hartline v. Gallo*, 546 F.3d 95, 101 (2d Cir. 2008).

Further, the nature of this case—a challenge to a search performed by police incident to an arrest—will make it obvious to the jury that Plaintiff is an individual who has been arrested. As such, there is no unfair prejudice to Plaintiff in admitting Defendant's Exhibit D-10. *See Brevard v. Schunk*, No. 9:18-CV-00042, 2020 WL 374563, at *2 (N.D.N.Y. Jan. 23, 2020) (rejecting the plaintiff's claim of unfair prejudice, noting that "the jury already will know that Plaintiff was convicted of a crime, by the very nature of his claims against correction officers."). Thus, Plaintiff's motion should be denied.

### POINT VIII

**PLAINTIFF'S MOTION TO PRECLUDE ANY EVIDENCE OF HIS FINANCIAL STATUS AND JOB HISTORY SHOULD BE DENIED**

Plaintiff apparently seeks to preclude any evidence concerning his financial status and job history. Dkt. No. 104-1 at ECF p. 25. Plaintiff's motion should be denied. Such information may be pertinent to the issues of credibility and damages, particularly depending on what testimony Plaintiff offers in his direct case. *See Ferreira v. City of Binghamton*, No. 3:13-CV-107, 2016 WL 4991600, at *14 (N.D.N.Y. Sept. 16, 2016) ("The Court finds that the relevancy of Plaintiff's financial and employment status will depend on the testimony at trial.").

Further, it is legitimate to question whether Plaintiff has a financial motivation for pursuing the present lawsuit. In addition, Plaintiff's history as a drug dealer, including past convictions for possession and sale of drugs, is relevant to the issue of reasonable suspicion that Plaintiff was concealing contraband on his person. Dkt. No. 49 at pp. 8-9.

# POINT IX

**PLAINTIFF'S MOTION TO PRECLUDE DEFENDANT AND ANY OTHER POLICE WITNESSES FROM TESTIFYING ABOUT THEIR AWARDS AND COMMENDATIONS SHOULD BE DENIED**

Plaintiff asserts that Defendant and other police witnesses should be precluded from offering any proof concerning their awards and commendations, which Plaintiff considers to be impermissible character testimony under Rule 404. Dkt. No. 104-1 at ECF pp. 26-27.

Plaintiff's motion should be denied. Defendant intends to offer such evidence for other appropriate purposes, including to show Defendant's experience working with police canines. *See Ferreira*, 2016 WL 4991600, at *11 (determining that the admissibility of evidence concerning commendations or awards earned by police officer witnesses "is specific to context of its attempted introduction and must be deferred until the time of trial.").

# POINT X

**DEFENDANT DOES NOT INTEND TO INTRODUCE EVIDENCE AS TO WHO WOULD PAY A JUDGMENT. HOWEVER, PLAINTIFF SHOULD BE PRECLUDED FROM RAISING THE ISSUE OF INDEMNIFICATION**

Defendant does not intend to introduce evidence as to who would pay a judgment that Plaintiff obtains against Defendant for compensatory damages.[3] By that same token, however, Plaintiff should be precluded from introducing the issue of indemnification by the State. *See Ferreira*, 2016 WL 4991600, at *4 ("Courts have concluded that evidence of indemnification is generally inadmissible as irrelevant.").

---

[3] To the extent that Plaintiff seeks a ruling as to what evidence would be admitted at a punitive damages hearing, Plaintiff's request is premature.

## POINT XI

**PLAINTIFF SHOULD BE PRECLUDED FROM CALLING WITNESSES IN HIS CASE-IN-CHIEF THAT ARE NOT ON PLAINTIFF'S WITNESS LIST**

Plaintiff asserts that he may elect to call Defendant and unspecified "law enforcement witnesses" in his direct case. Dkt. No. 104-1 at ECF p. 29. However, Plaintiff's witness list includes only four witnesses whom Plaintiff might call: Plaintiff, Daphne Rollins, Defendant Eric VanBramer, and former Defendant Bryan VanBramer. Dkt. No. 106. Accordingly, Plaintiff should be barred from calling additional witnesses in his case-in-chief.

## POINT XII

**PLAINTIFF'S DEMAND THAT EVERYONE REFER TO PLAINTIFF'S COUNSEL AS "PROFESSOR GREEN" SHOULD BE DENIED**

Plaintiff demands that "everyone" refer to Plaintiff's counsel as "Professor Green" during the trial. Dkt. No. 104-1 at ECF pp. 31-32. Plaintiff's request should be denied. Plaintiff's concerns can be fully addressed by using the terms "Attorney Green" or "Plaintiff's counsel." By contrast, the request to be referred to as a professor appears calculated to convey the false impression to the jury that Plaintiff's counsel is a more authoritative and knowledgeable figure than the other attorneys in this case. Such expressions of partiality are improper. In addition, Plaintiff's counsel's status as an adjunct professor is not relevant, as this proceeding is a federal trial rather than a college course.

## POINT XIII

**PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING DEFENDANTS' APPELLATE BRIEF AS EVIDENCE OR OFFERING ANY PROOF OR TESTIMONY ABOUT THE CONTENTS OF THAT BRIEF**

Plaintiff apparently seeks to admit into evidence Defendants' appellate brief to the Second Circuit in this case and to question Defendant about the contents of that brief. Dkt. No. 115 at

ECF pp. 4-5; Plaintiff's Exhibit List, Dkt. No. 111.  Plaintiff's motion should be denied, and the Court should preclude any evidence concerning the appellate brief.

Put simply, an appellate brief is not evidence.  *see e.g. Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir. 2003) (observing that a memorandum of law "is not evidence at all."). Further, Plaintiff fails to understand the standard of review that applied to the appeal.  The appeal was taken from this Court's November 8, 2016 Order that granted Defendants' motion for summary judgment.  Dkt. No. 49.  According to the standard of review on a motion for summary judgment, the Court was obliged "to 'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'"  *Sloley*, 945 F.3d at 44 (quoting *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)).  The Defendants' appellate brief was addressed to that standard and sought to show that, even if all inferences about the facts were drawn in Plaintiff's favor, the Defendants were entitled to summary judgment.

At trial, the standard is different: Plaintiff must prove his claim by a preponderance of the credible evidence.  By seeking to introduce Defendants' appellate brief, Plaintiff wishes to mislead the jurors into thinking that they are to treat Plaintiff's allegations in this case as presumptively correct and to resolve all factual inferences in Plaintiff's favor.

Even if the Court could glean some relevant evidence from Defendants' appellate brief, it would be substantially outweighed by the risks of confusing the issues and misleading the jury. The appellate brief discusses, among other things, the procedural history of this case (including the fact that this Court previously dismissed the action), case law, qualified immunity, and claims that have been dismissed.  Placing such material in front of the jury would simply confuse the issues and undermine the effort to have the jury reach its verdict on the basis of the evidence at trial and the Court's instructions as to the law.

In sum, Plaintiff should be precluded from introducing Defendant's appellate brief as evidence or offering any proof or testimony about the contents of that brief.

## POINT XIV

### DEFENSE COUNSEL SHOULD NOT BE PRECLUDED FROM CROSS-EXAMINING NONPARTY WITNESS DAPHNE ROLLINS ABOUT HER PRIOR STATEMENTS, INCLUDING HER STATEMENT THAT SHE WAS AFRAID OF PLAINTIFF

"A witness's prior statement may be offered to impeach that witness's credibility if (1) the statement is inconsistent with the witness's trial testimony, (2) the witness is afforded an opportunity to deny or explain the same, and (3) the opposing party is afforded the opportunity to cross-examine the witness thereon." *United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995) (citing Fed. R. Evid. 613(b)). Here, defense counsel should not be precluded from cross-examining nonparty witness Daphne Rollins about her prior statements, including her statements to the Greene County 911 operator, her statements to the police, her signed statement attached to the domestic incident report, and her statements about being afraid of Plaintiff.

Contrary to Plaintiff's view, asking a question is not the same thing as testifying. Further, Defendant does not intend to introduce the deposition transcriptions themselves as evidence. As Defendant's Exhibit List indicates, the transcription of Plaintiff's deposition and the transcription of Daphne Rollins' deposition are marked for identification, and included in the exhibit binder, so that they may be used on cross-examination in accordance with Rule 32 of the Federal Rules of Civil Procedure. *See* Exhibit List, Dkt. No. 93, Exhibits D-21 and D-22.

In sum, defense counsel should not be precluded from cross-examining nonparty witness Daphne Rollins about her prior statements.

# CONCLUSION

Based on the above reasons, Defendant respectfully requests that the Court deny Plaintiff's motion *in limine* and supplemental motion *in limine*.

Dated: Albany, New York
August 22, 2022

          LETITIA JAMES
          Attorney General of the State of New York
          Attorney for Defendant Eric VanBramer
          The Capitol
          Albany, New York 12224-0341

          By: *s/ Mark G. Mitchell*
          Mark G. Mitchell
          Assistant Attorney General, of Counsel
          Bar Roll No. 516818
          Telephone: 518-776-2583
          Fax: 518-915-7738
          Mark.Mitchell@ag.ny.gov

          By: *s/ Rachael S. Ouimet*
          Rachael S. Ouimet
          Assistant Attorney General, of Counsel
          Bar Roll No. 703304
          Telephone: 518-776-2599
          Email: Rachael.Ouimet@ag.ny.gov

To: Via ECF
    J. Remy Green
    Cohen & Green P.L.L.C.
    1639 Centre Street
    Suite 216
    Ridgewood, NY 11385