

August 26, 2022

Hon. Christian F. Hummel, U.S.M.J.
Northern District of New York
James T. Foley U.S. Courthouse, Suite 509
445 Broadway
Albany, NY 12207

<u>By Electronic Filing.</u>

**Re:   Case No. 14-cv-339, <u>Sloley v. VanBramer.</u>**

Dear Judge Hummel:

As the Court knows, my firm has been appointed to serve as pro bono trial counsel to the Plaintiff in the case above, set to go to trial next week.

I write to ask the Court to permit me to serve a trial subpoena on Daphne Rollins by Facebook message,[1] text message, and a phone call.[2] *See Baidoo v. Blood-Dzraku*, 48 Misc. 3d 309, 5 N.Y.S.3d 709, 716 (N.Y. Cty. Sup. Ct. 2015) (permitting service via Facebook and directing plaintiff to advise defendant via phone call and text message of such service). I do not currently have her home address or email, and understand from conversations with her that she is not at home this week. Serving by another means would be extremely difficult and expensive (and likely ultimately cost the Court money given the nature of my appointment). A copy of the subpoena is enclosed.

I have texted with Ms. Rollins extensively, and up until this week, she was extremely responsive. I have tried at length to get a response, but was unable to. I thus reluctantly have moved to this stage.

The Court has the power to permit service by a wide variety of means — and most Courts have concluded that a creative array of various digital methods satisfies Fed. R. Civ. P. 4 and CPLR 308. In *Ransome v. Epstein*, Judge Koeltl described the Court's general authority to direct and approve alternative service:

> Federal Rule of Civil Procedure 4(e)(1) permits a plaintiff to serve a defendant by following the procedures set forth by state law in the state where the district court is located. New York Civil Practice Law and Rules Section 308 sets forth available methods of service. Where service under §§ 308(1), (2), or (4) – which generally provide variants of personal service – is impracticable, § 308(5) provides that the Court may approve alternative service methods. *See,*

---

[1] I have found, based upon various public information, what I have some confidence is Ms. Rollins' Facebook page at <u>https://www.facebook.com/daphne.rollins</u>

[2] Given the time pressure here, I am making this motion at the same time I am furnishing a copy of the subpoena to opposing counsel (although arguably that service is not required). *See* Fed. R. Civ. P. 45(a)(4).



*e.g., Rampersad v. Deutsche Bank Sec, Inc.*, No. 02- cv-7311(LTS)(AJP), 2003 U.S. Dist. LEXIS 7861, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003). Service under § 308(5) requires a showing of impracticability of the other methods of service, but does not require a showing of due diligence. *Id.*

2018 U.S. Dist. LEXIS 15295, at *2-3 (S.D.N.Y. Jan. 30, 2018). Using similar logic, a variety of courts have issued opinions that "approved multi-prong approaches to service before, in contexts that at the time arguably appeared more novel than this, … that included text messaging." *Marvici v. Roche Facilities Maint. LLC*, 2021 U.S. Dist. LEXIS 193094, at *10 (S.D.N.Y. Oct. 6, 2021) (collecting cases).

Here, text messages are particularly reliable for a few reasons: (1) Ms. Rollins has previously communicated with me by text message; (2) we both use iPhones and while her "read receipts" are turned off, I can see from the "delivered" message that her phone is currently on and in service; and (3) it will be "backstopp[ed]" (*Marvici*, 2021 U.S. Dist. LEXIS 193094 at *10)by the phone call (with voicemail) and Facebook message.

As ever, I thank the Court for its time and consideration, and apologize for the late Friday afternoon motion.

Respectfully submitted,

/s/

_____

J. Remy Green
        *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosure.

cc:
All parties by ECF.

COHEN&GREEN

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com