UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAXMILLIAN SLOLEY,

                              Plaintiff,

     v.                                                      1:14:CV-339 (CFH)

ERIC VANBRAMER,

                              Defendant.

---

HON. CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE

## JURY INSTRUCTIONS

## I. INTRODUCTION

Now that you have heard all of the evidence and the arguments of counsel, it is my duty to instruct you on the law applicable to this case. You must base your decision on what I now tell you, and not the instructions that I gave you at the beginning of the case.

### A. Role of Jurors

Your duty as jurors is to determine the facts of this case based on the admitted evidence. Once you have determined the facts, you must apply the law to those facts. The law you apply must be the law as I instruct to you now. You must consider and apply all of these instructions. It is the application of these instructions in their entirety that states the law. You should not worry yourselves with the wisdom of any rule of law. Jurors are required to accept and apply the law as I give it to you, whether you agree with it or not.

### B. Bias/Prejudice/Sympathy

In deciding the facts of this case, you must not be swayed by feelings of bias, prejudice, or sympathy toward either Plaintiff or Defendant. You are not to consider what the parties' reaction to your verdict may be, whether it will please or displease anyone, be popular or unpopular, or any consideration outside of the case as it has been presented to you in this courtroom. You should consider only the evidence, both the testimony and the exhibits. The proper

*[handwritten sticker: Court exhibit 2  JDS 8/30/22]*

administration of justice requires that you carefully and impartially consider all of the evidence in the case, follow the law as the Court states it, and render a decision based on the application of the law to the facts as you find them to be.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case. It is not my job to determine the facts of this case -- it is yours. Similarly, you must not infer from anything I have said during this trial that I hold any views for or against either Plaintiff or Defendant. In any event, any opinion I might have is irrelevant to your decision.

## II. ROLE OF THE ATTORNEYS

Our courts operate under an adversary system in which we hope that the truth will emerge through the competing presentations of opposing parties. It is the responsibility of the attorneys to press as hard as they can for their respective positions. It is their role to call your attention to those facts which are most helpful to their side of the case. In fulfilling that role, they have not only the right, but the obligation, to make objections to the introduction of evidence they believe is improper.

The application of the rules of evidence is not always clear, and lawyers often disagree. It has been my job as the judge to resolve those disputes. It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case and are not to be considered as points scored for one side or the other.

Similarly, one cannot help but become involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest between attorneys. You are to decide this case solely on the basis of the evidence and remember that the attorneys' statements and characterizations of the evidence are not evidence. Insofar as you find their opening and/or closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in this case that counts.

Questions asked by the attorneys are also not evidence. Only the witnesses' answers are evidence.

## III. EVIDENCE

### A. EVIDENCE, GENERALLY

As I stated earlier, your duty is to determine the facts based on the *evidence* that I have admitted. The term "evidence" includes the sworn testimony of witnesses, no matter who called that witness; exhibits that the Court

has received; depositions; affidavits; stipulations; and any facts that have been judicially noticed.

What is not considered evidence, and what may not be considered, includes any responses which I ordered stricken from the record. I realize that you cannot remove those answers from your memories, but I instruct you that, as a matter of law, you may not rely on them during your deliberations. Additionally, as I indicated before, I instruct you that you are not to consider as evidence questions the attorneys asked or objections they made. If I sustain an objection to any evidence or order evidence stricken, you must ignore that evidence and not consider it.

Do not consider anything you may have seen or heard when the Court was not in session, even if it was said or done by one of the parties or witnesses to this case.

Although you should consider only the admitted evidence, you may draw inferences from the testimony and exhibits which are justified in light of your common experience. As I explained in my preliminary instructions, the law recognizes two types of evidence – direct and circumstantial.

Direct evidence is the testimony of one who asserts personal knowledge, such as an eyewitness.

Circumstantial or indirect evidence is proof of a chain of events which points to the existence or nonexistence of certain facts. Again, the use of logic.

Here's an example of circumstantial evidence: assume when you came into court today, the sun was shining. Assume there are no windows in the courtroom, so you cannot see outside. Later in the day, someone walked into the courtroom with a dripping umbrella. Since you cannot look outside to see if it is raining, you have no direct evidence that it is raining. However, concluding that it is raining based on seeing the person's dripping umbrella would be a reasonable, logical conclusion. That conclusion is circumstantial evidence.

The law does not distinguish between the weight to be given to direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You may rely on either type of evidence in reaching your decision.

## B. INFERENCE

You have heard me use the term "inference." In your deliberations, you may make inferences on the basis of your reason, experience, and common sense.

## C. OBJECTIONS/STRICKEN TESTIMONY/SIDEBARS

During the trial, the attorneys for both plaintiff and defendant have made many objections. This is something they are required to do. The Court's rulings

on these objections are not to be considered by you in any respect. The lawyers have a duty to make whatever legal objections they feel are proper relating to the admission of evidence. Although the interruptions caused by the objections may be annoying or frustrating at times, you must understand that the law provides for the objection procedure to ensure a fair trial for both sides.

When the Court has sustained an objection, or not allowed the question, you must disregard the question and may not speculate, or guess, as to what the answer may have been. If the Court has overruled an objection, which means the Court has permitted the question, you may consider the answer. However, in making these rulings, the Court has not expressed any opinion as to the weight or effect of this evidence.

If the Court has stricken testimony, the reason for it being stricken is of no concern to you. You must disregard any stricken testimony and not consider it.

During the trial, there may have been conferences held at the judge's bench or in his chambers, and out of your hearing. These conferences relate to matters or law. These conferences or their purposes may not be part of your consideration.

## IV. EVALUATION OF EVIDENCE

### A.  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

Plaintiff bears the burden of proof in this case. To say that a party has the burden of proof on a particular issue means that, considering all the evidence in the case, the party's claim on that issue must be established by a fair preponderance of the credible evidence.

The "credible evidence" means the testimony and exhibits that you find worthy of belief.

A "preponderance" means the greater part of the evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side to present their case. The phrase "preponderance of the evidence" refers to the quality of the evidence, its weight, and the effect that it has on your minds.

In order for plaintiff to prevail on an issue for which he has the burden of proof, the evidence that supports his claim on that issue must appeal to you as more nearly representing what happened than the evidence defendant presented in opposition. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must decide the question against the party who has the burden of proof and decide in favor of the opposing party.

### B.  CREDIBILITY OF WITNESSES

You have had the opportunity to observe all the witnesses. It is your job to decide how believable each witness was. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

Now, in evaluating a witness' testimony, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that the witness may have shown for or against either party, as well as the interest that the witness may have in the outcome of the case. You should also consider the specific attributes of the witness; for example, whether the witness has been convicted of a felony, that is, a crime for which a person may receive a prison sentence of more than one year.

You should consider what opportunity the witness had to see, hear, and know the things about which the witness testified, the accuracy of the witness' memory, candor or lack of candor, the reasonableness and probability of the witness' testimony, the testimony's consistency or lack thereof, and its corroboration or lack of corroboration with other credible testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

If you were to find that any witness willfully testified falsely as to any material fact -- that is, to an important matter -- the law permits you to disregard the entire testimony of that witness based on the principle that a person who testifies falsely about one material fact is likely to testify falsely about other important matters. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness' testimony as you deem true and disregard what you feel is false. By the processes which I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to that testimony.

In other words, what you must try to do in deciding credibility is to size up a witness in light of the witness' demeanor, the explanations given, and all of the other evidence in the case. Remember, you should always use your common sense, your good judgment and your own life experiences. Also remember that the existence or non-existence of a fact is not determined by the number of witnesses called. Your concern is with the quality not the quantity of evidence.

**C.    INTEREST IN OUTCOME/WITNESS BIAS**

5

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. An in the outcome could create a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

In assessing a witness' testimony, you can also take note of any hostility or affection he or she may have toward any of the parties.

### D.  INCONSISTENT STATEMENTS/FALSUS IN UNO

A witness may be impeached – or, in other words, discredited -- by contradictory evidence or by evidence showing that, at some other time, the witness said or did something, or failed to say or do something, that is inconsistent with the witness' present testimony. If the witness is not a party to this action, this earlier, inconsistent out-of-court statement may be considered for the sole purpose of judging the witness' credibility; however, it may not be considered as evidence of proof of the truth of the statement.

On the other hand, where the witness is a party to the case – plaintiff or defendant -- and by such statement or other conduct admits some fact or facts against the witness' interest, then this statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

If you believe any witness has been impeached or discredited, you may give the testimony of that witness such credibility, if any, you think it deserves. If a witness is shown to have knowingly or intentionally testified falsely about any relevant and significant matter, you have a right to distrust this witness' other testimony, and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves. You can accept portions of someone's testimony you deem true and disregard any portions you believe to be false.

### E.  PRIOR CONVICTIONS

You have heard evidence that Plaintiff has been convicted of crimes. You may consider that evidence only in deciding whether the testimony provided by

6

Plaintiff is truthful in whole, in part, or not at all. A conviction does not necessarily destroy a party or witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony. You may not consider this evidence for any other purpose.

### F. ALL EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in this case.

### G. STATE NOT A DEFENDANT

During your deliberations, you must understand that the State of New York and the New York State Police are not defendants in this case. The only defendant in this case is Eric VanBramer. You are to consider Eric VanBramer's potential liability only on the basis of the evidence presented in this case.

## V. SUBSTANTIVE CHARGES

### A. 42 U.S.C. § 1983

Plaintiff has brought his claim pursuant to 42 U.S.C. § 1983, which provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .

I will refer to this statute simply as "Section 1983."
Section 1983 does not create any right in and of itself but it serves as a means by which individuals can seek redress in this Court for alleged violations of their substantive rights under the United States Constitution.
I will now explain the three elements of Section 1983 that plaintiff must prove, by a preponderance of the credible evidence:

7

<u>First</u>, the plaintiff must establish that the acts of the defendant were done under "color of state law." What this means is that the acts complained of must have occurred while the defendant was acting, or purporting to act, in the performance of his official duties.

<u>Second</u>, the plaintiff must establish that the defendant's conduct deprived him of a right or rights secured by the Constitution or federal law.

<u>Third</u>, the plaintiff must establish that any injuries he may have sustained were proximately caused by the defendant's alleged unconstitutional conduct.

To succeed, the plaintiff must establish all three elements by a preponderance of the credible evidence.

It is not disputed that defendant, as an employee and official employed by the New York State Police, acted under the color of state law in the routine course of his duties.

However, defendant denies that he violated plaintiff's Fourth Amendment rights.

## B. VISUAL BODY CAVITY SEARCH

Here, Plaintiff claims that Defendant Eric VanBramer violated his Fourth Amendment rights on April 1, 2013, while plaintiff was being booked at a New York State Police Barracks in Greene County, New York. Specifically, Plaintiff alleges that defendant Eric VanBramer violated his Fourth Amendment rights when he conducted a strip search and visual body cavity search of plaintiff at the police barracks. A strip search occurs when a suspect is asked to remove his clothes. A visual cavity search is one in which the police observe the suspect's body cavities without touching them.

The Fourth Amendment protects persons from being subjected to an unreasonable search while being arrested or while being detained after an arrest. A visual cavity search occurring in connection with an arrest must be based on a reasonable suspicion that the arrestee is hiding evidence inside the body cavity to be searched. Although a mere hunch does not create reasonable suspicion, the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause.

The officer's reasonable suspicion must be based on specific and articulable facts, along with rational inferences taken from those facts.

To assess whether a search is reasonable or unreasonable under the Fourth Amendment, you are to assess the "totality of the circumstances." In other words, you are to consider all of the factors surrounding the arrest and the search to assess whether the officer had a particularized and objective basis for suspecting legal wrongdoing. In short, the relevant question is do the circumstances of the plaintiff's arrest support a reasonable suspicion that he was hiding contraband in or on his person?

### C. Negligence is not a Basis for Liability

If you determine that the Defendant was merely negligent or, in other words, acted in a way that reflected a lack of due care for the Plaintiff, but that he did not in a way that violated the Plaintiff's Fourth Amendment rights, as described above, then you must find in favor of the defendant.

### D. Proximate Cause

An injury or damage is proximately caused by an act, or failure to act, when it appears from the evidence in the case that the act or omission played a substantial part in brining about or actually causing the injury or damage to plaintiff, and that plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission. To find in favor of plaintiff, you must find that defendant proximately caused plaintiff's injuries.

### E. DAMAGES

#### 1. GENERALLY

If Plaintiff has proven by a preponderance of the credible evidence that Defendant is liable on any of his claims, then you must determine the amount of damages to which Plaintiff is entitled for that claim. However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide the issues of liability outlined above, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery.

#### 2. COMPENSATORY DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, resulting from Defendant's violation of Plaintiff's rights. If you find that Defendant is liable on one or more of Plaintiff's claims, as I have explained it, then you must award Plaintiff sufficient damages to compensate him for any injury proximately caused by that Defendant's conduct. An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission was a substantial contributing factor in causing the injury or damage.

These are known as compensatory damages, which are also called actual damages. Compensatory damages seek to make Plaintiff whole – that is, to compensate him for any damage he may have suffered. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of defendant's conduct.

You are to use your sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

### 3. NOMINAL DAMAGES

If you find that Plaintiff has failed to prove that he is entitled to compensatory damages but that the Defendant violated Plaintiff's Fourth Amendment rights, you must award Plaintiff nominal damages in the amount of one dollar.

You may not award Plaintiff both nominal and compensatory damages if you find that the Defendant violated his rights. In other words, if you find that the Defendant violated Plaintiff's rights and that he was measurably injured, you may award him compensatory damages. On the other hand, if you find that the Defendant violated Plaintiff's rights but that he was not measurably injured, you must award him nominal damages. If you find that Plaintiff's constitutional rights were violated and award nominal damages, you may also consider whether Plaintiff is entitled to an award of punitive damages. You may consider the issue of punitive damages whether or not you award Plaintiff any compensatory damages on his constitutional claims. Compensatory damages are not awarded by punishment or by way of sympathy.

### 4. PUNITIVE DAMAGES

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing similar acts in the future.

I must emphasize, however, that at this stage of the proceedings, you are only to consider whether or not Plaintiff is entitled to such an award of punitive damages against the Defendant. If you determine that Plaintiff is entitled to such an award, you will be asked to determine what amount such an award should be at a separate hearing concerning this issue. Therefore, you are not to consider the amount of punitive damages, if any, you believe Plaintiff is entitled to receive.

You may conclude that Plaintiff is entitled to punitive damages if you find that if the Defendant's acts or omissions were done maliciously or wantonly. An act is maliciously done if it is prompted by ill will or spite towards the injured person. An act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. In order to justify an award of punitive damages, Plaintiff has the burden of proving, by a preponderance of the evidence, that the Defendant acted maliciously or wantonly with regard to his rights.

Please remember that at this stage of the proceedings, you are only to consider whether or not Plaintiff is entitled to such an award of punitive damages. If you determine that Plaintiff is so entitled, a separate hearing will be held at which you will hear evidence relevant to the amount of punitive damages. Although many of the same considerations apply to a determination of the amount of a punitive damages award, the Court will have specific instructions for you regarding this determination, should it become necessary.

### VI. CONCLUSION

I have now outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes, you

will retire to the jury room for your deliberations. Your first order of business in the jury room will be to elect a foreperson. The foreperson's responsibility is to ensure that deliberations proceed in an orderly manner. The foreperson's vote is not entitled to any greater weight than the vote of any other juror.

When you are in the jury room, please listen to each other and discuss the evidence and issues. It is the each of your duty, as jurors, to consult with each other. You must deliberate with a view toward reaching an agreement, but only if you can do so without violating your individual judgment and conscience. Your job as jurors is to reach a fair conclusion from the law and evidence. The parties and the Court are relying on you to give your full and conscientious consideration to the issues and the evidence before you.

In order to return a verdict, it must be unanimous. It is necessary that every juror agree. If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my any of instructions, you may ask to return to the courtroom to have the testimony read to you or my instructions repeated or further explained. Please note that the read-back of testimony may take some time and effort. First make a conscientious effort to resolve any questions as to testimony through your collective recollections.

If you wish to communicate with the Court during your deliberations, please put your message or question in writing. The foreperson should sign the note and pass it to the Court Security Officer/Marshal who will bring it to my attention. I will then respond, either in writing or orally, by having you returned to the courtroom.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not, however, surrender your honest convictions because of the opinion of a fellow juror or for the purpose of returning a verdict. Remember you are not partisans. You are the judges -- judges of the facts. Your duty is to seek the truth from the evidence presented to you, while holding the parties to their burdens of proof.

Once you have reached a unanimous verdict, your foreperson should fill in the verdict form, date and sign it, and inform the Court Security Officer/Marshal that you have reached a verdict. After the Court has received your verdict, you may be asked some additional questions. The Court has prepared a verdict form for you. I will now review it with you.