UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Maxmillian Sloley,
 Plaintiff.

 v.

Eric Vanbramer,
 Defendant.

14-cv-339



---

Post-verdict motion in accordance with Federal Rules of Civil Procedure.

Post-verdict motion in accordance with Federal Rules of Appellate Procedure.

---

  This motion is a request for the Court to reverse the erroneous verdict by the jury.
  The Plaintiff's trial was overwhelmed with so much inflammatory and prejudicial statements that clearly caused the jurors to be biased. That is obvious when the jurors only deliberated for about 20-30 minutes. Which is very rare. That proves that the jurors already had their minds made up before deliberations even began. It seems they overlooked the legally primary issue of an illegal and unconstitutional strip search/visual cavity search. The trial, which was a civil complaint against the defendant, who is a police officer, turned into the Plaintiff being on trial. A criminal trial at that, due to the jury being told repeatedly about the Plaintiff's criminal history, in addition to numerous other inflammatory comments. Some of which were false. Yet, still highly prejudicial to the Plaintiff. These inflammatory comments obviously poisoned the jury's mind and mislead them to believe that the Plaintiff is a violent drug dealer, and a career criminal that is a woman beater. The opposition made statements that they were forbidden to present to the jury, but they chose to present these comments anyway to cause the jury to be biased against the Plaintiff. One statement, by one of the Vanbramer brothers, was that he tried to brake Ms. Rollins' back during a dispute. This was obviously a deliberate lie that poisoned the jury's mind. She never needed, wanted, or requested medical attention. Either the AGA or one of the Vanbramers lied and told the jury that he had several felony convictions for drugs. This was also a false and prejudicial statement that poisoned the jury's mind, due to the fact that the initial incident was him allegedly having drugs in his possession. Repeatedly commenting on the criminal history of the Plaintiff denied the Plaintiff a fair trial. Constantly making irrelevent, inadmissable, and inflammatory comments was highly prejudicial to the Plaintiff and denied the Plaintiff a fair trial. Making comments about prior civil complaints by the Plaintiff against other governmental agencies is irrelevant, but yet was used by the opposition to paint a picture to the jury that the Plaintiff has a tendency to file frivolous lawsuits looking for a financial handout. Prior civil complaints had absolutely no connection or relation to this current complaint. This

1

information served no legally proper purpose to the jury but to cause prejudice and bias. The AGA made the trial seem like it was about the Plaintiff's criminal history. Criminal history and prior lawsuits is irrelevant to this trial and only mislead the jurors away from the facts of law. The fact that the Plaintiff was unconstitutionally searched. The AGA also brought up other irrelevant issues. Such as the Plaintiff having a restraining order/order of protection with a female that had absolutely nothing to do with this case/trial. This was just another tactic used to poison the mind of the jurors into believing that the Plaintiff is a violent woman beater. There were issues that the Magistrate forbid the AGA from presenting that the AGA chose to present anyway just to cause prejudice and bias and deny the Plaintiff a fair trial. And in addition to these irrelevant, inflammatory, inadmissable, and prejudicial statements, the officers, Bryan and Eric Vanbramer clearly indulged in deliberate and intentional perjured testimony. Due to all of these things, the jury already had in their minds way before deliberation that he was a violent drug dealer with several felonies that likes to assault women. This trial shifted from Eric Vanbramer being on trial for violating the Plaintiff's Constitutional rights, to the Plaintiff being on trial for his criminal history. And for a jury to deliberate for 20-30 minutes shows proof that the prejudicial bias was overwhelming. The jury totally overlooked the fact that the Plaintiff was subject to a visual cavity search, and a strip search for no valid reason, other than the officer abusing his authority for a fishing expedition. Even though his reason for searching the Plaintiff was outrageous and unbelievable. The jury still decided a verdict in his favor, which prompts the belief that a white police officer will always be credited over a Black person. Especially a Black person with a criminal history. Especially by an all white jury whose natural instinct is to believe that white police officers are always right, and a Black man with a criminal history is prone to be dishonest. <u>And the AGA's misconduct that poisoned the jury's mind added to this injustice.</u>

    Majority of defendant Eric Vanbramer's testimony was false. Him and his brother, Bryan Vanbramer committed intentional perjury under oath. The outrageous and unbelievable story about drugs being found in the driver's seat still does not allow the Plaintiff to a strip search and visual cavity search. Even though the only people that seen these alleged drugs were the Vanbramer brothers, which is coincidentally suspicious. Why weren't these alleged drugs seen by anyone but those two? A test kit alone without any drugs shows that the credibility of these officers and their story is fabricated. This trial was overshadowed with perjured testimony by the Vanbramer brothers. It was also overshadowed by highly irrelevant, inflammatory, and inadmissable information that caused extreme bias and denied the Plaintiff a fair trial. Even if some comments were not objected to doesn't matter. This is plain error. This is also fundamental error that can't be considered as harmless. Curative instructions from the court can not erase the inflammatory comments from the jury's mind. One or two comments is one thing. But when the entire trial is riddled with constant inflammatory and prejudicial comments

can not be cured or remedied by any means......"Planting one poisonous seed in the mind of the jury is bad enough, but when numerous poisonous seeds are planted, and these seeds are allowed to grow into fully grown poisnous trees can not be anything but harmful and prejudicial to the Plaintiff". <u>The opposition should not be rewarded with a favorable verdict for this malicious misconduct and lack of integrity.</u>

This case comes down to common-sense. If Eric Vanbramer's theory and story was true, drugs would have been seen and/or found on the clothes and/or body of the Plaintiff. But it wasn't. The package, or wrapper, or container that the drugs were in would have been seen and/or found. But it wasn't. It is pretty much impossible to possess, handle, and try to hide drugs in the anal area, and then get strip searched and visual cavity searched and have absolutely no trace of drugs found on the body or the clothing. This story is impossible and outrageously unbelievable. Which clearly results in the fact that Eric Vanbramer lied about finding drugs in the driver's seat. When the Deputies took the Plaintiff into custody that morning, they searched the Plaintiff's vehicle and they did not find any drugs. Yet, mysteriously, Eric Vanbramer allegedly finds drugs. Yet, nobody else seen these drugs besides his brother, Bryan. They allegedly claim, without evidence, that Ms. Rollins said that Sloley had drugs. Then they also said that she said that he was involved in drug activity. Which one is it? Eric Vanbramer never spoke to Ms. Rollins. This was all hearsay statements, which are inconsistent, contradictory, and most importantly false. Eric Vanbramer never had a reason to believe that the Plaintiff was concealing drugs in his anal area. He was just hoping that he would get lucky and find something. But he didn't. And the fact that he is a white police officer and, Sloley, a Black man with a criminal history doesn't make his outrageous lies more believable, nor does this make Mr. Sloley's account of these events untrue. It may to the jury. But then again, the jury is a jury of his peers. Not peers of the Plaintiff. This jury is from the upstate rural and suburban areas where these people have no knowledge or experience about racial stereotype. Or about the unfair and racially biased and selective treatment that officers have and use towards people of color. Once the jury has been presented with statements of the Plaintiff being convicted of prior crimes, the jury will not see the Plaintiff as one of their peers. Especially a Black man with prior convictions. They will view the defendant as one of their peers. Not the Plaintiff. They will also assume that a visual cavity search and a strip search is allowable, and that the officer is justified in his actions. They will see the Plaintiff as a criminal that deserves whatever treatment an officer subjects the Plaintiff to. A jury of peers for the Plaintiff would have been atleast one minority on the jury. Or at worse, atleast one person from within an inner-city area or from an urban area that has knowledge and experience with police officers that commit bad and unethical acts. Especially to minorities. Once the AGA and the officers repeatedly made inflammatory and prejudicial comments removed any possibility of the jury seeing the Plaintiff as one of their peers. So much prejudicial comments were made that caused the jury to view the Plaintiff as nothing but a

3

criminal and nothing else, which denied the Plaintiff a fair trial.

Both officers testified that the drugs were about a half-gram or less than a half-gram. So then where is this half-gram or less? Investigator LaRuffa testified that he only recieved a test-kit for disposal/destruction. He stated that he never recieved any drugs as evidence. The only evidence of drugs is the self-serving hollow claims made by the Vanbramer brothers. Absolutely no physical evidence seen or witnessed by anyone. A test-kit alone without the drugs that were allegedly tested falls short of being sufficient, convincing, or even possible. Are they claiming that he put all of the drugs in the test kit? Why would an officer do that and destroy all of the evidence? That is absurd and ridiculous. You can not prosecute a case with only a test kit and no drugs. Nor can you plausibly substantiate your claim of finding drugs without any proof of drugs and just a test kit. The defendant failed to prove that he found any drugs in the Plaintiff's car. A statement alone does not substantiate a claim of tangible evidence. Nor does a drug test kit. The defendant also failed to prove that he had reason to believe that the Plaintiff was concealing any drugs in his anal area, or anywhere else on his person. These alleged drugs were never weighed or photographed. Which is more evidence and proof that no drugs were ever found. So what happened to this half-gram or less? Did it mysteriously vanish? The fact of the matter is that this half-gram or less never existed. And the trial did not reveal any evidence to prove that there was any reasonable suspicion that Plaintiff concealed any drugs to allow the Plaintiff to be strip searched or visual cavity searched. The jury's verdict was erroneous and did not support any legal standard or RULE OF LAW. Their verdict was clouded and mislead by prejudice and bias due to all the inflammatory comments that were made in addition to being sympathetic with the defendant after hearing his self-serving, unfounded and unproven allegation about him and his K-9 finding two children in a snow bank. There is no proof to this story. Nor is this story relevant to the case in any way but to play on the jury's sympathy. Just another concocted perjured story looking to have the jury side in his favor. Also misleading the jury and having them side in his favor is stating that he was awarded Trooper of the year. Even after the court has ordered that statement not allowed the opposition mentioned it anyway against the court's order. Which shows a lack of integrity by the opposition. The jury's verdict was not based on FACTS or LAW. It was based on them showing favoritism to officer Vanbramer and being biased against the Plaintiff for being labeled as a violent drug dealing woman beater by the opposition. Which obviously caused the jury to deliberate in less than a half-hour. There was also impeachment evidence that the Plaintiff was not allowed to use that denied Plaintiff a fair trial. There was a document that presented evidence that Bryan and Eric Vanbramer illegally strip searched an elderly Black man named Aaron King on a public street in the open. The document stated a State Trooper K-9 unit assisted Bryan Vanbramer. At the time of this incident, both Eric and Bryan worked the same exact shift in the same exact area. That K-9

4

officer was undoubtedly Eric Vanbramer. Yet, and still, Eric Vanbramer perjured himself by stating that he doesn't know anything about that document or incident. If the jury would have been presented with this impeachment document would have allowed them to be informed and knowlegdable of the propensity of both brothers to be dishonest and conduct unconstitutional strip searches. Which coincidentally and suspiciously happened to another person of color. This would have been enough to persuade the jury to discredit their testimony and issue a verdict in favor of the Plaintiff.

During voir dire, one of the (male) jurors stated that he would not credit the testimony of someone with numerous/multiple convictions. That being said, the opposition capitalized off of this and made a prejudicial comment that the Plaintiff has several felonies for drugs. This was false information that they new to be false. This caused extreme bias since they alleged that he possessed drugs on the morning of the incident. They made this intentionally false comment to poison the jury's mind. A verdict that resulted from intentional perjury, and irrelevant, inadmissable, and inflammatory comments that caused bias and prejudice is an invalid and erroneous verdict, and must not stand.

This juror should have been dismissed once he stated that he will not credit the testimony of someone with multiple and/or numerous convictions, since the jury was allowed to hear that the Plaintiff has numerous/multiple convictions. This statement by that juror clearly established on the record, his bias that which denied the Plaintiff a right to an impartial jury, which equates to a denial of a fair trial.

The Magistrate failed to make inquiries to the jurors to establish any potential racial biases that is harmful to the Plaintiff. To avoid and eliminate any racial bias or the potential and possibility for racial bias must be done during the voir dire stages. Especially in this specific case when the entire jury is all-white. The defendant police officer is white also. The Plaintiff is the only minority within the entire courtroom. Race-based inquiries must be presented to the jurors to ensure the Plaintiff's right to an impartial jury, which would also ensure the Plaintiff's right to a fair trial. The court inquired about any bias or prejudice or the possibility for any bias or prejudice towards the fact that members of the LGBTQ community were part of the court proceedings. But, yet, failed to inquire about any possible biases toward the defendant being Black. This LGBTQ inquiry was not in reference to the Plaintiff. Nor did it ensure any protection for the Plaintiff. By overlooking the racial inquiry to safegaurd the Plaintiff, and by not establishing on the record that the jury has no agendas due to any racial bias or prejudice denied the Plaintiff the right to an impartial jury, which equates to an unfair trial.

After voir dire was complete, a female juror was added to the jury. This female juror was never presented with any of the voir dire questions. She was just added to the jury without any questions at all to establish any prejudices or possible prejudices. Failing to present this last minute juror with any form of inquiries to establish on the record her state of mind clearly

5

denied the Plaintiff his right to an impartial jury. And a lack of an impartial jury equates to an unfair trial.

## FACTORS THAT DENIED THE PLAINTIFF A FAIR TRIAL

1) Allowing the jury to hear that Plaintiff has prior convictions.

2) Allowing the jury to hear that Plaintiff has prior drug convictions.

3) Allowing the jury to hear about Plaintiff's current conviction which he is currently incarcerated for.

4) Allowing the jury to hear about the Plaintiff's alleged aliases.

5) Allowing the jury to hear about the Plaintiff's prior lawsuits.

6) Allowing the jury to hear that Plaintiff was on parole/supervised release during the time of the incident.

7) Allowing the jury to hear that defendant Vanbramer was awarded Trooper of the year.

8) Allowing the jury to hear that the Plaintiff had a restraining order with a female that had nothing to do with this case.

9) Allowing the jury to hear the defendant's irrelevant, unproven and most likely false allegation about him and his K-9 finding 2 kids in a snowbank.

10) Not allowing Eric and Bryan Vanbramer to be impeached about strip searching Aaron King, an elderly man of color, in the public street. Which is unconstitutional.

11) The Court's failure to inquire into the possibility of racial prejudice during voir dire, (Ham v. South Carolina, 409 US 524).

12) Failing to dismiss the male juror who stated his biased and prejudicial discriminations towards the Plaintiff due to the Plaintiff's prior convictions.

13) Failing to question the last minute addition female juror about any possible prejudices, which is required with the standard procedures of voir dire.

14) Eric and Bryan Vanbramer commiting intentional perjury. Such as denying knowledge of illegally strip searching Mr. King in public. Stating that the Plaintiff tried to break Ms. Rollins back. Stating that the Plaintiff has several drug convictions. Stating that the K-9 is not allowed to roam freely inside the vehicle, yet testimonial evidence proved that muddy paws were all over the front and back seats.
Claiming that drugs were found in Plaintiff's car, and also claiming that Ms. Rollins informed police that Plaintiff was in possession of drugs, or involved in drug activity.

15) Plaintiff was denied his right to an impartial jury, (Morgan v. Illinois, 504 US 719), (United States v. Nelson, 277 F.3d 164), (Wallace v. Artus, 06-cv-464, NDNY).

## SYSTEMATIC EXCLUSION AND UNDERREPRESENTATION OF JURORS/JURY

The Plaintiff has a Constitutional right to a jury of his peers. Minorities have a Constitutional right to jury duty. The trial jury had absolutely no minorities. Black, or Hispanic. This clearly equates to racial underrepresentation, and a systematic exclusion of Blacks and Hispanics. There also were no potential jurors from any of the areas that have a significant amount of minorities. No potential jurors from any inner-city, or urban areas. All the jurors were from rural and suburban areas, and areas that are mostly and predominantly of white race. This equates to a Constitutional violation of Equal Protection and Due Process. Potential jurors must be drawn from all sections of the community. Not just certain and specific areas that are only white race and all white neighborhoods. This denies the Plaintiff from having a jury of his peers. This also denies minorities their right to jury duty. Albany, Schenectady, and Troy have a significant amount of minorities. Yet, these areas were excluded from being potential jurors. The trial jury was obviously a jury of the defendant's peers. No juror was a possible peer of the Plaintiff. This denies the Plaintiff a fair trial,(Castaneda v. Partida,430 US 482),(Duren v. Missouri, 439 US 357),(Rose v. Mitchell,443 US 545),(Alston v. Manson,791 F.2d 255),(Peters v. Kiff,407 US 493),(Carter v. Jury Commission of Greene County,396 US 320),(Vasquez v. Hillary,474 US 254).
This also denies the Plaintiff a right to an impartial jury, (Morgan v. Illinois,504 US 719),(United States v. Nelson,277 F.3d 164),(Wallace v. Artus,06-cv-464,NDNY).

---

The errors presented in this motion are plain errors,(US v. Riggi,541 F.3d 94),(US v. Elfgeeh,515 F.3d 100), and are also fundamental errors,(Defalco v. Bernas,244 F.3d 286).
And in any event that trial counsel failed to object to any particular issue, is not necessarily fatal to an appeal, when such issues are a miscarraige of justice that seriously affected the trial,(US v. Colabella,448 F.2d 1299).

The Plaintiff had way too many unfair and unconstitutional disadvantages.
While the defendant had way too many unfair and unconstitutional advantages over the Plaintiff.

The Plaintiff proved that he was unconstitutionally strip searched and visual cavity searched.
The Plaintiff proved that he was never in possession of any drugs, on his person or in the vehicle.
The Plaintiff proved that Eric Vanbramer never had a reason to believe that the Plaintiff was concealing drugs in his anal area or anywhere else on his person.

The defendant failed to prove that the Plaintiff was ever in possession of drugs.
The defendant failed to prove that he found drugs inside of the Plaintiff's vehicle.
The defendant failed to prove that he had reason to believe

7

that the Plaintiff was concealing drugs in his anal area, or anywhere else on his person.

---

The Plaintiff requests that this Court overturn the jury's erroneous verdict.

The Plaintiff requests that this Court overturns the jury's verdict in its entirety, which would allow an award of damages, or grant the Plaintiff a new trial. Which the Plaintiff would request a bench trial and waive a trial by jury.

Date: September 20, 2022

x M. Sloley
Maxmillian Sloley
17A0421
Box 338
Napanoch, NY 12458