UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Sloley v. Vanbramer
14-cv-339


U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
OCT 1 4 2022
O'CLOCK
John M. Domurad, Clerk - Albany

Re: Post-Trial motion; Motion to amend and supplement prior post-trial motion that was previously submitted.

Court,

Plaintiff is also entitled to a new trial because the jury charge misstated the law on negligence in a way the Second Circuit has previously found to warrant a new trial. And beyond that, the adjacent instructions gave an erroneous charge that compounded the issue, particularly because in the jury charge the Court gave, it did not read the headings.

First, the Court gave a legally superfluous "negligence" instruction without any break right after the "or on his person." That is, "the relevant question...is the objective (albeit fact-specific) question whether a reasonable officer could have believed [the relevant] warrantless search to be lawful, in light of clearly established law and the information the searching officers possessed. [An officer's] subjective beliefs about the search are irrelevant." Anderson v. Creighton, 483 U.S. 635, 641 (1987). The Circuit has reversed for similar error in jury instructions even without the compounded problem:

> The district court instructed the jury that, to impose liability, it was required to find that Williams "acted intentionally or recklessly" rather than "merely negligently" in performing the acts alleged, and it suggested that if Williams's actions were "merely negligent," Dancy could not recover even if his injuries resulted from that negligence.
>
> We conclude that there was a lack of clarity in the court's instructions that improperly placed the burden on Dancy to prove intent, not only as to the seizure but as to the injury as well. The error was not harmless.

Dancy v. McGinley, 843 F.3d 93, 116 (2d Cir. 2016). The Court here gave exactly the instruction the Dancy Court found problematic----and did so right after an instruction that, at minimum, might have confused the jury into thinking the standard was much lower than it was. And that error was not harmless, because Defendant himself testified he conducted the search intentionally. Standing alone, this instruction would warrant a new trial because, particularly given how short the jury's deliberation was--and Defendant's closing that emphasized how a verdict might "mar" his reputation--it is likely the jury believed that Defendant needed to intentionally violate the law. And given the evidence as developed, there was not much that would support a Plaintiff verdict on that front.

Compounding this problem, in describing the standard for a warrantless visual body cavity search, the Court initially described the standard much as the Circuit itself did in this case: A visual cavity search occurring in connection with an arrest must be based on a reasonable suspicion that the arrestee is hiding evidence "inside the body cavity to be searched." ECF No. 125 at 8 (emphasis added). But "just" after that, the Court summed up its instruction thus: "In short, the relevant question is do the circumstances of the Plaintiff's arrest support a reasonable suspicion that he was hiding contraband in or on his person." . The "in short" invited the jury to disregard what the Court said before: "in short" is followed by the bottom line. And then the Court---using a disjunctive "or"---said a search could comply with the Fourth Amendment if it was supported by "a reasonable suspicion Mr. Sloley was hiding contraband...on his person." But that's legally wrong ---- and precisely what the Circuit rejected. Judge Sharpe's decision --- which the Circuit reversed because it applied the wrong standard --- turned at least in part on whether the undisputed facts "support the conclusion that there was reasonable suspicion that Sloley was concealing contraband on his person." ECF No. 49 at 9 (like the Court's draft instructions, citing Hartline, 546 F.3d at 100). And in evaluating this question, the Circuit made clear the question turned specifically on probable cause as to Mr. Sloley's "anal cavity." 945 F.3d at 44. By focusing

the jury's attention on Defendant's belief relative to Plaintiff's "person" --- rather than "the body cavity to be searched" --- the Court allowed the jury to resolve the case on a standard that Plaintiff readily acknowledges he did not meet. That is, Defendant absolutely had reasonable suspicion for a pat down, or other non-invasive search.

Combined, just as in Dancy, the errors were "not harmless." 843 F.3d at 166. Indeed, as instructed, it is not hard to see why the jury returned so quickly: the Court said Defendant would win if Defendant only showed he had a suspicion drugs were on Plaintiff's person, and he had no specific intent to violate the law. Each of those points runs contrary to binding precedent. And Defendant pounced on the chance to exploit the space between the instruction as given and the law as stated by the Circuit and Supreme Court. Because of that, a new trial is warranted.

The Supreme Court has explained this issue thus:

> In a case like this one, there are, in a sense, two separate state-of-mind questions. The first concerns the defendant's state of mind with respect to his physical acts---i.e., his state of mind with respect to the bringing about of certain physical consequences in the world. The second question concerns the defendant's state of mind with respect to whether his use of force was "excessive." Here, as to the first question, there is no dispute. As to the second, whether to interpret the defendant's physical acts in the world as involving force that was "excessive," there is a dispute. We conclude with respect to that question that the relevant standard is objective not subjective. Thus, the defendant's state of mind is not a matter that a plaintiff is required to prove.
>
> Consider the series of physical events that take place in the world---a series of events that might consist, for example, of the swing of a fist that hits a face, a push that leads to a fall, or the shot of a taser that leads to the stunning of its recipient. No one here denies, and we must assume, that, as to the series of events that have taken place in the world, the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind. That is because, as we have stated, "liability for negligently inflicted harm is categorically beneath the threshold of Constitutional Due Process." Thus, if an officer's taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing harm, the pretrial detainee cannot prevail on an excessive force claim. But if the use of force is deliberate---i.e., purposeful or knowing----the pretrial detainee's claim may proceed. In the context of a police pursuit of a suspect the Court noted, though without so holding, that recklessness in some cases might suffice as a standard for imposing liability. Whether that standard might suffice for liability in the case of an alleged mistreatment of a pretrial detainee need not to be decided here; for the officers do not dispute that they acted purposefully or knowingly with respect to the force they used against Kingsley.

Kingsley v. Hendrickson, 576 U.S. 389, 395-96 (2015).

Date: October 10, 2022

Thank You,

*[signature]*

Maxmillian Sloley 17A0421
Box 338
Napanoch, NY 12458
Eastern NY Correctional Facility

EASTERN NY CORRECTIONAL FACILITY
BOX 338
NAPANOCH, NEW YORK 12458-0338

NAME: Maxmillian Sloley  DIN: 17A0421

ALBANY NY 120
11 OCT 2022 PM 1

Legal Mail

U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK
OCT 14 2022
RECEIVED

Chambers of
Christian F. Hummel
U.S. Magistrate Judge
United States District Court
445 Broadway - Room 441
Albany, NY 12207

Legal Mail