UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAXMILLIAN SLOLEY,

                                               *Plaintiff*,

              -against-                                    14-CV-0339

ERIC VANBRAMER,                                        CFH

                                               *Defendant*.

---

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S POST-VERDICT MOTIONS (Dkt. Nos. 134, 140)**

                                                      LETITIA JAMES
                                                      Attorney General of the State of New York
                                                      Attorney for Defendant Eric VanBramer
                                                      The Capitol
                                                      Albany, New York  12224-0341

Mark G. Mitchell
Rachael S. Ouimet
Assistant Attorneys General, of Counsel

                                                                Date:  November 17, 2022

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT………………………………………………………………………….....…1

I.      PLAINTIFF IS NOT ENTITLED TO A NEW TRIAL UNDER RULE 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE………………………………....1

II.     PLAINTIFF IS NOT ENTITLED TO RELIEF FROM THE JUDGMENT OF DISMISSAL UNDER RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE………………………………………………………………………..5

CONCLUSION……………………………………………………………………………6

## PRELIMINARY STATEMENT

In this § 1983 action, Plaintiff Maxmillian Sloley alleged that Defendant Eric VanBramer, a New York State Trooper, violated Plaintiff's Fourth Amendment rights with respect to a search of Plaintiff at a police station following Plaintiff's arrest on April 1, 2013. The Jury Trial in this action took place from August 29-30, 2022. The jury found in favor of Defendant with a verdict of no cause. By its Judgment, entered on August 31, 2022, the Court dismissed this action in its entirety, and entered judgment in favor of Defendant. Judgment, Dkt. No. 126.

On September 26, 2022, Plaintiff filed a motion to overturn the jury's verdict and grant a new trial. Dkt. No. 134. On October 17, 2022, Plaintiff filed a supplemental motion. Dkt. No. 140. Inasmuch as Plaintiff fails to meet the heavy burden for obtaining the extraordinary relief he seeks, his motion should be denied.

## ARGUMENT

### POINT I

### PLAINTIFF IS NOT ENTITLED TO A NEW TRIAL UNDER RULE 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The Court may "grant a new trial on all or some of the issues … for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). "The general grounds for a new trial are that (1) the verdict is against the clear weight of the evidence; (2) the trial court was not fair; (3) substantial errors occurred in the admission or rejection of evidence or the giving or refusal of instructions to the jury; or (4) damages are excessive." *Lawson v. County of Suffolk*, 920 F. Supp. 2d 332, 339 (E.D.N.Y. 2013). "A district court should grant a new trial motion if it 'is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.'" *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998) (quoting *Smith v. Lighting Bolt Productions, Inc.*, 835 F.2d 966, 970 (2d

Cir. 1987)). "However, the granting of a new trial is an extraordinarily relief, and one that is properly granted only upon a showing of exceptional circumstances." *Utica Mut. Ins. Co. v. Century Indem. Co.*, 419 F. Supp. 3d 449, 467 (N.D.N.Y. 2019) (internal quotation marks omitted).

**Plaintiff's Post-Verdict Motion filed on September 26, 2022 (Dkt. No. 134)**

As an initial matter, Plaintiff devotes the bulk of his motion to describing why he believes that his Fourth Amendment claim against Defendant is meritorious. "This is inappropriate in a motion for a new trial, as Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Flores v. County of Suffolk*, No. 16-CV-2502, 2020 WL 1323075, at *6 (E.D.N.Y. Mar. 18, 2020) (some internal quotation marks omitted).[1]

In any event, Plaintiff fails to meet his heavy burden for obtaining a new trial. Rather, "Plaintiff simply casts his disagreement with the verdict in a vague and conclusory fashion, offering nothing more than general references to testimony and evidence in the record." *O'Connell v. Onondaga County*, No. 5:09-CV-364, 2013 WL 998598, at *2 (N.D.N.Y. Mar. 13, 2013).

Plaintiff asserts that the jury should have believed his testimony and disbelieved the testimony of the defense witnesses. However, "trial judges must exercise their ability to weigh credibility with caution and great restraint, as a judge should rarely disturb a jury's evaluation of a witness's credibility, and may not freely substitute his or her assessment of the credibility of witnesses for that of the jury simply because the judge disagrees with the jury." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012) (internal citations and quotation marks omitted), *cert. denied*, 568 U.S. 1068 (2012). "Where the resolution of the issues depended on

---

[1] Paper copies of the unreported decisions cited in this Memorandum of Law are provided to Plaintiff Maxmillian Sloley at his designated address.

assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial." *Id.* (internal alteration omitted). "[I]t is up to the jury to determine whether a given attempt at impeachment was successful and value the impact the information revealed had on a witness' credibility." *Lewis v. American Sugar Ref., Inc.*, 325 F. Supp. 3d 321, 340 (S.D.N.Y. 2018).

Here, Plaintiff fails to put forward a basis for the Court to disturb the jury's credibility determinations. On the contrary, "a review of the evidence that the parties adduced at trial overwhelming supports the jury's verdict in favor of Defendant and against Plaintiff." *O'Connell*, 2013 WL 998598, at *2 (internal quotation marks omitted). Plaintiff offered no persuasive evidence to support his claim.

Plaintiff further argues that the Court should have precluded all evidence as to his prior criminal convictions. Plaintiff is mistaken. Under Fed. R. Evid. 609(a)(1) and (a)(2), "the 'essential facts' of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the 'evidence' that is to be admitted for impeachment purposes." *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005), *cert. denied*, 547 U.S. 1048 (2006).

Contrary to Plaintiff's view, the Court properly permitted defense counsel to cross-examine Plaintiff about other instances in which he alleged injuries nearly identical to those he alleges in the present action, and he claimed a cause of those injuries that is unrelated to Defendant. That cross-examination was relevant to the issues of causation and damages. *See Brewer v. Jones*, 222 Fed. App'x 69, 70-71 (2d Cir. 2007); *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 543 (E.D.N.Y. 2011); *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993).

In addition, defense counsel's cross-examination of Plaintiff about his use of aliases and his giving of false information was appropriate, as those instances of Plaintiff's conduct are probative of the character for truthfulness of Plaintiff. *See* Fed. R. Evid. 608(b); *Tapp v. Tougas*, No. 9:05-CV-1479, 2018 WL 1918605, at *4 (N.D.N.Y. Apr. 20, 2018) (determining that defendants were permitted to cross-examine the plaintiff about his prison disciplinary infractions for false information, impersonation, and counterfeiting).

Finally, Plaintiff's allegation of racial bias in the jury pool and trial jury is without merit. As Senior United States District Judge Thomas J. McAvoy wrote in denying a similar challenge to a jury verdict, "Plaintiff fails to provide sufficient evidence indicating that the jury venire impermissibly excluded African-Americans, or did not represent a fair cross section of the community. Without this evidence, the motion for a new trial on the ground that the trial was unfair because of the racial composition of the jury pool or trial jury must be denied." *Dedjoe v. Esper*, No. 1:15-CV-1170, 2019 WL 697821, at *5 (N.D.N.Y. Feb. 19, 2019) (internal footnote omitted) (citing *Espaillat v. Continental Express, Inc.*, 33 Fed. App'x 567, 569 (2d Cir. 2002); *Williams v. City of Newburgh*, 830 F. Supp. 770, 773-774 (S.D.N.Y. 1993)), *aff'd*, 804 Fed. App'x 1 (2d Cir. 2020). Likewise here, Plaintiff fails to meet his burden for obtaining a new trial. *See Espaillat*, 33 Fed. App'x at 569 ("Espaillat's arguments that the jury selection excluded Hispanic jurors are neither supported by the evidence nor sufficiently particularized or proven to require a new trial.").

**Plaintiff's Post-Trial Motion filed on October 17, 2022 (Dkt. No. 140)**

Plaintiff asserts that the Court erred in instructing the jury that negligence is not a basis for liability in this case. *See* Jury Instructions, Dkt. No. 125, at p. 9. Plaintiff is mistaken. It is well-established that "negligence is not cognizable under § 1983." *Dzwonczyk v. Syracuse City Police*

*Dep't*, 710 F. Supp. 2d 248, 261 (N.D.N.Y. 2008); *see generally Davidson v. Cannon*, 474 U.S. 344, 347-348 (1986). Further, the Court's instruction is a standard instruction in § 1983 cases.

Finally, Plaintiff fails to identify an error in the Court's instruction concerning visual body cavity searches. Dkt. No. 125 at p. 8. The Court instructed the jury that "[a] visual cavity search occurring in connection with an arrest must be based on a reasonable suspicion that the arrestee is hiding evidence inside the body cavity to be searched." *Id.*; *see Sloley v. VanBramer*, 945 F.3d 30, 39 (2d Cir. 2019); *Hartline v. Gallo*, 546 F.3d 95, 100 (2d Cir. 2008); *Varrone v. Bilotti*, 123 F.3d 75, 79 (2d Cir. 1997); *see generally United States v. Arvizu*, 534 U.S. 266, 273 (2002).

In sum, Plaintiff's motion for a new trial under Fed. R. Civ. P. 59 should be denied. *See Picciano v. McLoughlin*, No. 5:07-CV-0781, 2011 WL 382230, at *1-2 (N.D.N.Y. Feb. 3, 2011).

## POINT II

### PLAINTIFF IS NOT ENTITLED TO RELIEF FROM THE JUDGMENT OF DISMISSAL UNDER RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a District Court's order or judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b) motions are generally disfavored and granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice." *Andrulonis v. United States*, 26 F.3d 1224, 1235 (2d Cir. 1994). Rule 60(b) "may not be used as a substitute for an appeal, and a claim based on legal error alone is inadequate." *Mosquera v. Graham*, No. 9:19-CV-0442, 2020 WL 1923237, at *1 (N.D.N.Y. Apr. 21, 2020). The proponent of a Rule 60(b) motion bears the burden of proof. *See United States v. International Brotherhood of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). That party must "(1) support its motion with 'highly convincing' evidence; (2) show good cause for its failure to act sooner; and (3) prove that granting the motion will not impose any undue hardship on the other parties." *Canini v. U.S. Dep't of Just. Fed. Bureau of Prisons*, No. 04-CV-9049, 2008 WL 818696, *2 (S.D.N.Y. Mar. 26, 2008) (citing *Kotlicky v. United States Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

Here, Plaintiff fails to establish a mistake, newly discovered evidence, or any other ground for obtaining relief from the Court's Judgment of dismissal. Accordingly, Plaintiff's motion to vacate the Judgment of dismissal should be denied. *See Mosquera*, 2020 WL 1923237, at *1.

## CONCLUSION

Based on the above reasons, Defendant respectfully submits that Plaintiff's Post-Trial Motions (Dkt. Nos. 134, 140) should be denied in their entirety and with prejudice.

Dated: Albany, New York
November 17, 2022

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant Eric VanBramer
The Capitol
Albany, New York 12224-0341

By: *s/ Mark G. Mitchell*
Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone: 518-776-2583
Fax: 518-915-7738
Mark.Mitchell@ag.ny.gov

By: *s/ Rachael S. Ouimet*
Rachael S. Ouimet
Assistant Attorney General, of Counsel
Bar Roll No. 703304
Telephone: 518-776-2599
Email: Rachael.Ouimet@ag.ny.gov

CC: Via ECF
Remy Green
Cohen & Green P.L.L.C.
1639 Centre Street
Suite 216
Ridgewood, NY 11385

Via First-Class United States Mail:
Maxmillian Sloley (17-A-0421)
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458