UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAXMILLIAN SLOLEY,

                Plaintiff,

    v.

ERIC VANBRAMER,                No. 1:14-CV-339
                                        (CFH)

                Defendant.

_____

**APPEARANCES:**                 **OF COUNSEL:**

Maxmillian Sloley
17-A-0421
Eastern New York Correctional Facility
Box 338
Napanoch, New York 12458
Plaintiff pro se

Attorney General for the           MARK G. MITCHELL, ESQ.
State of New York                   RACHAEL OUIMET, ESQ.
The Capitol                               Assistant Attorneys General
Albany, New York 12224
Attorneys for defendant(s)

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER[1]

Pro se plaintiff Maxmillian Sloley ("plaintiff"), presently an inmate at Eastern New York Correctional Facility, commenced this action pursuant to 42 U.S.C. § 1983 claiming that his Fourth Amendment rights were violated. See Dkt. No. 1. The case proceeded to a jury trial on August 29, 2022, against defendant Eric VanBramer

---

[1] The parties consented to Magistrate Judge Hummel's jurisdiction. See Dkt. No. 85.

("defendant"). See Text Minute Entry 08/29/22. The trial concluded on August 30, 2022, and the jury returned a no cause verdict. See Text Minute Entry 08/30/22; see also Dkt. No. 124. Plaintiff filed a post-trial motion to vacate the jury's verdict and for a new trial. See Dkt. Nos. 134, 140. Defendant filed a motion for a bill of costs. See Dkt. No. 135. The Court subsequently denied plaintiff's motion for a new trial and granted, in part, defendant's request for a bill of costs. See Dkt. No. 147. Presently before the Court is plaintiff's letter motion requesting that the Court permit him to respond in opposition to defendant's bill of cost and to reconsider its decision granting defendant's bill of costs. See Dkt. No. 148. Defendant responds in opposition. See Dkt. No. 150. For the following reasons, plaintiff's motion for reconsideration is granted, plaintiff's opposition to defendant's motion for a bill of costs is accepted as filed, and defendant's motion for a bill of costs is granted to the extent outlined herein.

**I. Background**

Defendant filed his motion for a bill of costs on September 27, 2022. See Dkt. No. 135. Plaintiff did not file a response, but subsequently filed a supplement to his motion for a new trial on October 17, 2022. See Dkt. No. 140. Plaintiff did not address the bill of costs in his supplement. See id. The Court granted defendant's bill of costs on May 25, 2023. See Dkt. No. 147. Plaintiff filed the present motion for reconsideration on June 8, 2023. See Dkt. No. 148.

In his letter motion, plaintiff contends that he did not oppose the bill of costs because his post-trial motion was pending. See Dkt. No. 148 at 1.[2] He states he "was not advised or informed by this Court or by anyone else that the Bill of Cost motion was to be responded to before the post-verdict motion was decided." Id. He also asserts that his "former assigned trial attorney informed [him] that it would be procedurally acceptable to wait on the decision of the post-verdict motion before filing an opposition." Id. Plaintiff contends that waiting to oppose the bill of costs until after the post-trial motion was decided "makes sense since a post-verdict motion, if granted in the [p]laintiff's favor will make a Bill of Cost motion moot." Id. He states that responding to a bill of costs before a post-trial motion is decided is "senseless and does not seem procedurally in order." Id.

## II. Analysis

### A. Motion for Reconsideration

#### 1. Legal Standards

"[M]otions for reconsideration are an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Grant v. Lockett, 610 F. Supp. 3d 448, 450 (N.D.N.Y. 2022) (quoting Montblanc-Simplo GmbH v. Colibri Corp., 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010)). "[A] prior ruling will only be reconsidered and vacated if: (1) the law has changed since that ruling was first issued; (2) new evidence not previously available comes to light; or (3) reconsideration is

---

[2] Citations to the parties' and the Court's filings are to the pagination generated by CM/ECF in the header of each page.

3

necessary to remedy a clear error of law or to prevent manifest injustice." Id. (citing Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995)); see also Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "In the context of a motion for reconsideration, manifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable." Dejesus v. Malloy, 582 F. Supp. 3d 82, 85 (W.D.N.Y. 2022) (quotation marks omitted) (quoting Corpac v. Rubin & Rothman, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013)); see also In re Wansdown Properties Corp. N.V., 626 B.R. 141, 144 (Bankr. S.D.N.Y. 2021) (quoting ING Glob. v. United Parcel Serv. Oasis Supply Corp., 757 F.3d 92, 97 (2d Cir. 2014)) ("A manifest injustice exists when a 'verdict is wholly without legal support,' and the error is obvious to all who view it."). The manifest injustice standard is more difficult to meet than Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b)(1)'s excusable neglect standard. Cf. In re Lehman Bros. Inc., 493 B.R. 437, 446 (Bankr. S.D.N.Y. 2013) (explaining that the respondents "have raised issues that arguably may fit within the category of excusable neglect but not the more exacting standard that would be invoked to prevent manifest injustice."); Sigmon, Tr. for Hindin v. Goldman Sachs Mortg. Co., No. 1:12-CV-03367 (ALC), 2019 WL 970943, at *4 (S.D.N.Y. Feb. 28, 2019) (citations omitted) (discussing the "high burden" of proving manifest injustice and citing cases which described the burden as a proving that the court was "dead wrong" and requiring "extraordinary circumstances").[3]

"Rule 60(b)(1) permits a district court on motion to 'relieve a party . . . from a final judgment, order, or proceeding for . . . excusable neglect, and in this context, excusable

---

[3] Unpublished decisions cited in this Memorandum-Decision and Order have been provided to plaintiff except for those already provided to him in conjunction with the Court's May 25, 2023, Memorandum-Decision and Order. See Dkt. No. 147-1.

4

neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pollard v. Does, 452 F. App'x 38, 40 (2d Cir. 2011) (summary order) (quotation marks omitted) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394-95 (1993) (providing a list of factors to consider when making a reconsideration determination in the context of a bankruptcy proceeding)). "[T]he burden of proof is on the party seeking relief from judgment[.]" United States v. Howard, No. 5:12-CV-0117 (LEK/ATB), 2014 WL 4265839, at *2 (N.D.N.Y. Aug. 27, 2014) (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)).

"Four factors bear on this question: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its possible effect on the district court proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Pollard, 452 F. App'x at 40 (citation omitted). A party "cannot 'rely upon their *pro se* status, or lack of legal sophistication, as a basis for relief under Rule 60(b)(1).'" Bankers Healthcare Grp., LLC v. Campbell, No. 5:19-CV-3 (GLS/ML), 2020 WL 3035575, at *2 (N.D.N.Y. June 5, 2020) (citation omitted). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not *usually* constitute 'excusable neglect. Thus, although a late filing will ordinarily not be excused by negligence, that possibility is by no means foreclosed." Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997) (per curiam) (citations omitted). "Where . . . the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course [and absent a showing of good cause], lose[.]" Id. at 251; see also NEM Re Receivables, LLC v. Fortress Re, Inc., 187 F. Supp. 3d 390, 400 (S.D.N.Y. 2016)

5

(denying motion for reconsideration because "the deadline . . . to file an opposition to the motion for summary judgment, if necessary, was 'unambiguous.'"). "Motions for reconsideration due to 'manifest injustice' and for relief due to 'excusable neglect' both derive from equitable principles." Corsair Special Situations Fund, L.P. v. Engineered Framing Sys. Inc., No. 3:11-CV-1980 (JCH), 2013 WL 6773570, at *5 (D. Conn. Dec. 19, 2013), aff'd sub nom. Corsair Special Situations Fund, L.P. v. Nat'l Res., 595 F. App'x 40 (2d Cir. 2014) (summary order).

### 2. Application

Plaintiff does not argue that there has been an intervening change in the law, that new evidence has come available, or that the Court committed legal error. See generally Dkt. No. 148. He argues only that he was not told he had to respond to defendant's motion, his pro bono trial counsel told him he did not have to respond until after the post-trial motion was decided, and that it is procedurally senseless to decide the motion for a bill of costs before the post-trial motion is decided. See id. at 1. For the following reasons, the Court concludes that plaintiff has not established a manifest injustice but the factors concerning excusable neglect weigh in his favor such that the motion for reconsideration is granted.

Local Rule 54.1 states that a party has fourteen days to oppose a bill of costs. See L.R. 54.1. The Rule states that "[p]ost-trial motions shall not serve to extend the time within which a party may file a verified bill of costs as provided in this Rule, except on a showing of good cause or an order extending the time." Id. When defendant filed his motion for a bill of costs, a response deadline was generated automatically by the online filing system, which was set for October 18, 2022. See Dkt. No. 135. There is

6

nothing on the docket to indicate that plaintiff was notified of this deadline. Nevertheless, plaintiff had approximately six months to respond to defendant's motion for a bill of costs before the Court ruled on his post-trial motion. See Dkt. Nos. 135, 147. Plaintiff communicated with the court within that time concerning his post-trial motion. See Dkt. No. 140. Plaintiff never sought clarification from the Court as to whether he was required to respond to defendant's motion. Plaintiff contends his pro bono trial counsel informed him that he could wait to respond to the bill of costs. See Dkt. No. 148 at 1. Plaintiff does not provide evidence to corroborate this statement.

That plaintiff is now proceeding pro se does not excuse him from compliance with procedural and local rules. Faretta v. California, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (citation and quotation marks omitted) ("[*P*]*ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"); Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation and quotation marks omitted) (explaining that one's pro se status "does not exempt [the pro se] party from compliance with relevant rules of procedural and substantive law[.]").

Plaintiff has proceeded for much of this case, since 2014, pro se and he should be aware of the requirements for responding to motions. See Jeffreys v. United Techs. Corp., No. 3:97-CV-01344 (DJS), 2008 WL 4371973, at *2 (D. Conn. Sept. 24, 2008) (footnote omitted) ("The court is aware that the [p]aintiff is acting *pro se*, and does not require or expect him to have the knowledge and intimacy with the court's rules and procedures that an attorney would have. . . . [A]s seen from the history of this case, the

7

[p]laintiff has proceeded *pro se for* some time, and is (or should be) aware that there are deadlines to which he must adhere. Even if he did not know the period of time for filing a motion for reconsideration, it was incumbent upon him to remedy his lack of knowledge. There is no excuse for this three-month delay[.]"), aff'd, 357 F. App'x 370 (2d Cir. 2009) (summary order). His pro se status does not excuse his compliance with the Local Rules.

Plaintiff has failed to show that the Court's decision to rule on defendant's bill of costs was a direct, obvious, and observable error. See Dejesus, 582 F. Supp. 3d at 85. He has not established that a denial of his motion for reconsideration will result in a manifest injustice where the manifest injustice standard is so high, plaintiff had six months to communicate with the Court concerning defendant's bill of costs, and the Local Rules explicitly prescribe the time frame within which a response to a bill of costs must be filed. See L.R. 54.1; see also In re Ranciato, No. 18-31337 (AMN), 2022 WL 877198, at *4 (Bankr. D. Conn. Mar. 24, 2022) ("[T]he defendant's articulated health and COVID-19 related hardships could be viewed as asserting it would be a manifest injustice if the Default Judgment was not reconsidered. However, even under this liberal interpretation, the arguments fail to meet the high bar for reconsideration. During the same period the defendant claims he was unable to mount a defense, he was able to file multiple requests for extensions of time to pay the sanctions imposed. The defendant could have sought an extension to respond to the Default Judgment Motion. He did not."); cf. Franklin v. Adjusters Int'l, Inc., No. 6:18-CV-0342 (LEK/ATB), 2020 WL 880837, at *3 (N.D.N.Y. Feb. 24, 2020) (denying reconsideration motion on new evidence grounds despite plaintiff asserting that she had to be in another state for a

court appearance and then was out of the country for several weeks and did not know about the defendant's motion to dismiss in part because "[the p]laintiff made no efforts to inform the Court or Defendants of these developments during the more than six months between the July 18, 2018 court conference and the Court's February 21, 2019 decision."). Thus, the motion for reconsideration will be denied as to any possible manifest injustice.

As to excusable neglect under Rule 60(b)(1), Local Rule 54.1 is "entirely clear" that an opposing party has fourteen days to object to a bill of costs and a post-trial motion will not extend the time to file a bill of costs. Canfield, 127 F.3d at 250; see L.R. 54.1(a). Local Rule 54.1 does not mention whether the time to object to a bill of costs can be extended because of a post-trial motion. See L.R. 54.1. Nevertheless, looking to the four factors outlined by Pioneer, they weigh in favor of granting plaintiff's motion for reconsideration. See Pioneer, 507 U.S. at 394.

As to the first factor, prejudice to the non-moving party, defendant is not likely to be greatly prejudiced by reconsideration of his motion for a bill of costs because he has already filed the motion and would not be required to take any further action. See Pollard, 452 F. App'x at 40. Defendant has not received the funds awarded from the Court's prior decision on the bill of costs and reconsideration would not require defendant to give any funds back to plaintiff. If the Court were to grant reconsideration, it is possible that the Court could award defendant lesser fees. However, as defendant has not alleged that he would suffer any prejudice were the Court to reconsider the motion, this factor weighs in favor of granting reconsideration. See generally Dkt. No. 150; see also Jolin v. Casto, 238 F.R.D. 48, 50 (D. Conn. 2006) (finding grounds for

9

reopening the case where the "defendants[] have articulated no actual prejudice that will be suffered" and the plaintiffs explained that because their counsel misunderstood the court's notice, their failure to respond was a mistake).

Concerning the second factor, delay and its impact on the judicial proceedings, any delay would be minimal. See Pollard, 452 F. App'x 38. To be sure, reconsideration of the motion will take the Court's resources and time away from its other pending motions. Plaintiff also filed an appeal from the judgment in defendant's favor to the Second Circuit; thus, reconsideration might further delay the Second Circuit case. However, the Court will decide the motion in an expedited fashion because of the pending Second Circuit case and the motion challenges the Court's decision only as to defendant's bill of costs and not plaintiff's motion for a new trial. Thus, the impact on judicial proceedings is small.

As to the final factors—the reason for the delay and whether plaintiff acted in good faith—plaintiff contends that the Court did not inform him that he needed to respond to defendant's motion and that his pro bono counsel informed him that he did not need to respond until after resolution of the post-trial motion. See Pollard, 452 F. App'x 38. Based on a review of the Court's docket, when defendant filed his motion for a bill of costs, a response deadline was generated, which was October 28, 2022. See Dkt. No. 135. There is nothing on the docket to indicate that plaintiff was notified of this deadline. It does not appear that plaintiff has access to receive notifications from CM/ECF and instead receives information from the Court via postal mail. It does not appear that plaintiff received notice of the response deadline. See Ferreira v. Stern, No. 22-CV-02182 (JMA), 2023 WL 2787631, at *6 (E.D.N.Y. Apr. 4, 2023) (denying motion

10

for reconsideration under excusable neglect because the plaintiff "received clear notice of the requirement that he file any written objections to the Distribution Motion."). Additionally, although plaintiff is required to be familiar with the Court's Local Rules, the docket does not indicate that plaintiff was provided a copy of the Court's Local Rules in conjunction with this case. Plaintiff also promptly responded to the Court's May 25, 2023, decision by filing his motion two weeks later. See Dkt. Nos. 147, 148.

As defendant has not alleged any prejudice, plaintiff promptly contacted the Court when he learned that the Court ruled on the bill of costs, plaintiff did not receive notice of the initial response deadline for the motion, and reconsideration will not unduly delay the Court, the factors weigh in favor of concluding that plaintiff's conduct constitutes excusable neglect. See Crichlow v. Youssef, No. 12-CV-7774 (NSR), 2021 WL 5280796, at *2 (S.D.N.Y. Nov. 12, 2021) ("[The p]laintiff's claim that he never received the Court's Order to Show Cause is excusable neglect under Rule 60(b), and that granting the motion will prevent manifest injustice. As all doubts must be resolved in his favor, the Court finds that [the p]laintiff did not willfully fail to respond to the Order to Show Cause. Further, while there has been a long period of time since this action was transferred back to this Court, [the d]efendants have not shown that they will be prejudiced by setting aside the default, as they failed to oppose [p]laintiff's motion."). Under these specific circumstances, the Court will grant plaintiff's motion for reconsideration under Rule 60(b)(1) insofar as his failure to respond to defendant's motion for a bill of costs constitutes excusable neglect. See FED. R. CIV. P. 60(b)(1). Thus, the Court will consider plaintiff's opposition to defendant's motion for a bill of

11

costs, which he attaches to his motion for reconsideration, and reconsider defendant's motion for a bill of costs. See Dkt. No. 48-1.

### B. Motion for Bill of Costs

Federal Rule of Civil Procedure 54(d)(1) states in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." "[T]he Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920." Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001), abrogated on other grounds by Bruce v. Samuels, 577 U.S. 82 (2016). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Id. at 270. "[T]he losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." Id.

Plaintiff argues that defendant's bill of costs should be denied because (1) "[i]t is clearly obvious on the record that there was more than enough misconduct by the defendants[]"; (2) "[t]he difficulty of the issues were such as no substantial evidence being available at the trial[]"; (3) plaintiff is indigent and incarcerated and awarding the bill of costs "would be an undue and harsh burden"; and (4) the transcript fees are excessive. Dkt. No. 48-1 at 1.

First, plaintiff has not established that defendant engaged in misconduct at the trial. See Dkt. No. 148-1 at 1. Plaintiff asserts that "[n]umerous prejudicial comments that were inadmissible, irrelevant, and highly inflammatory, [] denied plaintiff a fair trial."

12

Id. However, as the Court thoroughly explained in its Memorandum-Decision and Order denying plaintiff's motion for a new trial, defendant complied with the Court's evidentiary rulings and plaintiff did not establish any prejudice stemming therefrom. See Dkt. No. 147 at 11-21. Plaintiff contends that the Court's May 25, 2023, "decision and order recognize the unfair misconduct that was used by the defendant as a strategic and prejudicial tactic." Dkt. No. 48-1 at 1. The Court explicitly concluded that "[p]laintiff's arguments [concerning prejudicial and unfair comments by defendant or his counsel] have previously been considered by the Court and do not warrant a new trial as the Court's evidentiary rulings did not affect a substantial right." Dkt. No. 147 at 12. Plaintiff has not established that defendant engaged in any misconduct and the bill of costs will not be denied on this ground.

Second, as to the difficulty of the issues, despite their being a lack of physical evidence presented at trial, the issue presented was not a difficult one. The jury had to make a credibility determination, there was a single Fourth Amendment issue presented, and it was only a two-day trial. See Dkt. No. 147 at 10-11; see also Text Minute Entry 08/29/22; Text Minute Entry 08/30/22. This does not warrant a denial of costs. See Cutie v. Sheehan, No. 1:11-CV-66 (MAD), 2016 WL 3661395, at *3 (N.D.N.Y. July 5, 2016) (rejecting complexity argument where "there were only four named defendants, ten fact witness, and the case was resolved by summary judgment rather than by trial, resulting in a forty-one page decision."); Belair v. MGA Ent., Inc., No. 09-CV-8870 (SAS), 2012 WL 1656969, at *6 (S.D.N.Y. May 10, 2012) (denying application for fees because "[t]he distinction between protectable expression and an idea [in a copyright case] is often complex and the test can be difficult to apply.");

13

Cangemi v. Town of E. Hampton, No. 12-CV-3989 (JSS/IL), 2022 WL 18859041, at *4 (E.D.N.Y. Dec. 12, 2022) (citation omitted) (explaining that "where the litigation was 'close, difficult, and protracted' there are valid reasons to deny a defendant's costs[]" and concluding that "[t]his was a complex and protracted litigation [that involved numerous defendants and numerous claims], but the Town ultimately prevailed entitling it to costs taxed against [the p]laintiffs."), report and recommendation adopted as modified, 2023 WL 2674377 (E.D.N.Y. Mar. 29, 2023).

Third, as to plaintiff's indigency, "a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." Whitfield, 241 F.3d at 270; see also Stewart v. Austin, No. 9:97-CV-908, 2001 WL 1708791, at *2 (N.D.N.Y. Dec. 14, 2001) ("[B]ased upon the reasoning in *Whitfield*, the Court concludes that [the p]laintiff's indigency does not preclude the Court from allowing [the d]efendants' Bill of Costs."). "A [p]laintiff's conclusory statements of his inability to pay, paired with the fact that money is flowing into his inmate account is 'insufficient to overcome the presumption that costs should be awarded' to the prevailing party.'" Peterkin v. Summers, No. 17-CV-6106, 2020 WL 4432079, at *1 (W.D.N.Y. July 31, 2020) (citation omitted).

When he filed his complaint in the present action in 2014, plaintiff was not incarcerated, but was unemployed and was granted in forma pauperis status. See Dkt. Nos. 14, 15. Plaintiff is presently incarcerated but does not explain how much money he has in his inmate account, if any. See Dkt. No. 148-1 at 1. He states only that he "receives a total of $20.00 a month by State Correctional Facility" and he has three children. Id. He does not present any evidence concerning his indigency.

14

Plaintiff's contention that he cannot pay a bill of costs is insufficient on its own to warrant a denial of defendant's request. See McGowan v. Schuck, No. 12-CV-6557 (FPG), 2018 WL 6011166, at *2 (W.D.N.Y. Nov. 16, 2018) (citations omitted) ("[The p]laintiff [] asserts that he has been incarcerated since 1996 and will not be eligible for release until at least February of 2021, and that his financial situation has not changed since the Court granted him in forma pauperis status at the beginning of this case. These assertions are unpersuasive."); LeClair v. Raymond, No. 1:19-CV-28 (BKS/DJS), 2022 WL 1046441, at *5 (N.D.N.Y. Apr. 7, 2022) ("[The p]laintiff has not submitted evidence showing that he lacks the resources to pay the modest bill of costs, and considering all of the factors in this case, the Court will not excuse [the p]laintiff from his obligation to pay costs."); Brisman v. McCabe, No. 9:15-CV-00712 (BKS/DEP), 2019 WL 4917946, at *1 (N.D.N.Y. Oct. 4, 2019) ("[The p]laintiff has not submitted any evidence showing that he would lack the financial resources to pay the modest bill of costs at the rate specified by DOCCS Directive No. 2788."). But see Culp v. Zaccagnino, No. 96-CV-3280 (THK), 2000 WL 35861, at *2 (S.D.N.Y. Jan. 18, 2000) (vacating award of costs in amount of $2,693.85 because the "plaintiff has submitted an affidavit demonstrating his continuing indigence" which indicates that he has no savings or checking account and his only employment for one year in a correctional facility made him $75.00). Thus, the Court will not deny defendant's motion on this ground.

Finally, plaintiff challenges the $589.10 in transcript fees as excessive. See Dkt. No. 48-1 at 1; see also Dkt. No. 135 at 1. With his motion for a bill of costs, defendant filed two court reporter invoices: one from plaintiff's deposition which indicates a $503.10 fee for the original and one copy of plaintiff's deposition, and another for an

15

$86.00 "appearance fee" for transcribing twenty pages when plaintiff did not appear for his scheduled deposition.  See Dkt. No. 135 at 7, 9.  As explained in this Court's May 25, 2023, decision, the $86.00 appearance fee is not taxable.  See Dkt. No. 147 at 45 (collecting cases that did not allow for a court reporter's appearance fee).  Moreover, defendant does not state that the twenty pages transcribed on the date plaintiff failed to appear were necessary for discovery or trial.  See generally Dkt. No. 135; see also 28 U.S.C. § 1920(2) (emphasis added) ("Fees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]").  Insofar as defendant notes that the Court referenced plaintiff's failure to appear in a Text Order, the Court did not reference or attach the transcript from plaintiff's failure to appear.  See Dkt. No. 135 at 4 (citing Dkt. No. 40).  Defendant does not otherwise explain why a transcript of plaintiff's failure to appear was necessarily obtained for use in the case.  As defendant has not explained the necessity and use of the twenty-page transcript from plaintiff's failure to appear, the $86.00 will not be awarded.

As to plaintiff's deposition transcript, a transcript fee for a deposition is taxable under 28 U.S.C. § 1920(2).  See Salamone v. Douglas Marine Corp., No. 1:19-CV-01213 (MAD/DJS), 2021 WL 3723105, at *9 (N.D.N.Y. Aug. 23, 2021) (citations omitted) ("The N.D.N.Y. Guidelines for Bills of Costs . . . specifically provides that the 'Transcript of deposition of person who testified at trial' is taxable.  [The prevailing party] needed only provide an invoice explaining the transcript prepared, the number of transcript pages, the per-page rate, and the total cost."), motion for relief from judgment denied, 2022 WL 111774 (N.D.N.Y. Jan. 12, 2022).  The Northern District of New York's guidelines set forth taxable transcript costs.  The guidelines instruct that a transcript of a

16

deposition of a party to the case is taxable.  See Guidelines for Bills of Costs, II.D.1.c., N.D.N.Y. (Sep. 10, 2021), https://www.nynd.uscourts.gov/sites/nynd/files/Guidelines_Bill_of_Costs_091021.pdf (last visited June 26, 2023).  The guidelines instruct, "[o]nly the cost of one transcript is taxable if the transcript is otherwise taxable . . . ."  Id. at II.D.Note 1.; see also Niedziejko v. Delaware & Hudson Ry. Co., No. 1:18-CV-0675 (GTS/CFH), 2019 WL 2754483, at *2 (N.D.N.Y. July 2, 2019) ("The Local Guidelines do not limit fees taxable under Section 1920(2) to only the fees enumerated in Local Guideline II.D.1.  Rather, Local Guideline II.D.1. expressly states that it is setting forth a list of fees that are merely 'the most commonly taxable court reporter fees.'").

Defendant's bill of costs lists $503.10 for one original and one copy of plaintiff's deposition transcript, totally 117 pages, at $4.30 per-page.  Defendant did not split the cost by the original and the copy.  See Dkt. No. 135 at 4, 7.  Defendant did not explain why a copy of plaintiff's transcript was necessary for use in the case.  See id. at 4; see also 28 U.S.C. § 1920(2).  The Court exercises its discretion to limit defendant's transcript fees to only one transcript, cutting the total number of pages in half from 117 to 58.5 pages.  See Local Guideline II.D.1.Note 1; see also Frierson v. Reinisch, No. 1:17-CV-44 (MAD/CFH), 2021 WL 4405911, at *7 (N.D.N.Y. Sept. 27, 2021) ("Since [the d]efendants may not recover for costs for multiple copies of the same transcript and their own submission makes it unclear what they were charged for each copy beyond the original, [the p]laintiff argues that [the d]efendants have failed to meet their burden and the Court should disallow the entire charge. . . .  Having reviewed the parties' submissions and the applicable law, the Court declines to completely disallow this cost.

17

Rather, the Court finds that [the d]efendants should only recover $2.25 per page for the cost of these transcripts, which was the rate charged for a single copy of the depositions noticed by [the p]laintiff."); Niedziejko, 2019 WL 2754483, at *3 (exercising discretion to reduce reporter fee for expedited transcript).

To be sure, 28 U.S.C. § 1920 allows taxation for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 20 U.S.C. § 1920(4). "[C]ourts interpret [28 U.S.C. § 1920(4)] to include photocopying charges for discovery." Encarnacion v. Spinner, No. 9:15-CV-1411 (BKS/ML), 2023 WL 2785745, at *7 (N.D.N.Y. Apr. 5, 2023) (citation and quotation marks omitted) (second alteration in original). However, defendant does not explain why a copy of plaintiff's deposition transcript was needed, whether for discovery or something else. See Dkt. No. 135 at 4. As such, the Court will not award costs for the copy of the transcript. See Local Guideline II.D.1.Note1. Thus, applying the $4.30 rate to one transcript of 58.5 pages, defendant will be awarded $251.55 in transcript fees. Plaintiff does not challenge the $126.20 witness fees or $9.00 copy fees that defendant requests. See Dkt. No. 48-1 at 1; see also Dkt. No. 135 at 1, 4. As those fees are taxable under 28 U.S.C. § 1920, the Court will grant defendant's bill of costs in the amount of $386.75, which consists of the reduced transcript fees, witness fees, and copying fees. See 28 U.S.C. § 1920(3)-(4); see also Dkt. No. 147 at 45.

### III. Conclusion

**WHEREFORE**, for the reasons set forth above, it is hereby:

**ORDERED**, that plaintiff's motion for reconsideration of the Court's May 25, 2023, Memorandum-Decision and Order solely as to defendant's motion for a bill of costs (Dkt. No. 148) is **GRANTED**; and it is further

**ORDERED**, that defendant's bill of costs (Dkt. No. 135) is **GRANTED** to the extent outlined in this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Dated: June 27, 2023
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge