1     UNITED STATES DISTRICT COURT

2     NORTHERN DISTRICT OF NEW YORK

3

4  MAXMILLIAN SLOLEY,                    )
                                        )
5                                        )
            Plaintiff,        ) CASE NO. 14-CV-339
6                                        )
     vs.                                 )
7                                        )
   ERIC VANBRAMER,                       )
8                                        )
            Defendant.                   )
9  _____)

10          **TRANSCRIPT OF PROCEEDINGS**
         **BEFORE THE HON. CHRISTIAN F. HUMMEL**
11            **FRIDAY, AUGUST 26, 2022**
                **ALBANY, NEW YORK**

12

13  **FOR THE PLAINTIFF:**
      COHEN & GREEN P.L.L.C.
14    By:  REMY GREEN, ESQ.
      1639 Centre Street, Suite 216
15    Ridgewood, New York 11385

16  **FOR THE DEFENDANT:**
      NEW YORK STATE ATTORNEY GENERAL
17    By:  MARK G. MITCHELL, ESQ. and RACHAEL OUIMET, ESQ.
      The Capitol
18    Albany, New York 12224

19

20

21

22

23

24

25

**Sloley v. VanBramer - 14-CV-339**

1              (Teleconference.)

2              THE CLERK:  Today is Friday, August 26, 2022.  It's

3    4:01 p.m.  The case is Sloley versus State of New York et al.,

4    docket No. 14-CV-339.  Appearances for the record, please.

5              ATTY. GREEN:  Good afternoon.  This is Remy Green on

6    behalf of plaintiff.

7              THE COURT:  Good afternoon, counselor.

8              ATTY. GREEN:  Good afternoon.

9              ATTY. MITCHELL:  This is Mark Mitchell on behalf of

10   the defendant.

11             ATTY. OUIMET:  This is Rachel Ouimet on behalf of the

12   defendant.

13             THE COURT:  All right.  Good afternoon, counselors.

14             Is there anyone else on the phone whose appearance we

15   have not noted?

16             ATTY. GREEN:  My law clerk and someone who has worked

17   on our papers, both might have called in.  I gave them the

18   number.

19             THE COURT:  One of them did, Attorney Green, because

20   there's five people on the call including me.

21             MS. WOODY:  This is Diana Woody with Attorney Green.

22             ATTY. GREEN:  Hi, Diana.

23             THE COURT:  All right.  Good afternoon.  I scheduled

24   this conference because Attorney Green filed a letter which

25   appears at docket No. 119 requesting that a subpoena be issued

**Sloley v. VanBramer - 14-CV-339**

1   regarding the testimony of Daphne Rollins and more specifically

2   asking that the Court permit service upon Ms. Rollins by

3   Facebook, text message, and a phone call, it appearing that

4   plaintiff's counsel does not have an email address for

5   Ms. Rollins.

6           Based upon Attorney Green's letter, it also appears

7   that while Ms. Rollins was regularly in contact prior to this,

8   since Tuesday of this week, she has not responded to Attorney

9   Green, and Attorney Green is uncertain as to her availability.

10          Attorney Mitchell or Attorney Ouimet, what is your

11  respective position with respect to Attorney Green's request?

12          ATTY. OUIMET:  Your Honor, we would respectfully

13  request that Your Honor does not grant the request for a number

14  of reasons.  First, how do we know that the Facebook account is

15  being diligently monitored by Daphne?  And it could be somebody

16  else purporting to be Daphne, and then they would have this

17  information, the Court information.

18          And with respect to the case that Attorney Green

19  cited, in that case, the Court required a supplemental affidavit

20  which attached exchanges between plaintiff and defendant via

21  Facebook Messenger, and we don't have that in this case.  We

22  also don't know if Ms. Rollins is diligently logging into her

23  Facebook account.  It appears that Ms. Rollins's last post was

24  in November of 2020.

25          And with respect to the back-up means required, while

**Sloley v. VanBramer - 14-CV-339**

1     the case that Attorney Green cited did allow the divorce summons

2     to be served only via Facebook, we know that -- well, Facebook,

3     we can't be sure that she's actually going to receive it.  We

4     don't have an email address.  We know that Attorney Green is

5     having some trouble getting in contact with her via text message

6     for whatever reason, and we can't just assume that that reason

7     is Ms. Rollins is not -- she's simply not answering Attorney

8     Green.  We could assume that that phone is out of service or

9     something like that.

10              In addition, Attorney Green has been assigned to this

11    case since June 17 of 2022, and this gave Attorney Green more

12    than two months to prepare a trial subpoena for Ms. Rollins and

13    for that to be served properly.  However, Attorney Green has

14    chose to serve this trial subpoena on the eve of trial.

15              So with all of that, we would respectfully request

16    that the Court deny Attorney Green's motion.

17              THE COURT:  Let me ask you a question, Ms. Ouimet.

18    Some of your concerns appear to me to go to the issue of what

19    will happen if the witness does not respond to the subpoena.

20    For example, if we serve her by Facebook and she's not

21    monitoring her Facebook page, then she'll not see it.  But

22    assume for purposes of conversation that I authorize service by

23    text message and by Facebook and by whatever other method that

24    Attorney Green has recommended and the witness in fact appears.

25    What is the problem with that?

**Sloley v. VanBramer - 14-CV-339**

1          ATTY. OUIMET:  Your Honor, it would still be my -- it

2     would be my argument that trial subpoenas should have gone out

3     way sooner than this and that we are now at the eve of trial and

4     this is happening.  It just does not seem -- it seems

5     prejudicial to our client if this were to get granted.

6          THE COURT:  How are you prejudiced, Attorney Ouimet?

7          ATTY. OUIMET:  With the fact that Attorney Green had

8     more than two months to send out these trial subpoenas.

9          THE COURT:  Right.  If she served the subpoena two

10    months ago or she serves the subpoena tomorrow and the witness

11    appears, how have you been prejudiced in any way?

12         ATTY. OUIMET:  If Your Honor decides to have -- if

13    Your Honor decides to grant the motion, then that would be the

14    decision.

15         THE COURT:  I appreciate that, but I'm not sure that

16    answers my question.  How are you prejudiced if I --

17         ATTY. OUIMET:  It prejudices us in that we won't know

18    what our -- we won't be able to prepare properly.

19         THE COURT:  I've got to ask.  How does when the timing

20    of the subpoena is served affect your ability to prepare

21    effectively for trial starting --

22         ATTY. OUIMET:  The other -- I'm sorry, Your Honor.

23    The other thing is Ms. Burtt had sent an email earlier today

24    saying that IT would like to be able to set up a trial run of

25    like the video webcam connection with the client to make sure

**Sloley v. VanBramer - 14-CV-339**

1   that it's available to her and accessible.  In addition, there

2   were some concerns that if the witness did not have the proper

3   technology, we would not be able to show the witness exhibits

4   and to publish those exhibits for the witness.  So that's

5   another -- I mean IT, I don't know if IT is going to be able to

6   set up a test run with this witness and this witness can prove

7   to us that she will have the proper technology needed to be able

8   to publish as well as see her.  I'm not sure that we'll be able

9   to do that if -- at this late notice.

10          THE COURT:  So Attorney Green, I guess the question

11  becomes:  Assuming just for purposes of discussion, I serve the

12  subpoena and Ms. Rollins doesn't appear, are you prepared to go

13  forward?

14          ATTY. GREEN:  I think the answer is we don't really

15  have much of a choice, you know.  I think the answer is we had

16  expected her to be here voluntarily.  That was my full

17  understanding until she didn't respond.  I think the question is

18  really:  Does she count as unavailable for the purposes of the

19  Federal Rules of Evidence?  And I am sure we will brief that if

20  that becomes the issue.

21          You know, I think our view is if she's been subpoenaed

22  and we've done everything we can, then we go into the

23  unavailability analysis, but you know, I am here to try to make

24  sure there are no appealable issues basically, and I think it

25  would be very prejudicial to Mr. Sloley to not have this

**Sloley v. VanBramer - 14-CV-339**

1   witness.

2          THE COURT:  My question is:  Attorney Green, how are

3   you going to establish that she was served?  How are you going

4   to establish that she got the Facebook notice or the email, the

5   text message notice?  You can send her a text message.

6          ATTY. GREEN:  That goes to the fact that I happen to

7   have an iPhone and she happens to have an iPhone.  So when I

8   send her a text message, it does say delivered.  She doesn't

9   have read receipts on, but it does mean that her phone is not

10  off because otherwise, it would do the thing.  I don't know if

11  the Court has an iPhone or if you have family members with

12  iPhones, but if somebody's phone is off, what happens instead of

13  showing as delivered is the little blue bubble will become green

14  and it will go by SMS instead of MMS, but it does mean that I do

15  know that she has received my text messages.  I cannot tell

16  whether she has read them, but I do know that they have popped

17  up on her phone and we have gotten end-to-end transmission,

18  which is I think at the least, it is good as mailing mail, which

19  is good service on the CPLR.  I would argue it's even better

20  than mailing mail, which we permit for trial subpoenas.

21          That also goes to the reason for doing, you know,

22  three back-up things, right.  Yes.  If she may not read the text

23  message, may not read Facebook Messenger, and she may not get

24  the missed call or listen to the voicemail, but between the

25  three, I would hope that she picks one up by Monday.

**Sloley v. VanBramer - 14-CV-339**

1    THE COURT:  Attorney Green, I'll sign the subpoena for

2  you, reserving to Ms. Ouimet and Mr. Mitchell the right to

3  object at trial if the witness fails to appear.  My concern is

4  if even assuming it is delivered, there will be no indication

5  that she actually read the message unless your iPhone indicates

6  as such.  Attorney Ouimet tells me she hasn't been on her

7  Facebook page since November 2020, which makes me wonder about

8  the viability of that option.  Then to the extent you left her a

9  phone message, I'm not certain she's received the message, but

10  we can address those issues next week, but I will sign the

11  subpoena for you.

12    ATTY. GREEN:  I appreciate that.

13    THE COURT:  Let me ask you a question.  Does anybody

14  know where Ms. Rollins lives?

15    ATTY. GREEN:  I don't have her home address.  I

16  understand her not to be at home this week.

17    THE COURT:  That's not my question.  Does she live in

18  New York State, or does she live in North Carolina?

19    ATTY. GREEN:  She lives in North Carolina.

20    THE COURT:  Then the question becomes:  As I look at

21  Rule 45 of the Federal Rules of Civil Procedure, under what

22  section do I have authority to serve a subpoena on someone who

23  is a resident of North Carolina?

24    ATTY. GREEN:  So I briefed this fairly recently, Your

25  Honor.  There are some cases out there.  I don't think that

**Sloley v. VanBramer - 14-CV-339**

1    they're circuit level authority, but I remember something like

2    90 percent of the districts consider it.  There's contrary

3    authority too, but about 90 percent of the cases I've read say

4    that if the place for appearance is, you know, a local

5    conference center or digital or you only have to email

6    documents, that counts as within 100 miles of the place of

7    appearance, which is where -- what Rule 45 keys to.

8            So I don't think the Court would actually have

9    authority to subpoena her to appear in person, but because we're

10   talking about a digital appearance, the Court's authority does

11   because it doesn't require her to move 100 miles.  I'm happy to

12   put some of that authority together and make sure that I'm

13   remembering it correctly.

14           Are you still there, Your Honor?

15           THE COURT:  I am.  I'm talking to my law clerks.  I

16   don't think I have authority to do this, Attorney Green, but if

17   you want to send me some authority, I will look at what you send

18   me.  If I determine I can do it, I will issue it, and you can

19   serve it electronically on Monday.  You'll need to be prepared

20   to call a different witness to begin your case.  If you can send

21   me some authority that says I can do that, I will take a look at

22   it, and if I agree with you, I will issue it on Monday.

23           But based upon my reading of the statute -- and again,

24   I haven't done any research with respect to this -- I'm not

25   certain I have the authority to do that, but I'm happy to look

**Sloley v. VanBramer - 14-CV-339**

1    at what authority you have, Attorney Green.

2              ATTY. GREEN:  Of course.  I would not want you to do

3    something you don't have power to do.

4              THE COURT:  I appreciate that.

5              ATTY. GREEN:  Your Honor, while we have you, may I

6    raise one other issue?

7              THE COURT:  If you must.

8              ATTY. GREEN:  Okay.  I'll try to be quick.

9              I understood the Court to have instructed the parties

10   to try to coordinate so we don't have to call witnesses more

11   than once.

12             THE COURT:  Right.

13             ATTY. GREEN:  Defendant's position is that if we want

14   to have the officers as part of our case in chief, they want us

15   to call them twice.  I would think we have to -- you know,

16   especially if Ms. Rollins is not going to be available for

17   testimony shortly after Mr. Sloley finishes, that's obviously a

18   very relevant question.  If the Court has any view or wants to

19   order us to do something, I would appreciate doing that bit of

20   housekeeping now rather than Monday.

21             THE COURT:  Well, to the extent, Attorney Green, you

22   wish to call the defendant Bramer -- VanBramer or any other

23   officer, you can call them as part of your case in chief.  My

24   recollection is you subpoenaed both of the VanBramers.  Am I

25   correct in that?

**Sloley v. VanBramer - 14-CV-339**

1       ATTY. GREEN:  I don't remember whether I formally

2   issued subpoenas.  They were on our witness list, and there was

3   no objection.  That may only apply to one of them now.

4       THE COURT:  Ms. Ouimet, Attorney Ouimet, do you

5   anticipate having Mr. VanBramer in the courtroom on Monday?

6       ATTY. OUIMET:  Which one?  Eric VanBramer?

7       THE COURT:  Your client.

8       ATTY. OUIMET:  My client, yes.  He will be in the

9   courtroom on Monday.

10       THE COURT:  Attorney Green, to the extent you're done

11  with Mr. Sloley and we do not have another witness, you can call

12  Mr. VanBramer.

13       ATTY. GREEN:  Okay.  Understood.  All right.  Then I

14  will see everybody Monday.  Thank you, Your Honor.

15       THE COURT:  Everyone have a nice weekend.  Thank you.

16              (The matter adjourned at 4:16 p.m.)

17

18

19

20

21

22

23

24

25

**Sloley v. VanBramer - 14-CV-339**

1          CERTIFICATION OF OFFICIAL REPORTER

2

3

4          I, JACQUELINE STROFFOLINO, RPR, CRR, Official Court

5    Reporter, in and for the United States District Court for the

6    Northern District of New York, do hereby certify that pursuant

7    to Section 753, Title 28, United States Code, that the foregoing

8    is a true and correct transcript of the stenographically

9    reported proceedings held in the above-entitled matter and that

10   the transcript page format is in conformance with the

11   regulations of the Judicial Conference of the United States.

12

13          Dated this 8th day of February, 2024.

14

15          **/s/ JACQUELINE STROFFOLINO**

16          JACQUELINE STROFFOLINO, RPR, CRR

17          FEDERAL OFFICIAL COURT REPORTER

18

19

20

21

22

23

24

25