MANDATE

22-2182-cv
*Sloley v. State of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand twenty-five.

PRESENT:   JON O. NEWMAN,
                 BARRINGTON D. PARKER,
                 SARAH A. L. MERRIAM,
                     *Circuit Judges.*

_____

MAXMILLIAN SLOLEY,

    *Plaintiff-Appellant*,

      v.                                                                                                22-2182-cv

ERIC VANBRAMER, individual and official capacity,

    *Defendant-Appellee*,

STATE OF NEW YORK; BRIAN VANBRAMER, individual and official capacity,

    *Defendants*.

_____

MANDATE ISSUED ON 10/17/2025

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | RYAN CHABOT (Alan Schoenfeld, *on the brief*), Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY. |
| FOR DEFENDANT-APPELLEE: | FREDERICK A. BRODIE (Barbara D. Underwood, Solicitor General; Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY. |

Appeal from an August 31, 2022, judgment of the United States District Court for the Northern District of New York (Hummel, *U.S.M.J.*).

**UPON DUE CONSIDERATION,** the judgment of the District Court is **VACATED** and **REMANDED**.

Plaintiff-appellant Maxmillian Sloley appeals from the District Court's entry of judgment after a jury rendered a verdict in favor of defendant-appellee Eric VanBramer on Sloley's claim that VanBramer conducted a visual body cavity search without the requisite reasonable suspicion in violation of the Fourth Amendment.[1] On appeal, Sloley challenges, among other things, the District Court's jury instruction on the reasonable suspicion required for a visual body cavity search under this Court's prior decision in *Sloley v. VanBramer* ("*Sloley I*"), 945 F.3d 30 (2d Cir. 2019). We assume the parties'

---

[1] Although Sloley asserted claims in his complaint against Eric VanBramer, Brian VanBramer, and the State of New York, only the claim against Eric VanBramer is before us on appeal. We therefore refer to Eric VanBramer as "VanBramer" throughout this decision.

2

familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

In *Sloley I*, this Court held that visual body cavity searches incident to arrest "require reasonable suspicion."[2] *Sloley I*, 945 F.3d at 38. In so holding, we explained that "strip searches, as opposed to other types of searches of a person incident to arrest, are themselves uniquely intrusive . . . yet visual body cavity searches are even more intrusive." *Id.* (citation and quotation marks omitted). Balancing an individual's "strong privacy interest" against the government's "slight" interest in conducting a suspicionless search, we held: "If an arresting officer has reason to believe, based on specific and articulable facts, taken together with rational inferences from those facts, that an arrestee is secreting contraband *inside a body cavity*, then the officer is permitted to conduct a visual body cavity search." *Id.* (emphasis added) (citation and quotation marks omitted). In light of that standard, we vacated the District Court's grant of summary judgment to VanBramer on Sloley's visual body cavity search claim and remanded for trial. *See id.* at 47.[3]

---

[2] As we explained in that decision, "a 'visual body cavity search' is one in which the police observe the suspect's body cavities without touching them (as by having the suspect to bend over, or squat and cough, while naked)." *Sloley I*, 945 F.3d at 36.

[3] In his complaint, Sloley challenged the constitutionality of both a strip search and visual body cavity search, but he forfeited the strip search claim in his previous appeal. *See Sloley I*, 945 F.3d at 37 n.4. In addition to vacating and remanding the visual body cavity search claim, this Court also vacated the District Court's grant of qualified immunity to VanBramer. *See id.* at 47. The sole claim that proceeded to trial was Sloley's visual body cavity search claim against VanBramer.

At trial the District Court instructed the jury: "In short, the relevant question is do the circumstances of plaintiff's arrest support a reasonable suspicion that he was hiding contraband *in or on* his person?" J. App'x at 615 (emphasis added). Sloley's counsel explicitly objected to the "in or on" phrase, but the trial judge overruled the objection without any explanation. On appeal, Sloley argues that the reasonable suspicion instruction constitutes reversible error under this Court's prior decision in *Sloley I*. We agree.

"We review challenges to a district court's jury instructions *de novo*." *Saint-Jean v. Emigrant Mortg. Co.*, 129 F.4th 124, 147 (2d Cir. 2025). "We will overturn a verdict on a challenge to jury instructions only if (1) the instructions were erroneous, and (2) the error was prejudicial." *Id.*

We conclude that the challenged instruction was erroneous under *Sloley I*. "Jury instructions are erroneous if they mislead the jury or do not adequately inform the jury of the law." *Saint-Jean*, 129 F.4th at 147 (citations and quotation marks omitted). In *Sloley I*, we held that a visual body cavity search incident to arrest may *only* be conducted when supported by "a reasonable suspicion to believe the arrestee secreted evidence *inside* a body cavity." *Sloley I*, 945 F.3d at 38 (emphasis added). However, the District Court instructed the jury that it could return a defense verdict if it concluded that VanBramer had "a reasonable suspicion that [Sloley] was hiding contraband *in or on* his person." J. App'x at 615 (emphasis added). This disjunctive instruction permitted a jury to find in VanBramer's favor if it concluded that he had reasonable suspicion to believe that Sloley

4

had drugs "*on his person*," rather than in it. That less exacting standard of reasonable suspicion was a misstatement of the law as established by *Sloley I*.[4]

We cannot conclude that the error was harmless. "An erroneous jury instruction requires a new trial unless the error was harmless." *Callahan v. Wilson*, 863 F.3d 144, 152 (2d Cir. 2017). "An error is harmless only if the court is convinced that the error did not influence the jury's verdict." *Cobb v. Pozzi*, 363 F.3d 89, 116 (2d Cir. 2004). The central focus at trial was whether VanBramer had the requisite reasonable suspicion to conduct a visual body cavity search of Sloley. *See Callahan*, 863 F.3d at 152 (erroneous jury instruction on "overly general standard of 'reasonableness'" not harmless where issue was "focus of the trial"). In addition to the misstatement of law as to the critical issue at trial, the jury instructions contained several other defects which, together with the erroneous reasonable suspicion instruction, presented a serious risk of confusion.[5] In

---

[4] Earlier in the charge, the District Court correctly recited the reasonable suspicion standard under *Sloley I*. We have, however, "reject[ed] the notion . . . that a court's . . . incorrect statements are necessarily 'cured' so long as the charge contains the correct standard elsewhere. Our precedents do not stand for any such proposition." *Hudson v. New York City*, 271 F.3d 62, 70 (2d Cir. 2001). Indeed, the accuracy of the earlier instruction is muddled by the inaccuracy of the later, erroneous instruction, particularly where the later instruction was offered by the District Court as a way to distill the relevant inquiry for the jury. *See* App'x at 615 ("In short, the relevant question is do the circumstances of plaintiff's arrest support a reasonable suspicion that he was hiding contraband in or on his person?").

[5] For example, despite that the visual body cavity search claim was the only claim being tried, the District Court instructed the jury that "plaintiff alleged that defendant Eric VanBramer violated his Fourth Amendment *rights* when he conducted *a strip search and visual body cavity search* of the plaintiff at the police barracks." J. App'x at 614 (emphases added). It then defined a strip search – which requires a less exacting degree

5

view of the charge as a whole, we cannot be "convinced that the error did not influence the jury's verdict" such that it was harmless. *Cobb*, 363 F.3d at 116.

Nor does the fact that the verdict form correctly stated the question to be decided cure the serious errors in the jury instructions. The verdict form asked the jury whether Sloley had "proven by a preponderance of the credible evidence" that "VanBramer subjected him to a visual body cavity search without reasonable suspicion to believe that Mr. Sloley had hidden evidence inside of his body cavity." App'x at 633. But the jury can only read the verdict form in the light of the explicit instructions the court has given. The District Court reminded the jury that it must "apply the law as I give to you, whether you agree with it or not," and: "You must base your decision on what I now tell you." App'x at 601. The District Court continued:

> The law that you must apply is the law I now instruct you. You must consider and apply all of these instructions. It is the application of these instructions in their entirety which states the law. You should not worry yourselves with the wisdom of any rule of law. Jurors are required to accept and apply the law as I give it to you, whether you agree with it or not.

App'x at 602. The jury was told that they must follow the instructions as issued by the Judge, even if those instructions don't seem right to the jury. "The proper administration

---

of reasonable suspicion – without clarifying that there was no strip search claim being tried. *See id.* Moreover, immediately following the erroneous reasonable suspicion instruction, the District Court gave an instruction about negligence, indicating that VanBramer was not liable if he merely "acted in a way that reflected a lack of due care for the plaintiff," App'x at 615, even though negligence was not at issue in the case, and despite the fact that reasonable suspicion under the Fourth Amendment is an objective inquiry. *See Dancy v. McGinley*, 843 F.3d 93, 116 (2d Cir. 2016); *see also United States v. Weaver*, 9 F.4th 129, 145 (2d Cir. 2021) (en banc).

of justice," they were told, requires that they "follow the law as the court states it." App'x at 602. Indeed, we presume that the jury did in fact follow the court's instructions. *See United States v. Batista*, 684 F.3d 333, 342 (2d Cir. 2012).

The jury would therefore have read the verdict form in light of the erroneous instructions, leaving us unable to feel "convinced that the error did not influence the jury's verdict." *Cobb*, 363 F.3d at 116; *cf. Rose v. New York City Bd. of Educ.*, 257 F.3d 156, 162 (2d Cir. 2001) (rejecting an argument that "the jury's answer to the first question on the special verdict sheet . . . rendered harmless any errors in the jury instructions"); *United States v. Mouling*, 557 F.3d 658, 665 (D.C. Cir. 2009), abrogated on other grounds by *Henderson v. United States*, 568 U.S. 266 (2013) (holding that a correct statement of law "in the verdict form cannot cure the omission from the jury instructions. We presume that juries follow the instructions they are given.").

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, we **VACATE** the judgment of the District Court and **REMAND** for a new trial.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit