UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK



Maxmillian Sloley v. Eric Vanbramer
14-CV-339     Magistrate Judge Evangelista

## MOTION TO EXCLUDE WITNESS TESTIMONY

This motion is to exclude the testimony of the witness about the disposal of a drug test kit, pursuant to FRE Rule 401 and Rule 403. This is not relevant evidence for either party. It has no truth or evidence to support any of the issues by either party. This witness can not offer any testimony or evidence about the morning of the incident. His testimony only serves to be cumulative, misleading, confusing, and a waste of time.

Having the witness testify that he destroyed a drug test kit that he received from the State Police will only cause the Plaintiff more prejudice than probative value. He can not offer any testimony about whether

the defendant actually found any drugs. His testimony will only confuse and/or mislead the jury to believe that a drug test kit is equatable to the actual and physical recovery of drugs. A drug test kit alone is not evidence of tangible drugs. Nor does it confirm or support that the defendant recovered any drugs in any way possible.

Yet, since most jurors are not educated in the law, and are predisposed to automatically give undue credibility to the testimony of law enforcement personnel, they will be wrongfully pursuaded by this, (Sanders v. Sullivan, 863 F.2d 218), (Chamberlain v. Mantello, 954 F. Supp. 499). This testimony "does not assist the trier of fact", (Nimley v. City of New York, 414 F.3d 381). The jury does not require this testimony to assist them at all, about anything, that pertains to this case. This testimony is also cumulative, due to the defendants already providing testimony about their drug test kit being sent to the lab to be

disposed of. Since the Plaintiff concedes to the test kit being sent to the lab for disposal eliminates any relevancy or probative value of this testimony. The Plaintiff never disputed this issue or fact, which makes this witness testimony irrelevant, cumulative, and a waste of time that will only cause prejudicial harm by confusing, misleading, and pursuading an erroneous verdict. This witness does not possess any fact finding testimony or evidence to corroborate or dispute whether the defendant actually found drugs that morning. His testimony is useless and serves no purpose, but to cause prejudicial harm to the Plaintiff.

A drug test kit does not add or subtract any relevancy to the fact that the defendant strip searched/visual cavity searched the Plaintiff.

Plaintiff requests this court to exclude this testimony. FRE RULE 401 AND RULE 403

December 5, 2025

M. Sloley

Maxmillian Sloley
17A0421
99 Prison Road
P.O. Box 1000
Woodbourne, NY 12788

(3)

WOODBOURNE CORRECTIONAL FACILITY
99 Prison Road
P.O. Box 1000
WOODBOURNE N.Y. 12788-1000

NAME: Maxmillian Sloley    DIN: 17A0421

Legal Mail

U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK
DEC 1 2 2025
RECEIVED

c/o Magistrate Judge Evangelista
U.S. District Court
James T. Foley - U.S. Courthouse
445 Broadway
Albany, NY 12207-2936

WOODBOURNE CORRECTIONAL FACILITY

NEOPOST
12/09/2025
US POSTAGE $000.740

FIRST-CLASS MAIL
IMI

ZIP 12788
041M11284544

Legal Mail

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
INCARCERATED INDIVIDUAL CORRESPONDENCE PROGRAM

NAME: Maxmillian Sloley   DIN: 17A0421

Legal Mail


Printed On Recycled Paper