UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Sloley v. Vanbramer    14-CV-339

Motion for Discovery of Defendants Civilian Complaints- Substantiated and Unsubstantiated.

   Plaintiff is requesting a copy of the civilian complaint that was submitted by Aaron King against State Troopers Eric Vanbramer and Brian Vanbramer. This incident transpired approximately May of 2013, in Athens, New York. The incident consisted of both Vanbramer brothers subjecting Mr. King to a strip search in the street, out in the open, accessible to the view of the public to see. He was forced to endure this embarassing, degrading, and humiliating public strip search. Mr. King filed a complaint with the State Police about this incident. The —

State Police, and Mr. King's defense Attorney, informed him that if he pursued his complaint, he will do jail time for his currently pending misdemeanor drug charge. And if he withdrew his complaint, his drug charge will go away. In fear of retaliation, Mr. King withdrew his complaint. Eric and Brian Vanbramer were not exonerated. The complaint was not dismissed on the merits. Mr. King stated that he was coerced, and intimidated, and in fear of going to jail at his old age with his health issues. Mr. King sincerely emphasizes that he fully regrets his decision to withdraw the complaint and wishes that he would have followed through with a civil complaint in the Courts. The defendants are to provide the Plaintiff with a copy of Mr. King's Administrative complaint against-

Eric and Brian Vanbramer, as relevant evidence, "Rule 401 and Rule 404."

An officer's prior complaints of misconduct are discoverable whether "substantiated" or "unsubstantiated", especially when the prior misconduct and current misconduct are similar. Prior evidence of complaints can be used to show intent when the incidents are similar and involve complainants who are of similar race. "Unfounded" or "unsubstantiated" would not prevent its disclosure and is relevant to an accusation's admissibility at trial. (Ferreira v. City of Binghampton, 2016 WL 4991600, NDNY), (Minor v. Curley, 2011 WL 13253736, NDNY), (Lewis v. City of Albany

Police Dept., 547 F. Supp. 2d 191, NDNY), (Ismail v. Cohen, 899 F.2d 183), (Fiacco v. City of Rensselaer, 783 F.2d 319).

Plaintiff and Aaron King are both African American men that were both unlawfully strip searched/visual cavity searched incident to an alleged drug possession. These incidents involved the same two police officers. Both incidents transpired a month apart, in the same county.

If Eric and Brian Vanbramer attempt to deny any knowledge of the Aaron King incident, requires a sanction for perjury and fraud. And if the defendant provides anything other than a copy of the original complaint, would require a sanction for fraud and discovery violation.

If the defendants object to the providing of a copy of the complaint, let it be known—

(4)

that they were "COURT ORDERED" to produce this document to the Plaintiff, by Magistrate Hummel. The defendants violated this "COURT ORDER" by providing a deleted, edited, and tampered document that was falsified and evasive in nature. The defendants also committed perjury by denying any knowledge of the document and the incident. Thus warranting sanctions in accordance with: FRCP 37 - Discovery Violation, ~~FRCP 56~~ FRCP 9 - Fraud, FRCP 44 - Proving an official Record, FRE 901 - Authenticating or Identifying Evidence, and Perjury, which all are/were cumulative in the prejudicial effects of denying Plaintiff a "FAIR TRIAL."

    Plaintiff requests a copy of the complaint, (in its original form), to provide the Plaintiff a Fair Trial.

    I, Maxmillian Sloley, the Plaintiff in this matter, under penalty of perjury deposes-



and says:

I, Maxmillian Sloley, knows Aaron King personally and directly.

The contents of this motion is information that was spoken from Aaron King to me, Mr. Sloley, face to face, about the incident with Eric and Brian Vanbramer.

Mr. King is willing to provide a sworn affidavit, a deposition, and a in court testimony.

December 11, 2025

x M. Sloley
Maxmillian Sloley
17A0421
99 Prison Road
P.O. Box 1000
Woodbourne, NY
12788



Maxmillian Sloley 17A0421
**WOODBOURNE CORRECTIONAL FACILITY**
**99 Prison Road**
**P.O. Box 1000**
**Woodbourne, N.Y. 12788-1000**

WOODBOURNE ★ CORRECTIONAL FACILITY

NEOPOST
12/12/2025
US POSTAGE $000.74

FIRST-CLASS MAIL
IMI

ZIP 12788
041M11284544

Legal Mail

U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK
DEC 1 6 2025
RECEIVED

c/o Magistrate Judge Evangelista
United States District Court
445 Broadway
Albany, NY 12207-2936

Legal Mail

122072936 C012

Maxmillian Sloley 17A0421

Legal Mail


Printed On Recycled Paper