UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MAXMILLIAN SLOLEY,

               Plaintiff,

      -v-                                        14-CV-339 (GLS/CFH)

ERIC VANBRAMER,

               Defendants.

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**
(March 18, 2026)

# JURY INSTRUCTIONS[1]

## I. INTRODUCTION

Now that you have heard all the evidence and the arguments of counsel, it is my duty to instruct you on the law applicable to this case. You must pay close attention, and I will be as clear as possible.

It has been obvious to me and Counsel that you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged and you have followed the testimony with close attention. I ask you to give me that same careful attention as I instruct you on the law.

### A. ROLE OF THE COURT AND THE JURY

Your duty as Jurors is to determine the facts of this case on the basis of the admitted evidence. You should not infer that I have any opinion about the facts of the case from anything I have said or will say. It is not my function to determine the true facts, but rather, it is yours. You are the sole, exclusive judges of the facts. In that field you are supreme, and neither I nor anyone else may invade your province. It is your job to determine the credibility of the witnesses, resolve any conflicts in the testimony, draw reasonable inferences from the facts as you have determined them, and determine the weight of the evidence. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, closing arguments, objections, or questions are not evidence.

I also ask you to draw no inference from the fact that, on occasion, I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and were not intended to suggest any opinion on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.

Once you have determined the facts, you must follow the law as I state it and apply the law to the facts. If any attorney has stated a legal principle different from what I state, you must follow my instructions. You must consider these instructions as a whole and should not consider one instruction alone as stating the law.

---

[1] Except where otherwise noted, these instructions are adapted from the charge this Court gave in *Wright v. Ensel et al.*, 14-cv-300 (CFH).

You should not concern yourself with the wisdom of any rule of law. You are bound to accept and apply the law as I give it to you, whether or not you agree with it. In deciding the facts of this case you must not be swayed by feelings of bias, prejudice, or sympathy toward any party. All parties, as well as the general public, expect you to carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a decision regardless of the consequences.

## B. ROLE OF ATTORNEYS

I should also discuss the role of the attorneys. We operate under an adversary system in which we hope that the truth will emerge through the competing presentation of adverse parties. It is the role of the attorneys to press as hard as they can for their respective positions. In fulfilling that role, they have not only the right, but the obligation, to make objections to the introduction of evidence they feel is improper. Although the interruptions caused by these objections may be irritating, the Attorneys are not to be faulted because they have a duty to make objections if they feel they are appropriate.

The application of the rules of evidence is not always clear, and lawyers often disagree. It has been my job as the Judge to resolve these disputes. It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case and are not to be considered as points scored for one side or the other.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as Jurors to recognize that this is not a contest between attorneys but an attempt to rationally resolve a serious controversy between the parties, solely on the basis of the evidence. Accordingly, statements made by the attorneys and their characterizations of the evidence are not controlling. Insofar as you find them helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

## C. THE PARTIES

This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. All parties stand equal before the law. All parties are to be dealt with as equals in a court of justice. In this action, the plaintiff is Maxmillian Sloley, who has sued the defendant, Eric VanBramer. The basis for Mr. Sloley's lawsuit against defendant that he claims the defendant has violated a section of the law called Title 42 of the United States Code, section 1983.

## D. EVIDENCE

3

As stated earlier, your duty is to determine the facts based on the evidence I have admitted. The term "evidence" includes the sworn testimony of witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts. Evidence does not include arguments and statements of lawyers, questions to witnesses, and evidence offered but excluded by my rulings. In addition, during the trial, I sustained objections to questions and either prevented a witness from answering or ordered an answer stricken from the record. You may not draw inferences from unanswered questions and you may not consider any responses stricken from the record.

Also, if certain testimony was received for a limited purpose — such as for the purpose of assessing a witness' credibility — you must follow the limiting instructions I have given relating to that evidence. Whether offered evidence is admissible is purely a question of law in the domain of the Court and outside of the domain of the Jury. In admitting evidence to which an objection has been made, the Court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. You must also refrain from speculation, conjecture, or any guesswork about the nature or effect of any colloquy between the Court and the lawyers held out of your hearing or sight.

### E. DEPOSITIONS

Some of the testimony before you is in the form of depositions. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

### F. INTERROGATORIES

You have heard and seen evidence in this case which is in the form of interrogatories. Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial in what is called pretrial discovery, and each side is entitled to seek such discovery from the other. You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

## II. EVALUATION OF THE EVIDENCE
### A. BURDEN OF PROOF

When a party has the burden of proof on a particular issue it means that such party must establish by a preponderance of the credible evidence that its claims, and the elements that comprise those claims, are true. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance means the greater part of the evidence. The phrase refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

In this case, the plaintiff, Mr. Sloley, has the burden of proving by a preponderance of the evidence certain elements that I will describe to you. For the Plaintiff to prevail, you must find the evidence supporting his claim is the more likely version of what occurred. If, however, you find the evidence supporting the defendant's case more persuasive, or if you are unable to find a preponderance of evidence on either side, then you must resolve the question in favor of the defendants. You may only find in favor of Mr. Sloley if the evidence supporting his claims outweighs the evidence opposing them.

In support of his defenses, defendant will have to prove his defense by a preponderance of the evidence. Similarly, you may only find those defenses established if the evidence supporting them outweighs the evidence opposing them.

### B. INFERENCES

During this charge you will hear me use the term "inference" and in your deliberations you are permitted to make inferences on the basis of your reason, experience, and common sense. I will now explain the meaning of the term "inference."

During your deliberations you are to consider only the evidence presented in the case. However, in your consideration of the evidence you are not limited solely to what you have seen and heard as the witnesses testified. You are permitted, but not required, to draw from facts that you find have been proven, such reasonable inferences as seem justified in light of your experience, reason, and common sense.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that you find has been proven. In other words,

based on the facts that you find have been established by the evidence, you may justifiably conclude that another fact exists. Inferences may be drawn from both the direct and circumstantial evidence presented to you.

### C. DIRECT AND CIRCUMSTANTIAL EVIDENCE

The law recognizes two types of evidence — direct and circumstantial.

Direct evidence is physical evidence as well as the testimony of one who asserts personal knowledge, such as an eyewitness.

Circumstantial or indirect evidence is proof of a chain of events that points to the existence or non-existence of certain facts.

I know this is likely a new term for you. Let me explain further with an example. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Further assume that there are no windows in the courtroom so you cannot look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom to see whether or not it is raining, so you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact, the existence or non-existence of some other fact.

The law does not distinguish between the weight to be given to direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You may rely on either type of evidence in reaching your decision.

### D. CREDIBILITY OF WITNESSES

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by all sides. It is obvious that contradictory sets of facts cannot both be true, and this is where you play your role as Jurors. You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize the entire testimony of each witness, the circumstances under which each witness testified, and any other matters in evidence that may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor — that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says, but how he or she says it that is significant to us.

You should use all the tests for truthfulness that you would regularly use in determining matters of importance to you in your everyday life. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified; the accuracy of his or her memory; his or her sincerity or truthfulness, or lack of thereof; the reasonableness and probability of his or her testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

Consider any inconsistencies between the testimony of the witness and any previous statements that the witness may have made. Consider the factual probability or improbability of the witness's testimony and consider the witness's opportunity for observation or for acquisition of information with respect to the matter about which the witness has testified. In weighing the effect of any discrepancy, always consider whether the discrepancy pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

In other words, what you must try to do in deciding credibility is to size up a witness in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experiences.

### E. ADMISSIONS, PLEADINGS, AND STIPULATED FACTS[2]

Prior to the trial of this case, the parties filed written statements of their claims, known as the pleadings. Statements in the pleadings are not evidence, but simply set forth the facts that the parties claim to exist.

---

[2] Defendants have indicated that the Attorney General's Office "does not stipulate" to anything in "prisoner cases." Therefore, Plaintiff proposes omitting this section.

Before and during the trial of this case the parties entered into certain stipulations or agreements in which they agreed that certain facts could be taken as true without further proof. By this procedure, it is often possible to save time.

Since the parties have so agreed, you are to take such facts as true for purposes of this case.

### F. WITNESS BIAS

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection he or she may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

### G. FALSUS IN UNO

If you find that any party or witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that party or witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a party or witness as totally unworthy of belief. You may accept so much of his or her testimony as you deem true and disregard what you feel is false. You, as the sole judges of the facts, determine which witnesses you will believe, what portion of their testimony you accept, and what weight you will give it.

### H. INTEREST IN OUTCOME

In evaluating the credibility of a witness, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of the testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on

your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

### I. NUMBER OF WITNESSES

In making your decision, you are not bound to decide any issue of fact in accordance with the testimony of a greater number of witnesses that does not produce in your mind belief in the likelihood of truth, versus the testimony of a lesser number of witnesses or other evidence that does produce such belief in your minds.

In other words, the test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses, and which evidence, appeals to your mind as being most accurate and otherwise trustworthy.

### J. ALL AVAILABLE EVIDENCE

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

### K. TESTIMONY BY POLICE OFFICERS

You have heard the testimony of police officers during this trial. The fact that a witness is employed as a police officer does not mean that his or her testimony is deserving of any more or less consideration, or should be given any greater or lesser weight, than that of any other witness from whom you heard testimony.

It is your decision, after reviewing all of the evidence, to accept the testimony of the police officer witness or reject it, or to give it whatever weight you believe it deserves, just as you would with any other witness from whom you heard testimony.

### III. SUBSTANTIVE CHARGES
### A. 42 U.S.C. § 1983[3]

Plaintiff has brought his claim pursuant to 42 U.S.C. § 1983, which provides that:

---

[3] Modifications to the Court's standard charge are indicated in bold/underline or strikethrough.

> [e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...

I will simply refer to this statute as "Section 1983."

Section 1983 does not create any substantive right in and of itself but rather serves as a means by which individuals can seek redress in this Court for alleged violations of their substantive rights under the United States Constitution.

Mr. Sloley must prove both of the following elements by a preponderance of the evidence.

**First**: The first element of any claim under Section 1983 is that the acts of the defendant must be done under "color of state law." In other words, the acts complained of must have occurred while the defendant was acting, or purporting to act, in the performance of his or her official duties. **<u>This element is not in dispute</u>.**

**Second**: The second element is that, while acting under color of state law, the defendants deprived plaintiff of a federal constitutional right or law.

I will next discuss the actual deprivation that Mr. Sloley alleges the defendant caused.

In this case, it is not disputed that defendant was acting under color of state law during the events in question as he was an employee of the New York City Police Department. Because this element of Mr. Sloley's claim is not in dispute, you must find that this element has been established.

~~It should be noted that the State Police Department are not defendants in this case. [etc]~~[4]

---

[4] Plaintiff proposes striking this section for reasons discussed in his previous motions in limine. Essentially, it encourages the jury to believe that the individual police officer will have to ***personally*** satisfy any judgment when that is not the case. *See, e.g.,* N.Y. Pub. Off. L. § 17. As we understand it, it is extraordinarily rare, verging on unheard of, for the state to decline to indemnify under that law — and such a decision requires a level of misconduct well beyond what is at issue in this case. If the Court nonetheless instructs the jury that the State Police Department and so on are not defendants, Plaintiff requests that the Court add the following to the charge:

10

## B. Unconstitutional Visual Cavity Search[5]

The only claim you are being asked to evaluate in this case is a claim that the defendant conducted an unconstitutional, visual cavity search of the Plaintiff's anus. I will now tell you how to evaluate that claim and the standards you are to apply.

The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable search while being arrested or while being detained after an arrest.

While officers are afforded considerable discretion when conducting a search of someone they arrest, they are not free to search someone they arrest at will. Rather, the scope of a search conducted alongside an arrest is limited.[6] The law requires weighing the government's interests at stake in a volatile arrest situation against the situationally reduced — but not extinguished — privacy interests a person has upon being arrested.[7]

But even in that context, searches that involve officers demanding a person strip or conducting a visual inspection of a person's body cavities ***cannot*** be treated as a routine search of an arrestee's person.[8] That is because the government's interest in searching a person's body cavities in the abstract is only slight — especially when compared to an individual's very and obvious strong interest of privacy.[9] Visual body cavity searches are invasive and degrading, occasioning a serious invasion of privacy and working a significant harm to a person's bodily integrity. To begin with, strip searches, as opposed to other types of searches of a person incident to arrest, are themselves uniquely intrusive. And yet visual body cavity searches are even more intrusive.[10]

Thus, those searches must be justified by what the law calls a "reasonable suspicion" standard. That standard requires that any officer that conducts a visual cavity search must have a

---

With that said, pursuant to state law, the individual officer will not have to pay any judgment in this case, no matter what result you reach. Instead, as it does in many cases, the State itself will make sure the officer is not personally burdened with a judgment that is difficult for him to satisfy.

[5] The instructions set forth in this section are largely adapted from the Second Circuit's two decision in this case, *Sloley v. Vanbramer*, 945 F.3d 30, 33 (2d Cir. 2019) and *Sloley v Vanbramer*, 2025 U.S. App. LEXIS 24965, at *3-4 (2d Cir Sep. 26, 2025).

[6] 945 F.3d at 37.

[7] *Id.*

[8] *Id*. at 37-38; *see also, Hartline v. Gallo*, 546 F.3d 95, 102 (2d Cir. 2008).

[9] *Sloley*, 945 F.3d at 38 ("In contrast to that strong privacy interest, the government's interest in conducting suspicionless visual body cavity searches incident to arrest is slight").

[10] This and the two preceeding sentences are direct quotes from the Second Circuit's opinion. *Id.* at 38.

specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity.[11]

In this case, it is not disputed that a visual body cavity search occurred. The question is whether, at the time of the search conducted by Officer Eric VanBramer, he had a particular, individualized, and reasonable suspicion based on specific and articulable facts. If you find he did have that suspicion based on specific facts he articulated, you should return a verdict in favor of Defendant. If you find he did not have such a suspicion, or his suspicion was not based on specific, articulatable facts, you should return a verdict in favor of Plaintiff.

I will also give you some guidance of what kinds of things you should consider in evaluating whether Officer VanBramer had a reasonable suspicion.

First, the seriousness of any suspected crime is not something you should consider. To be sure, the exact type of crime might play a role. For example, it is obviously more likely that an officer might find a stolen microchip in a cavity search than an entire stolen safe; and one may well more reasonably expect someone arrested for a misdemeanor drug offense to be secreting contraband than someone arrested for felony tax fraud.[12] But any role the exact crime suspected may have, it has nothing to do with the seriousness of a crime.[13]

Similarly, whether or not you believe Plaintiff is a bad person, or committed any crimes Defendants accused him of, is not relevant to your evaluation of whether Officer VanBramer in fact held a reasonable suspicion Plaintiff was secreting evidence inside his anal cavity.

And finally, you should take out of your mind the question of whether you believe it would be reasonable to search people's body cavities during jail processing — rather than during arrest. That is not at issue in this case, and a different legal standard applies to those searches.[14]

## IV. DAMAGES
### A. GENERALLY

If Mr. Sloley has proven by a preponderance of the credible evidence that the defendant is liable on his claims — that is, defendant committed the acts plaintiff complains of — then you must determine the amount of damages to which he is entitled for that claim.

However, you should not infer that Mr. Sloley is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to

---

[11] *Id.* at 38.
[12] *Id*. at 38-39.
[13] *Id.*
[14] *Id.* at 37 n. 5; 39.

decide the issues of liability outlined above, and I am instructing you on damages only so that you will have guidance should you decide that Mr. Sloley is entitled to recover.

## B. COMPENSATORY DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, resulting from the defendant's violations of Mr. Sloley's rights. If you find that the defendant is liable on Mr. Sloley's claims, as I have explained it, then you must award Mr. Sloley sufficient damages to compensate him for any injuries proximately caused by the defendants' conduct. An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission was a substantial contributing factor in causing the injury or damage.

These are known as compensatory damages. Compensatory damages seek to make a plaintiff whole — that is, to compensate him for any damage he may have suffered. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a defendant's conduct.

In the present case, Mr. Sloley has alleged that he suffered injury as a result of defendant's violation of his constitutional right to be secure from unreasonable search. Mr. Sloley has the burden of proof to show that the defendants' violation of his rights proximately caused his injuries.

You are to use your sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. If you find that Mr. Sloley is entitled to compensatory damages, for each claim on which you find Mr. Sloley entitled to such damages, you much indicate how the damages are to be apportioned, or divided, among the defendants.

## C. PUNITIVE DAMAGES

Whether or not you award Mr. Sloley compensatory damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish defendants for extreme or outrageous conduct, and to deter or prevent defendants and others like them from committing such conduct in the future.

You may award Mr. Sloley punitive damages if you find that the acts or omissions of the defendants were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. Mr. Sloley has the

13

burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to his rights.

If you find by a preponderance of the evidence that the defendant, Officer VanBramer acted with malicious intent to violate Mr. Sloley's federal rights or unlawfully injure him, or if you find that defendant acted with a callous or reckless disregard of him, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. As I indicated, punitive damages are awarded in the jury's discretion to punish defendants for outrageous conduct or to deter them and others like them from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant VanBramer, may be adequately punished by an award of compensatory damages only, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct. You should also consider whether compensatory damages, standing alone, are likely to deter or prevent these defendants from similar wrongful conduct in the future — if it was in fact wrongful — or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendants may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendants or persons like them from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendants in fixing the amount of such damages.

You are only to determine, at this time, whether Mr. Sloley is entitled to punitive damages. If you determine that Mr. Sloley is entitled to punitive damages, you are not to determine a particular amount. The amount is to be determined in a separate hearing.

### V. CONCLUSION

14

I have now outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes, you will retire to the jury room for your deliberations. Your first order of business in the jury room will be to elect a foreperson. The foreperson's responsibility is to ensure that deliberations proceed in an orderly manner. The foreperson's vote, however, carries the same weight as the vote of any other juror.

As jurors, you are required to discuss the issues and the evidence with each other. Although you must deliberate with a view to reaching an agreement, you must not violate your individual judgment and conscience in doing so. The proper administration of justice requires you to give full and conscientious consideration to the issues and evidence before you in determining the facts of the case — and then apply the law that the Court gives you to those facts.

To return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not, however, surrender your honest beliefs because of the opinion of a fellow juror or for the purpose of returning a verdict. Remember you are not partisans. You are the judges of the facts. Your duty is to seek the truth from the evidence presented to you, while holding the parties to their burdens of proof.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my instructions, it is your right to return to the courtroom to have the testimony read to you or my instructions further explained. You should, however, first make a good faith effort to resolve any questions as to testimony through your collective recollections.

Should you desire to communicate with the Court during your deliberations, please put your message or question in writing. The foreperson should sign the note and pass it to the marshal who will bring it to my attention. I will share those questions or writings with counsel for Mr. Sloley and the defendant. I will then respond, either in writing or orally, by having you returned to the courtroom.

There is no time limit on your deliberations. Once you have reached a unanimous verdict, your foreperson should fill in the verdict form, date and sign it, and inform the marshal that you have reached a verdict. After you have reached your verdict, the Court may ask you to answer some additional factual questions. Thank you again for your service thus far and for your continued service during your deliberations.