UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MAXMILLIAN SLOLEY,

                              *Plaintiff*,

      v.

ERIC VANBRAMER,

                              *Defendant*.

_____

       **DEFENDANT'S PROPOSED
JURY INSTRUCTIONS**

       1:14-CV-0339

       PJE

       Defendant respectfully requests the Court to charge the jury in accordance with the following instructions.

Dated: March 18, 2026
      Albany, New York

       **LETITIA JAMES**
       Attorney General of the State of New York
       *Attorney for Defendant*
       The Capitol
       Albany, New York 12224-0341

Mark G. Mitchell
Rachael S. Ouimet
Assistant Attorneys General, of Counsel

## TABLE OF CONTENTS

General Introduction – Province of the Court and Jury .......................................................................... 3

State Not a Defendant ............................................................................................................................ 4

Attorney Objections ............................................................................................................................... 5

What is Not Evidence ............................................................................................................................. 6

Evidence in the Case ............................................................................................................................. 7

Preponderance of the Evidence ............................................................................................................ 9

Direct and Circumstantial Evidence Defined ...................................................................................... 10

Presumption of Regularity ................................................................................................................... 11

Credibility of Witnesses ....................................................................................................................... 12

Inconsistent Statements ....................................................................................................................... 14

Impeachment – Conviction of a Felony ............................................................................................... 15

All Available Witnesses or Evidence Need Not be Produced .............................................................. 16

Elements of a §1983 Claim .................................................................................................................. 17

Action Under Color of State Law ......................................................................................................... 19

Violation of Federal Rights ................................................................................................................. 20

State Law Irrelevant ............................................................................................................................ 22

Proximate Cause of Injury ................................................................................................................... 23

Qualified Immunity .............................................................................................................................. 24

Actual (Compensatory) Damages ........................................................................................................ 26

Nominal Damages ................................................................................................................................ 27

Punitive Damages ................................................................................................................................ 28

## **General Introduction – Province of the Court and Jury**

Members of the jury, now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned with the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers have referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by these instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

O'Malley, Grenig and Lee, 3 Fed. Jury Prac. & Instr. § 103:01 (6th ed.).

## State Not a Defendant

During your deliberations you must bear in mind that neither the State of New York nor the New York State Police is a Defendant in this case. This is a suit against one individual: Eric VanBramer. You are only to consider the potential liability of this Defendant solely on the basis of the evidence that has been presented in this case. This individual is not liable for his employer's conduct or the conduct of his colleagues and you are only to consider the potential liability of the Defendant solely on the basis of the evidence that has been presented in this case.

*Tangreti v. Bachmann*, 983 F.3d 609, 618-619 (2d Cir. 2020); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

5

## **Attorney Objections**

When one party asks a question or offers an exhibit into evidence and the other party thinks it is not permitted by the rule of evidence, that party or his lawyer may object. Counsel have not only the right, but the duty to make whatever legal objections there may be to the admission of evidence. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

O'Malley, Grenig and Lee, 3 Fed. Jury Prac. & Instr. § 101:49 (6th ed.).

**What is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

O'Malley, Grenig and Lee, 3 Fed. Jury Prac. & Instr. § 101:44 (6th ed.).

**Evidence in the Case**

The evidence in the case will consist of the following: (1) the sworn testimony of the witnesses, no matter who called that witness; (2) all exhibits received in evidence, regardless of who may have produced the exhibit; and (3) all facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find

have been proved, such reasonable inferences or conclusions as you think are justified in light of your experience.

O'Malley, Grenig and Lee, 3 Fed. Jury Prac. & Instr. § 101:40 (6th ed.).

**Preponderance of the Evidence**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of all claims by a preponderance of the credible evidence. If Plaintiff should fail to establish any essential element on a particular claim by a preponderance of the credible evidence, you should find for Defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the credible evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the credible evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

O'Malley, Grenig and Lee, 3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.); 3B Fed. Jury Prac. & Instr. § 166:51 (6th ed.).

## **Direct and Circumstantial Evidence Defined**

Generally speaking, there are two types of evidence that are presented during a trial – direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  A greater degree of certainty is not required of circumstantial evidence.  You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

O'Malley, Grenig and Lee, 3 Fed. Jury Prac. & Instr. § 104:05 (6th ed.).

**Presumption of Regularity**

Unless and until outweighed by evidence in the case to the contrary, you may find that an official duty has been regularly performed, that private transactions have been fair and regular, that the ordinary course of business or employment has been followed, that things have happened according to the ordinary course of nature and the ordinary habits of life, and that the law has been obeyed.

O'Malley, Grenig and Lee, 3 Fed. Jury Prac. & Instr. § 104:21 (6th ed.).

**Credibility of Witnesses**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters the witness has testified about, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

If you find that a witness has testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not

12

required, however, to consider such witness as totally unworthy of belief. You may accept so much of his or her testimony as you deem true and disregard what you deem false.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

O'Malley, Grenig and Lee, 3 Fed. Jury Prac. & Instr. §§ 105:01, 105:04 (6th ed.).

**Inconsistent Statements**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.  If the witness is not a party to this action, such prior inconsistent out-of-court statements may be considered for the sole purpose of judging the witness' credibility; however, it may never be considered as evidence of proof of the truth of such statement.

On the other hand, where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

O'Malley, Grenig and Lee, 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.).

14

**Impeachment – Conviction of a Felony**

You have also heard evidence that a witness was convicted of a felony.  A felony is a crime that is punishable by imprisonment for more than one year.  You are permitted to consider a felony conviction only to the extent that the conviction may attack or impeach the witness's credibility.  As you were instructed earlier with regard to evidence of prior inconsistent statements, if you find that the felony conviction gives you reason to attack or impeach the witness's credibility, then you may consider that conviction only to help you decide whether to believe the witness and how much weight to give the witness's testimony.

O'Malley, Grenig and Lee, 3 Fed. Jury Prac. & Instr. § 105:05 (6th ed.).

## **All Available Witnesses or Evidence Need Not be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

O'Malley, Grenig and Lee, 3 Fed. Jury Prac. & Instr. § 105:09 (6th ed.).

## Elements of a §1983 Claim

In this 42 U.S.C. §1983 action, Plaintiff alleges that Defendant Eric VanBramer violated his rights under the Fourth Amendment of the United States Constitution on April 1, 2013 while Plaintiff was being booked at a State Police barracks in Greene County, New York. Specifically, Plaintiff alleges that his Fourth Amendment rights were violated when Defendant allegedly conducted a visual body cavity search of Plaintiff at the police barracks. Plaintiff does not challenge the constitutionality of the strip search.

Defendant denies that he violated Plaintiff's Fourth Amendment rights, and Defendant argues that, even if his search of Plaintiff did violate those rights, Defendant is protected from liability by the affirmative defense of qualified immunity.

Plaintiff claims a right to recovery under Section 1983 of Title 42 of the United States Code which reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state, subjects any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law.

Specifically, Plaintiff alleges a deprivation of his rights under the Fourth Amendment of the United States Constitution.

To establish his claim, Plaintiff must establish, by a preponderance of the credible evidence, each of the following three elements:

First:   That the conduct complained of was committed by a person acting under color of state law;

Second: That this conduct deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

17

Third: That Defendant's act was the proximate cause of the injuries and consequent damages sustained by Plaintiff.

Plaintiff must prove all three elements.  Thus, if you find that any one of the three elements of Plaintiff's claim has not been proven by a preponderance of the credible evidence, you must return a verdict for Defendant.

42 U.S.C. § 1983; O'Malley, Grenig and Lee, 3B Fed. Jury Prac. & Instr. Ch. 165 (6th ed.).

## Action Under Color of State Law

The first element of Plaintiff's §1983 claim is that Defendant acted under color of state law.  It is not disputed in this case that Defendant, as an employee and official employed by the New York State Police, acted under color of state law in the routine course of his duties.  However, Defendant categorically denies that he violated Plaintiff's Fourth Amendment rights.

42 U.S.C. § 1983; O'Malley, Grenig and Lee, 3B Fed. Jury Prac. & Instr. Ch. 165 (6th ed.).

**Violation of Federal Rights**

Plaintiff must prove that the Defendant deprived him of a federal right. To show that he was deprived of a federal right, the Plaintiff must prove three things by a preponderance of the evidence: (1) the Defendant committed the acts that Plaintiff alleges; (2) these acts resulted in a loss of a federal right; and (3) in performing those acts, the Defendant acted intentionally.

Plaintiff claims to have been subjected to an unreasonable search. The Constitution protects every person against "unreasonable" searches.

A visual body cavity search occurring in connection with an arrest must be based on a reasonable suspicion that the arrestee is hiding evidence inside the body cavity to be searched.

A reasonable suspicion is a particularized and objective basis for suspecting an individual of hiding evidence inside the body cavity to be searched. In making these determinations, you should consider the totality of the circumstances and focus on all of the information available to Defendant at the time that he conducted the search.

Although a mere hunch does not create reasonable suspicion, the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause. Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause. In evaluating whether reasonable suspicion under the totality of the circumstances exists, officers are allowed to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person. While the crime of arrest is not a

20

determinative factor, it is one officers may take into account in their consideration of the totality of the circumstances surrounding the search.

I instruct you that an act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.

O'Malley, Grenig and Lee, 3B Fed. Jury Prac. & Instr. § 165:22 (6th ed.); *Sloley v. VanBramer*, 945 F.3d 30, 39, 43 (2d Cir. 2019); *Hartline v. Gallo*, 546 F.3d 95 (2d Cir. 2008); *Varrone v. Bilotti*, 123 F.3d 75, 79 (2d Cir. 1997); *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

## **State Law Irrelevant**

I instruct you again that Plaintiff bears the burden of proving that the Defendant deprived him of a federal right. You must bear in mind that the case against the Defendant concerns whether there was a violation of Plaintiff's federal constitutional rights. In this regard, whether or not a State procedural violation occurred is completely irrelevant to your deliberations. Therefore, if you find merely that the Defendant failed to follow a State law or police rule, regulation, policy, procedure, or directive, this would not be sufficient to establish a violation of the Plaintiff's federal constitutional rights.

*Pennhurst v. Halderman State Hospital*, 465 U.S. 89 (1984); *Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir. 1987), *cert. denied*, 484 U.S. 896 (1987); *McClain v. Dugan*, No. 9:17-CV-0046, 2019 WL 6330507, at *14 (N.D.N.Y. Oct. 28, 2019), *adopted*, 2019 WL 6330205 (N.D.N.Y. Nov. 26, 2019).

**Proximate Cause of Injury**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff, and that Plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiff has the burden of proving each and every element of his claim by a preponderance of the credible evidence. If you find that Plaintiff has not proved any one of the elements by a preponderance of the credible evidence, you must return a verdict for Defendant.

In order to find for Plaintiff, you must find that Plaintiff's injuries were proximately caused by Defendant.

O'Malley, Grenig and Lee, 3B Fed. Jury Prac. & Instr. § 165:50 (6th ed.).

23

**<u>Qualified Immunity</u>**

A government official sued in his or her individual capacity is entitled to qualified immunity: (1) if the conduct attributed to that official is not prohibited by federal law, (2) where that conduct is so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time of the conduct, or (3) if the defendant's action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken.  The right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense, i.e., the contours of the right must have been sufficiently clear that a reasonable official would understand that what he was doing violated that right.  Even if the legal right asserted was clearly protected by federal law, the defendant is entitled to immunity if it was not clear at the time that the particular conduct at issue contravened that known legal right.  The objective reasonableness test is met--and the defendant is entitled to immunity--if officers of reasonable competence could disagree on the legality of the defendant's actions.  If there is a "legitimate question," qualified immunity attaches.

Three factors must be considered to determine whether the Plaintiff's alleged right was "clearly established": (1) whether the right in question was defined with "reasonable specificity;" (2) whether relevant decisional law supports the existence of the right in question; and (3) whether under preexisting law a reasonable government official would have understood that his actions were unlawful.  Defendant has the burden of establishing entitlement to qualified immunity by a preponderance of the credible evidence.

If you find that it was objectively reasonable for Defendant to believe that he was not violating Plaintiff's Fourth Amendment rights in light of the circumstances at the time, Defendant is entitled to qualified immunity and, if you so find, you must return a verdict for Defendant.

O'Malley, Grenig and Lee, 3B Fed. Jury Prac. & Instr. Ch. 165 (6th ed.); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Saucier v. Katz*, 533 U.S. 194 (2001); *Drimal v. Tai*, 786 F.3d 219, 225 (2d Cir. 2015).

## Actual (Compensatory) Damages

If you find in favor of Plaintiff, then you must award Plaintiff such sum as you find, from the preponderance of the credible evidence, will fairly and justly compensate Plaintiff for any damages you find Plaintiff sustained.  The fact that I am instructing you on the question of damages does not mean that I think you should award any damages; that is entirely for you to decide.

A plaintiff is not automatically entitled to recover damages solely by virtue of the fact – if you find it to be a fact – that his constitutional rights were violated.  He must also demonstrate that the constitutional deprivation proximately caused actual injury or loss.  In determining such actual injury or loss, you should consider the physical pain plaintiff experienced, the nature and extent of the injury, whether the injury is temporary or permanent, and whether any resulting disability is partial or total, and any aggravation of a pre-existing condition.

Throughout your deliberations you must not engage in any speculation, guess, or conjecture, and you must not award any damages under this instruction by way of punishment or through sympathy.

O'Malley, Grenig and Lee, 3B Fed. Jury Prac. & Instr. § 166:60 (6th ed.).

## **Nominal Damages**

If you find in favor of Plaintiff under my instructions, but you find that Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of one dollar.

O'Malley, Grenig and Lee, 3B Fed. Jury Prac. & Instr. § 166:61 (6th ed.).

**Punitive Damages**

[Defendant contends that the evidence does not warrant the submission of punitive damages instruction to the jury.  Nevertheless, should the Court issue such a charge, Defendant proposes the following:]

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.  Punitive damages are not favored in law and are allowed only with caution and within narrow limits.

If you find in favor of Plaintiff and against Defendant and if you find, further, that Defendant's conduct was recklessly and callously indifferent to Plaintiff, then, in addition to any other damages to which you find Plaintiff is entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages if you find it is appropriate to punish Defendant or deter Defendant and others from like conduct in the future.  Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion.

If you decide to award punitive damages against Defendant in this case, we will reconvene for a further hearing at a later date so that you may consider the amount of personal assets and liabilities of such individual defendant in fixing the amount of punitive damages you may decide to assess.

O'Malley, Grenig and Lee, 3B Fed. Jury Prac. & Instr. § 166:62 (6th ed.); *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Lee v. Edwards*, 101 F.3d 805, 808 (2d Cir. 1996).

Dated: March 18, 2026
      Albany, New York

<div style="margin-left: 45%;">

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant
The Capitol
Albany, New York  12224-0341


By: *s/ Mark G. Mitchell*

Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone: 518-776-2583
Fax:  518-915-7738 (Not for service of papers)
Email:  mark.mitchell@ag.ny.gov


By: *s/ Rachael S. Ouimet*

Rachael S. Ouimet
Assistant Attorney General, of Counsel
Bar Roll No. 703304
Telephone: 518-776-2599
Email: Rachael.Ouimet@ag.ny.gov

</div>

To:    Via ECF
       J. Remy Green
       Regina Yu
       Cohen & Green P.L.L.C.
       1639 Centre Street
       Suite 216
       Ridgewood, NY  11385