UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAXMILLIAN SLOLEY,

*Plaintiff,*

-against-                                                1:14-CV-0339

                                                         PJE

ERIC VANBRAMER,

*Defendant.*

---

**SUBMISSION IN SUPPORT OF
DEFENDANT'S MOTION *IN LIMINE***

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant Eric VanBramer
The Capitol
Albany, New York  12224-0341

Mark G. Mitchell
Rachael S. Ouimet
Assistant Attorneys General, of Counsel

Date:  March 18, 2026

**Table of Contents**

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ....................................................................................................................... 2

    POINT I: THE COURT SHOULD PERMIT DEFENSE COUNSEL TO CROSS-
        EXAMINE PLAINTIFF REGARDING HIS OTHER FEDERAL
        LAWSUITS BECAUSE HIS ALLEGATIONS IN THOSE LAWSUITS
        ARE DIRECTLY RELEVANT TO CAUSATION AND DAMAGES ................ 2

    POINT II: DEFENSE COUNSEL SHOULD BE PERMITTED TO INQUIRE
        INTO PLAINTIFF'S CONVICTIONS AND SUPERVISED RELEASE
        IN ACCORDANCE WITH THE COURT'S PRIOR RULINGS ......................... 5

        A.    The Court's prior rulings concerning Plaintiff's convictions and
        status on supervised release are the law of the case ................................. 5

        B.    To the extent that the Court reconsiders its prior rulings, or
        Plaintiff opens the door, defense counsel should be permitted to inquire
        into all of Plaintiff's convictions, including the statutory names of the
        offenses, the dates of conviction, the overall sentences imposed, and the
        underlying facts ......................................................................................... 5

    POINT III: PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY
        TESTIMONY OR OTHER EVIDENCE AT TRIAL ABOUT OTHER
        INDIVIDUALS CLAIMING THAT THEY WERE SEARCHED BY
        ERIC VANBRAMER OR OTHER STATE TROOPERS.  PLAINTIFF
        SHOULD ALSO BE PRECLUDED FROM OFFERING ANY
        TESTIMONY OR OTHER EVIDENCE AT TRIAL ABOUT ERIC
        VANBRAMER OR OTHER STATE TROOPERS HAVING A
        REPUTATION FOR ENGAGING IN IMPROPER SEARCHES. ..................... 9

    POINT IV: PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING
        ANY EVIDENCE, TESTIMONY, OR CROSS-EXAMINATION AT
        TRIAL CONCERNING THE DISCIPLINARY RECORDS AND/OR
        DISCIPLINARY HISTORIES OF DEFENDANT ERIC VANBRAMER
        AND FORMER DEFENDANT BRYAN VANBRAMER ................................ 12

    POINT V: THE COURT SHOULD PRECLUDE ANY REFERENCE TO
        DISMISSED CLAIMS ......................................................................... 13

    POINT VI:  PLAINTIFF SHOULD BE PRECLUDED FROM CLAIMING
        THAT DEFENDANT ERIC VANBRAMER, FORMER DEFENDANT
        BRYAN VANBRAMER, AND/OR THE NEW YORK STATE POLICE
        PARTICIPATED IN A CONSPIRACY OR "COVER-UP" AGAINST
        PLAINTIFF .......................................................................................... 14

POINT VII: PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING THAT
THE JURY SHOULD DRAW AN ADVERSE INFERENCE AGAINST
DEFENDANT BASED ON THE DESTRUCTION OF THE DRUG
EVIDENCE THAT WAS RECOVERED FROM PLAINTIFF'S
VEHICLE ...................................................................................................... 15

POINT VIII: THE RECORDS FROM DR. KESSLER SHOULD BE
ADMITTED INTO EVIDENCE ...................................................................... 17

CONCLUSION.................................................................................................................. 17

**PRELIMINARY STATEMENT**

For the reasons set forth below, Defendant Eric VanBramer respectfully requests that the Court grant his motion *in limine* for an order:

(1)  Permitting defense counsel to cross-examine Plaintiff about the allegations in his other federal lawsuits;

(2)  Permitting defense counsel to inquire into Plaintiff's convictions and supervised release in accordance with the Court's prior rulings;

(3)  Precluding Plaintiff from offering any testimony or other evidence at trial about:

(a) other individuals claiming that they were searched by Eric VanBramer or by other State Troopers; and

(b) Eric VanBramer or other State Troopers having a reputation for carrying out improper searches;

(4)  Precluding Plaintiff from introducing any evidence, testimony, or cross-examination at trial concerning the disciplinary records and/or disciplinary histories of Defendant Eric VanBramer and former Defendant Bryan VanBramer;

(5)  Precluding any reference to claims previously dismissed in this action;

(6)  Precluding Plaintiff from claiming that Eric VanBramer, Bryan VanBramer, and/or the New York State Police participated in a conspiracy or "cover-up" against Plaintiff;

(7)  Precluding Plaintiff from arguing that the jury should draw an adverse inference against Eric VanBramer based on the destruction of the drug evidence that was recovered from Plaintiff's vehicle;

and

(8)  Admitting into evidence the records from Dr. Kessler.

1

## ARGUMENT

## POINT I

**THE COURT SHOULD PERMIT DEFENSE COUNSEL TO CROSS-EXAMINE PLAINTIFF REGARDING HIS OTHER FEDERAL LAWSUITS BECAUSE HIS ALLEGATIONS IN THOSE LAWSUITS ARE DIRECTLY RELEVANT TO CAUSATION AND DAMAGES**

In the present action, Plaintiff claims that Defendant VanBramer caused Plaintiff to sustain injuries consisting of "fear, paranoia, anxiety, humiliation, and fear and loss of trust for law enforcement." *See* Plaintiff's responses to interrogatories, ¶ 16, attached as **Exhibit A**; *see also* Plaintiff's Deposition Transcription, Dkt. No. 41-2 at p. 101 (claiming that he suffered "Mental and emotional" harm). However, Plaintiff has commenced other lawsuits claiming nearly identical injuries.

In this case, the Court previously ruled that defense counsel can question Plaintiff at trial about his allegations in the following two lawsuits, in which Plaintiff alleged that he sustained mental and emotional injuries:

- In *Sloley v. Seeley, et al.* (Case No. 9:18-cv-00856, N.D.N.Y., commenced July 20, 2018), Plaintiff claimed that he was subjected to cruel and unusual punishment as a pretrial detainee at the Greene County Jail from April 23, 2016 through January 31, 2017. A copy of Plaintiff's Complaint in that action is attached as **Exhibit B**. Plaintiff claimed that, as a result of the actions of the defendants in that case, he sustained injuries including "tremendous harmful psychological effects, such as stress, depression, fear, and anxiety and also lack of sleep which also worsened blood pressure." Exhibit B at p. 3, ¶ 39.

- In *Sloley v. Filli, et al.* (Case No. 1:12-cv-01751, N.D.N.Y., commenced November 28, 2012), Plaintiff claimed that various City of Hudson police officers violated his Fourth Amendment rights in connection with the arrest of Plaintiff in June 2010 on drug charges.

2

A copy of Plaintiff's Complaint in that action is attached hereto as **Exhibit C**.  Notably, Plaintiff alleged that the police officers strip searched Plaintiff.  Exhibit C, ¶ 21.  Plaintiff claimed that the defendants in that case caused him to sustain injuries including "imprisonment for fourteen months, a loss of freedom and liberty, great mental anguish, emotional distress, and public humiliation, and was further caused to experience fear of physical harm and violence, and to incur attorney's fees and expenses."  Exhibit C, ¶¶ 41, 50, 68, 76.

Transcription of August 23, 2022 Pretrial Conference, Dkt. No. 146, at pp. 23-24, 26-28; Jury Trial Transcription, Dkt. Nos. 144 and 145, at pp. 197-199.

In addition, subsequent to the August 2022 trial in this action, Plaintiff commenced another lawsuit claiming injuries nearly identical to those he claims in the present action:

- In *Sloley v. NYS DOCCS, Dr. Andola, et al.* (Case No. 9:23-cv-01469, N.D.N.Y., commenced November 22, 2023), Plaintiff claimed that, since January 2023, various prison officials have caused him "to endure horrible and extremely low levels of depression, excess fatigue, manic depression, aches and pains, mood swings, anxiety, headaches, cold chills, heat flashes, restlessness, insomnia, and sleep deprivation.  Physical, mental, emotional, and psychological anguish, pain, and suffering."  A copy of Plaintiff's Complaint (without attachments) in that action is attached as **Exhibit D**, at p. 5.

Defense counsel should be permitted to question Plaintiff regarding his allegations and claimed injuries in the three aforementioned lawsuits.  In *Brewer v. Jones*, 222 F. App'x 69 (2d Cir. 2007), an action brought by an inmate pursuant to 42 U.S.C. § 1983, the plaintiff argued that the district court erred in admitting evidence at trial of a previous lawsuit filed by him.  The United States Court of Appeals, Second Circuit, held that the evidence was properly admitted:

3

> We see nothing in the record to suggest that the challenged evidence was admitted for an improper purpose or was unduly prejudicial. On the contrary, because the evidence was relevant to show a possible cause of Brewer's injury unrelated to the acts of the defendant, the district court correctly concluded that the probative value of the evidence outweighed any possibility of prejudice. Furthermore, the record reflects that the defense scrupulously confined its use of the challenged evidence to the purpose for which it was admitted. Evidence admissible for one purpose is not rendered inadmissible by a separate rule which might preclude it.

*Brewer*, 222 F. App'x at 70-71.

In *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529 (E.D.N.Y. 2011), the plaintiff alleged that he suffered emotional injuries as a result of a strip search. *See* 840 F. Supp. 2d at 542. The defendants sought to introduce evidence at trial of materials from a previous lawsuit in which the plaintiff claimed to have suffered emotional problems as a result of a different strip search. *Id*. The District Court held that the defendants were permitted to introduce evidence of the date of the plaintiff's prior lawsuit, his allegations in that lawsuit about a strip search that caused emotional injury, and relevant deposition testimony from the previous lawsuit. *Id*. at 543.

Here, in Plaintiff's other federal actions discussed above, Plaintiff alleged injuries nearly identical to those he alleges in the present action, and he claimed a cause of those injuries that is unrelated to Defendant in the present action. Accordingly, inasmuch as the evidence is relevant to the issues of causation and damages, Defendant should be permitted to cross-examine Plaintiff at trial about his allegations in those lawsuits. *See Brewer*, 222 F. App'x at 70-71; *Dukes v. Schuck*, 637 F. App'x 37, 39 (2d Cir. 2016); *Domroes v. Czerkies*, No. 9:19-CV-932, 2024 WL 3791180, at *3 (N.D.N.Y. Aug. 13, 2024) (Sannes, C.J.) (determining that "Plaintiff's claims of injury in the other lawsuit are relevant under Rule 401 because they have the tendency to make the cause and amount of damages alleged in this action to be more or less probable."); *Jean-Laurent*, 840 F. Supp. 2d at 543; *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) (evidence of the plaintiff's preexisting injuries are relevant to the issue of whether the defendants caused the plaintiff's

4

claimed injuries).

**POINT II**

**DEFENSE COUNSEL SHOULD BE PERMITTED TO INQUIRE INTO PLAINTIFF'S CONVICTIONS AND SUPERVISED RELEASE IN ACCORDANCE WITH THE COURT'S PRIOR RULINGS**

**A.      The Court's prior rulings concerning Plaintiff's convictions and status on supervised release are the law of the case**

In this action, the Court previously ruled that defense counsel can question Plaintiff at trial about the date of conviction and charge for which he was convicted, as to Plaintiff's following criminal convictions: (1) conviction in 2017 of Criminal Possession of a Weapon in the Second Degree; (2) conviction in 2017 of Unlawful Fleeing from a Police Officer in a Motor Vehicle in the Third Degree; and (3) conviction in 1996 of Criminal Impersonation.  Dkt. No. 146 at pp. 12-14, 18-21; Dkt. No. 144 at pp. 194-195.  In addition, the Court permitted defense counsel to question Plaintiff whether he was on supervised release at the time of the incident in this case. Dkt. No. 146 at pp. 29-30; Dkt. No. 144 at pp. 199-200.  Further, the Court ruled that, by Plaintiff raising the issue that he was not convicted of a drug offense as a result of the arrest at issue, Plaintiff opened the door to Defendant introducing the fact that Plaintiff resolved the charges by pleading guilty to a lesser charge.  Dkt. No. 145 at p. 325 ("you opened the door by asking the question.").

Inasmuch as those rulings are the law of the case, and they were not found erroneous on the appeal from the first trial, they should apply to the retrial of this matter.

**B.      To the extent that the Court reconsiders its prior rulings, or Plaintiff opens the door, defense counsel should be permitted to inquire into all of Plaintiff's convictions, including the statutory names of the offenses, the dates of conviction, the overall sentences imposed, and the underlying facts**

Plaintiff Maxmillian Sloley (DIN 17A0421) is currently serving an aggregate 14-year term of imprisonment, as a second violent felony offender, based on his convictions, rendered in 2017 in Greene County Court (Wilhelm, J.), of criminal possession of a weapon in the second degree,

5

fleeing from a police officer in a motor vehicle in the third degree, and reckless driving. *See People v. Sloley*, 179 A.D.3d 1308, 1308-1309 (3d Dep't 2020), *lv. denied*, 35 N.Y.3d 974. The underlying facts are that, "[i]n 2016, law enforcement officials pursued [Plaintiff] when he fled after being stopped for driving at a high rate of speed in Greene County. During the pursuit, [Plaintiff] drove behind a building located at 2 Van Dyck Street and was out of the view of the chasing police officer. [Plaintiff] later reappeared but crashed into an embankment. A search of the area behind 2 Van Dyck Street was conducted and a handgun was discovered." *Id*. at 1309.

In addition, in 2005, Plaintiff was sentenced to 88 months of imprisonment based on his plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See United States v. Sloley*, 464 F.3d 355, 357 (2d Cir. 2006), *cert. denied*, 549 U.S. 1316 (2007). Plaintiff's "prior convictions included robbery in the second degree and criminal possession of a controlled substance, criminal impersonation, criminal possession of a weapon, and criminal sale of a controlled substance." *Id*. at 357; *see also United States v. Sloley*, No. 03-CR-1190, 2013 WL 5231462, at \*1 (S.D.N.Y. July 18, 2013) (observing that "Between the ages of 18 and 20, Sloley was convicted of providing a false name, possessing drugs, selling drugs, and possessing a firearm. He also violated parole twice."), *aff'd*, 568 F. App'x 79 (2d Cir. 2014). In 1997, in Columbia County, Plaintiff was convicted of criminal sale of a controlled substance in the third degree and received a sentence of 3 to 9 years. *See* Plaintiff's Deposition Transcription, Dkt. No. 41-2 at p. 17. The controlled substance was crack cocaine. *Id*.

Rule 609 of the Federal Rules of Evidence provides, in pertinent part, that "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence … must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant …." Fed. R. Evid. 609(a)(1)(A). Under Rule 609(a)(1) and (a)(2),

"the 'essential facts' of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the 'evidence' that is to be admitted for impeachment purposes." *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005), *cert. denied*, 547 U.S. 1048 (2006).

At the trial of this matter, defense counsel should be permitted to inquire into the "essential facts" of Plaintiff's felony convictions, including the statutory names of the offenses, the dates of conviction, and the overall sentences imposed. *See Ames v. Stevens*, No. 9:12-CV-01487, 2015 WL 5513021, at *4 (N.D.N.Y. Sept. 17, 2015), *aff'd*, 669 F. App'x 41 (2d Cir. 2016). Plaintiff's credibility is a central issue in this case, as the jury will have to choose between the contradictory accounts offered by the Plaintiff and the Defendant about the events in question. Inasmuch as defense counsel merely wishes to cross-examine Plaintiff regarding the statutory names of his felony convictions, the dates of conviction, and the overall sentences imposed, the probative value of this limited impeachment evidence is not outweighed by any potential prejudicial effect. *See Crenshaw v. Herbert*, 409 F. App'x 428, 431-432 (2d Cir. 2011) (in prisoner action alleging First Amendment retaliation and excessive force, District Court did not abuse its discretion in permitting defense counsel to use the plaintiff's robbery conviction for impeachment purposes); *Tubbs v. Uhler*, No. 9:19-CV-126, 2024 WL 1219754, at *2-3 (N.D.N.Y. Mar. 21, 2024) (permitting the defendants to question the plaintiff regarding the statutory names, sentence imposed, and date of conviction for his convictions for Robbery in the First Degree and Grand Larceny in the Fourth Degree); *Lynch v. Barker*, No. 9:21-CV-00895, 2022 WL 17093420, at *1-3 (N.D.N.Y. Nov. 21, 2022) (permitting the defendants to impeach the plaintiff regarding the names of his felony convictions for murder, criminal possession of a weapon, and gang assault, as well as the dates and sentences imposed); *Brevard v. Schunk*, No. 9:18-CV-00042, 2020 WL 374563, at *2

7

(N.D.N.Y. Jan. 23, 2020) (determining that the name, date, and sentence of the plaintiff's robbery conviction was admissible for impeachment); *Shepherd v. Smith*, No. 9:15-CV-00665, 2019 WL 5212883, at *1-2 (N.D.N.Y. Oct. 16, 2019) (permitting the defense to admit for impeachment the essential facts of the plaintiff's convictions).

In addition, Plaintiff's arrest in 2016 and resulting incarceration for a 14-year term are pertinent to the issues of causation and damages as they are intervening events unrelated to Defendant that are probative as to the causes of Plaintiff's alleged mental and emotional conditions. *See Picciano v. McLoughlin*, No. 5:07-CV-0781, 2010 WL 4366999, at *2 (N.D.N.Y. Oct. 28, 2010), *adhered to in part*, 2011 WL 382230 (N.D.N.Y. Feb. 3, 2011) (determining that "subsequent arrests are probative of Plaintiff's claim for emotional damages, and the probative value of the testimony is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

Further, Plaintiff's criminal history is pertinent to the issue of reasonable suspicion. As this Court previously observed, the police's knowledge that Plaintiff had past convictions for possession and sale of drugs tends to support the conclusion that there was reasonable suspicion that Plaintiff was concealing contraband. Dkt. No. 49 at p. 9; *see also Maryland v. King*, 569 U.S. 435, 450 (2013) ("A suspect's criminal history is a critical part of his identity that officers should know when processing him for detention.").

Finally, to the extent that Plaintiff opens the door by, for example, misrepresenting his criminal history, defense counsel should be permitted to cross-examine him about the underlying facts of his criminal convictions. *See Encarnacion v. Olivo*, No. 9:21-CV-986, 2024 WL 896362, at *4 (N.D.N.Y. Mar. 1, 2024) ("Of course, if Plaintiff opens the door on this issue by attempting

8

to bolster his own credibility or raising the issue of his underlying convictions, Defendants will be permitted to cross-examine him on the relevant details of the convictions.").

In sum, it is respectfully submitted that defense counsel should be permitted to inquire into Plaintiff's felony convictions, including the statutory names of the offenses, the dates of conviction, and the overall sentences imposed.

## POINT III

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY TESTIMONY OR OTHER EVIDENCE AT TRIAL ABOUT OTHER INDIVIDUALS CLAIMING THAT THEY WERE SEARCHED BY ERIC VANBRAMER OR OTHER STATE TROOPERS. PLAINTIFF SHOULD ALSO BE PRECLUDED FROM OFFERING ANY TESTIMONY OR OTHER EVIDENCE AT TRIAL ABOUT ERIC VANBRAMER OR OTHER STATE TROOPERS HAVING A REPUTATION FOR ENGAGING IN IMPROPER SEARCHES.**

Defendant respectfully requests an order precluding Plaintiff from offering any testimony or other evidence at trial about other individuals claiming that they were searched by Defendant or other State Troopers. In addition, Defendant requests an order precluding Plaintiff from offering any testimony or other evidence at trial about Defendant or other State Troopers having a reputation for engaging in improper searches. The Court previously granted this portion of Defendant's motion *in limine*, but allowed some questioning as to whether Defendant had conducted similar searches in the past and found drugs. Dkt. No. 146 at pp. 43-46 ("no one is going to inquire regarding any hearsay testimony about what was done or not done by either of the VanBramers").

In addition, the Court precluded Plaintiff from using a complaint that Bryan VanBramer and another officer strip-searched a different individual. Dkt. No. 144 at pp. 217-218, 244-246 ("I agree with defendant, I'm going to sustain the objection, I don't see the relevance of it."); Dkt. No. 145 at pp. 310-312 (evidence not admitted and questions asked only outside the presence of the jury). Notably, in his appellate brief, Plaintiff argued that the Court erred in excluding the

9

complaint against Bryan VanBramer.  A copy of Plaintiff's appellate brief is attached as **Exhibit E**, at p. 11.  The Second Circuit <u>rejected</u> that argument.  *See Sloley v. VanBramer*, No. 22-2182-cv, 2025 WL 2741780, at *3 (2d Cir. Sept. 26, 2025) (Summary Order).

In any event, such evidence must be precluded at trial as (1) irrelevant; (2) unduly prejudicial while lacking any probative value; (3) improper evidence of propensity; (4) would result in multiple trials within a trial; and (5) violative of the rule against hearsay.

First, Plaintiff's purported evidence of other incidents is not relevant to Plaintiff's claims in this action.  *See* Fed. R. Evid. 401.

Second, even if the Court were to glean some conceivable relevance from this evidence, it should remain inadmissible because any limited probative value is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.  Undated, non-specific, hearsay accounts of other alleged incidents will unduly prejudice the jury and distract from its determination of the facts concerning the events involving Plaintiff and Defendant.

Third, Plaintiff's testimony that Defendant has a reputation for carrying out improper searches is nothing more than an attempt to show that Defendant has a propensity to commit such acts.  Such character and propensity evidence is not permitted.  *See* Fed. R. Evid. 404(a)(1), (b)(1); *Berkovich v. Hicks*, 922 F.2d 1018, 1022-1023 (2d Cir. 1991) (determining that the plaintiff's proffer of evidence of prior complaints "amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits—introducing evidence of bad acts to show the defendant's propensity to commit such acts.").

Fourth, any testimony regarding alleged other incidents would necessarily result in multiple trials within the trial.  If Plaintiff is permitted to testify regarding unspecified, undated incidents of alleged mistreatment, Defendant would have a right to rebut each incident by

10

submitting evidence regarding the veracity of the claim, the circumstances of the alleged incident (if it occurred), the resolution to any inquiry into the incident, and any other circumstances relevant to each incident.  To this end, Defendant would have to submit counter-evidence by way of testimony and records from each incident (to the extent even identifiable as Plaintiff's allegations are unspecified and non-particularized by date, time, or individual).  Such trials within a trial are strongly disfavored as causing needless delay and confusion to the jury.  *See Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 369, 375-376 (S.D.N.Y. 2014); *see also United States v. Aboumoussallem*, 726 F.2d 906, 912-913 (2d Cir. 1984) (upholding exclusion of testimony to avoid "trial within a trial"); *United States v. Al Kassar*, 582 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) ("[T]he situations are not, on their face, analogous, and it would require a trial within a trial before the jury could determine whether there was any meaningful analogy at all."), *aff'd*, 660 F.3d 108, 123-124 (2d Cir. 2011); *ESPN, Inc. v. Office of Comm'r of Baseball*, 76 F. Supp. 2d 383, 407 (S.D.N.Y. 1999) ("The probative value of such an exercise is vastly outweighed by the confusion and delay that would inevitably result from conducting a trial within a trial.").

Fifth, much of the anticipated testimony would take the form of inadmissible hearsay or double hearsay.  *See* Fed. R. Evid. 802.  Plaintiff's testimony about stories he heard about other searches performed by Defendant would clearly constitute out-of-court statements offered for the truth of the matter asserted—that the alleged incident occurred rendering Defendant a person who allegedly engages in unlawful searches.  *See* Fed. R. Evid. 801(c).

In sum, the Court should preclude Plaintiff from offering any testimony or other evidence at trial about other individuals claiming that they were searched by Defendant or other State Troopers.  In addition, the Court should preclude Plaintiff from offering any testimony or other evidence at trial about Defendant or other State Troopers having a reputation for engaging in

11

improper searches.

### POINT IV

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE, TESTIMONY, OR CROSS-EXAMINATION AT TRIAL CONCERNING THE DISCIPLINARY RECORDS AND/OR DISCIPLINARY HISTORIES OF DEFENDANT ERIC VANBRAMER AND FORMER DEFENDANT BRYAN VANBRAMER

It is respectfully submitted that Plaintiff should be precluded from introducing any evidence, testimony, or cross-examination at trial concerning the disciplinary records and/or disciplinary histories of Defendant Eric VanBramer and former Defendant Bryan VanBramer.[1] Such records/histories are not relevant, and should be excluded pursuant to Rules 403 and 404 of the Federal Rules of Evidence. Also, the claims against Bryan VanBramer were dismissed for lack of personal involvement.

Such disciplinary records/histories are not relevant to Plaintiff's claim in this matter. *See* Fed. R. Evid. 401. Further, any probative value that could be gleaned from such evidence would be substantially outweighed by the risks of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403. In particular, there is a substantial risk that the jury might view such evidence as propensity evidence, contrary to the Federal Rules of Evidence. *See* Fed. R. Evid. 404(a)(1), (b)(1); *Berkovich*, 922 F.2d at 1022-1023.

In addition, Bryan VanBramer is no longer a party in this action. This Court dismissed Plaintiff's claims against Bryan VanBramer for lack of personal involvement in the alleged violation of Plaintiff's constitutional rights, and the Second Circuit affirmed the dismissal of Plaintiff's claims against Bryan VanBramer. *See Sloley v. VanBramer*, No. 1:14-CV-339, 2016 WL 6603211, at *2 (N.D.N.Y. Nov. 8, 2016), *aff'd in part, vacated in part, remanded*, 945 F.3d

---

[1] As noted above, the Court precluded a complaint about Bryan VanBramer. Dkt. No. 144 at pp. 217-218, 244-246, 310-312.

30, 46-47 (2d Cir. 2019).

In sum, Plaintiff should be precluded from introducing any evidence, testimony, or cross-examination at trial concerning the disciplinary records/histories of Defendant Eric VanBramer and former Defendant Bryan VanBramer. *See Tubbs*, 2024 WL 1219754, at *4 ("[T]he Court agrees with Defendants that there is no basis to admit evidence or testimony related to Defendants' disciplinary histories, personnel files, or prior lawsuits … The issues before the jury at trial are the specific allegations claimed by Plaintiff against each Defendant and nothing more.  Introduction of this evidence would serve no purpose other than to confuse the jury and distract them from the issues in this case and set forth improper character evidence, which is inadmissible.").

## POINT V

### THE COURT SHOULD PRECLUDE ANY REFERENCE TO DISMISSED CLAIMS

Defendant submits that any references to any issues previously dismissed pursuant to the Court's initial screening of the Complaint (Dkt. Nos. 15, 17) and decision on Defendants' motion for summary judgment (Dkt. No. 49), as modified on appeal, should be precluded based on the doctrine of law of the case, and also as irrelevant, unduly prejudicial, confusing and a waste of time.  *See* Fed. R. Evid. 401, 402, 403; *see also Tubbs*, 2024 WL 1219754, at *5 ("The Court agrees with Defendants that any testimony or evidence concerning claims that have been previously dismissed is irrelevant, unduly prejudicial, and likely to cause confusion.").

Here, the Court previously ruled that "[t]here will be no reference made by either party or their attorneys to any claims which have been dismissed by Judge Sharpe or the Second Circuit." Dkt. No. 146 at p. 47.

More specifically, the Court dismissed all claims against the State of New York and the individual defendants in their official capacities.  Dkt. No. 17 at p. 2.  In addition, Plaintiff's

purported claim in the Complaint that Eric VanBramer and Bryan VanBramer made a false report stating that narcotics were found in the vehicle Plaintiff was driving at the time of his arrest did not survive the Court's initial screening. *See* Dkt. No. 15 at p. 5; Dkt. No. 17 at p. 2 (specifying the claim that survived the Court's initial screening of the Complaint). Likewise, the Second Circuit affirmed the dismissal of all claims against Bryan VanBramer. Further, the Second Circuit determined that "[Plaintiff] has forfeited any claim regarding the unconstitutionality of the strip search." *Sloley*, 945 F.3d at 37 n.4.

## POINT VI

**PLAINTIFF SHOULD BE PRECLUDED FROM CLAIMING THAT DEFENDANT ERIC VANBRAMER, FORMER DEFENDANT BRYAN VANBRAMER, AND/OR THE NEW YORK STATE POLICE PARTICIPATED IN A CONSPIRACY OR "COVER-UP" AGAINST PLAINTIFF**

Plaintiff has not pleaded a conspiracy claim in this action. Further, all claims against Bryan VanBramer were dismissed, and the New York State Police is not a defendant in this action. Should Plaintiff attempt to argue at trial that Defendant, Bryan VanBramer, and/or the New York State Police participated in a conspiracy to deprive Plaintiff of his rights or to "cover-up" such a deprivation, Plaintiff should be precluded from doing so. The sole remaining claim in this action is Plaintiff's claim that Defendant subjected him to a visual body cavity search in violation of the Fourth Amendment. As such, any assertion that Plaintiff was somehow the victim of a conspiracy should not be permitted since it would be irrelevant, unduly prejudicial, and confusing to the jury. *See* Fed. R. Evid. 401, 402, 403.

Accordingly, any evidence or argument regarding conspiracy should be precluded. *See Tubbs*, 2024 WL 1219754, at *4 ("In the present case, any alleged conspiracy has no relevance, as Plaintiff never asserted such a claim and such argument is not relevant to establishing Plaintiff's claims against the individual Defendants. Moreover, even if such argument was marginally

14

relevant, it would be unduly prejudicial."); *Lynch*, 2022 WL 17093420, at *5 ("The Court agrees with Defendants that any testimony suggesting an overarching conspiracy cover-up of the underlying incident creates a significant risk of unduly prejudicing Defendants and confusing the jury.").

**POINT VII**

**PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING THAT THE JURY SHOULD DRAW AN ADVERSE INFERENCE AGAINST DEFENDANT BASED ON THE DESTRUCTION OF THE DRUG EVIDENCE THAT WAS RECOVERED FROM PLAINTIFF'S VEHICLE**

"[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *see also Matthews v. Sweeney*, No. 9:17-CV-0503, 2024 WL 1558603, at *3 (N.D.N.Y. Apr. 10, 2024).

Here, on April 1, 2013, Plaintiff was charged with two counts of Criminal Mischief in the Third Degree (Penal Law § 145.05), a felony, based on his damage to Ms. Rollins' windshield and cellular phone; Criminal Possession of a Controlled Substance in the Seventh Degree (Penal Law § 220.03), a misdemeanor, based on his possession of less than one gram of crack cocaine; and Harassment in the Second Degree (Penal Law § 240.26(1), a violation, based on his striking and dragging of Ms. Rollins. Dkt. No. 41-4 at p. 3; Dkt. No. 41-2 at pp. 75-77. Approximately three days later, at Athens Town Court, Plaintiff agreed to a plea bargain according to which he pled guilty to Harassment in the Second Degree in satisfaction of all of the charges. Dkt. No. 41-2 at pp. 80-82.

15

On April 1, 2013, at 6:30 AM, Bryan VanBramer transferred the drug evidence to the station evidence locker. Dkt. No. 144 at pp. 226-229. On May 22, 2013, Investigator Theodore LaRuffa, the evidence custodian who was responsible for picking up evidence at the local stations, secured the evidence in the evidence vault in the Middletown station. Dkt. No. 145 at pp. 329-332.

On October 31, 2013, Sergeant Daniel Cenicola was notified by the Court that the Criminal Possession of a Controlled Substance in the Seventh Degree charge against Plaintiff was dismissed. Dkt. No. 145 at pp. 329-330. Sergeant Cenicola advised Investigator LaRuffa that the evidence should be forwarded for destruction. Dkt. No. 145 at pp. 329, 334. On November 18, 2013, Investigator LaRuffa took the item out of the drug closet and placed it in a bag to be brought to the lab for destruction. Dkt. No. 145 at p. 334. The drugs were destroyed on December 2, 2013. Dkt. No. 145 at pp. 334-338.

Defendant had no involvement in determining where the evidence would be kept, whether an evidence custodian would move the evidence to a different location, or in deciding how long the evidence custodian would keep the evidence. Dkt. No. 145 at pp. 299-300.

Plaintiff did not commence the present lawsuit until March 27, 2014. *See* Complaint, Dkt. No. 1. A Summons in this action was not issued as to Eric VanBramer until October 3, 2014 (Dkt. No. 19), and he was not served until November 2014 (*see* Acknowledgment of Service, Dkt. No. 23).

Accordingly, at trial, Plaintiff should be precluded from arguing that the jury should draw an adverse inference against Defendant based on the destruction of the drug evidence that was recovered from Plaintiff's vehicle. Any such argument would be nothing more than a bad faith attempt by Plaintiff to confuse and mislead the jury into believing that the drugs were destroyed

after Plaintiff commenced this lawsuit, and that Defendant was involved in the destruction of the drugs. *See Thousand v. Corrigan*, No. 9:15-CV-01025, 2017 WL 4480185, at *2-4 (N.D.N.Y. Oct. 6, 2017) (denying the plaintiff's request for spoliation sanctions where the plaintiff failed to show that the defendants had any control over the evidence, any duty to maintain it, or were involved in a failure to preserve it).

<u>**POINT VIII**</u>

**THE RECORDS FROM DR. KESSLER SHOULD BE ADMITTED INTO EVIDENCE**

As discussed above, Plaintiff claims that Defendant caused Plaintiff to suffer mental and emotional injuries. At his deposition in this action, Plaintiff testified that, subsequent to April 2013, Plaintiff was seen by a mental health provider named Dr. Richard Kessler. Dkt. No. 41-2 at pp. 106-107. Plaintiff executed an authorization for defense counsel to obtain Plaintiff's medical records from Dr. Kessler. A copy of Dr. Kessler's records, including the authorization and a business records certification page, are attached hereto as **Exhibit F**. As indicated in Dr. Kessler's records, Dr. Kessler saw Plaintiff for several clinical sessions beginning in August 2014.

The Court previously excluded Dr. Kessler's records. Dkt. No. 146 at p. 43. However, to the extent that the Court reconsiders that ruling, or Plaintiff opens the door, Dr. Kessler's records should be accepted into evidence at the trial of this matter. Dr. Kessler's records are probative as to the nature of Plaintiff's mental and emotional conditions and the causes of them. *See Hardy v. Adams*, 654 F. Supp. 3d 159, 169 (N.D.N.Y. 2023) (determining that evidence of the plaintiff's prior injury "is admissible as relevant to Plaintiff's claimed damages.").

**CONCLUSION**

Based on the above reasons, Defendant respectfully requests that the Court grant his motion *in limine* in its entirety.

Dated: Albany, New York
       March 18, 2026

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant Eric VanBramer
The Capitol
Albany, New York  12224-0341


By: *s/ Mark G. Mitchell*
Mark G. Mitchell
Assistant Attorney General, of Counsel
Bar Roll No. 516818
Telephone:  518-776-2583
Fax:  518-915-7738
Email: Mark.Mitchell@ag.ny.gov

By: *s/ Rachael S. Ouimet*
Rachael S. Ouimet
Assistant Attorney General, of Counsel
Bar Roll No. 703304
Telephone: 518-776-2599
Email: Rachael.Ouimet@ag.ny.gov

To:    All counsel of record
       Via: CM/ECF