**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAXMILLIAN SLOLEY,

Plaintiff,

-against-

ERIC VANBRAMER and BRIAN VANBRAMER,

Defendants.

**INTERROGATORIES
AND REQUESTS FOR
DOCUMENTS**

14-CV-339

GLS / CFH

---

Defendants Eric VanBramer and Bryan VanBramer (sued herein as Brian VanBramer), by their attorney, Eric T. Schneiderman, Attorney General of the State of New York (Mark G. Mitchell, Assistant Attorney General, of counsel), hereby serve the following interrogatories and document requests upon plaintiff pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure:

## General Instructions

1.      These interrogatories and request for documents are to be answered with respect to the time period beginning with the earliest date that discoverable information exists.

2.      Please answer these interrogatories separately and fully in writing, under oath, restating each interrogatory prior to the response.

3.      In answering these interrogatories, plaintiff is to furnish all information available to him which is not subject to a valid objection.

4.      If plaintiff cannot answer the interrogatories in full, after exercising due diligence to secure the information, he is to so state and answer to the extent possible, specifying his inability to

(3)   If done in an official capacity, set forth the:

   (a)   title or position held by the actor,

   (b)   department or division in which held, and state to which particular

defendant the answer pertains.

## INTERROGATORIES

S.S. ▮▮▮

1.   Set forth the date of birth, marital status, residence, post office address, and Social

D.O.B ▮▮▮ 76 J - single - ▮▮▮ . Albawy, NY.
Security number of plaintiff. If married, set forth t▮▮▮uch marriage and spouse's    Elmsford

full name. Mailing address - ▮▮▮

NY 10523

2.   If plaintiff has ever been known by any other names, set forth such other names and

the dates that plaintiff was so known. AKA = Kevin

3.   Set forth plaintiff's complete criminal history, including a description of any

convictions and dates for each. Robbery 3d - 1992/weapon possession - 1997.
Drug Sale - 1997. Weapon Possession - 2005

4.   Set forth the date and approximate time of day of each occurrence complained of in

this action. April 1st 2013 approximate 5 a.m.

5.   Set forth the approximate location where each occurrence took place.
State Trooper Barracks - Cairo, NY (Greene Coun

6.   Set forth each and every act of omission and/or commission constituting the alleged

violation of the Fourth Amendment with which the plaintiff charges defendant Eric VanBramer.
Unlawful strip search, falsifying information of finding dru

7.   Set forth each and every act of omission and/or commission constituting the alleged

violation of the Fourth Amendment with which the plaintiff charges defendant Bryan VanBramer.
falsifying information of misdemeanor drug possession
and a falsified arrest report stating such.

5

was terminated from each position, for the period of five years prior to the events described in the complaint to the present. Please also provide authorizations for the release of employment records for each employer listed in response to this interrogatory.

15. State the total amount claimed, if any, as special damages for loss of earnings, further specifying the plaintiff's:

(a) Business and/or occupation;

(b) Name and address of employer;

(c) Amount of wages and/or salary per day, week, or month;

(d) Length of time plaintiff was prevented from performing said business and/or occupation, further specifying the date that plaintiff returned to work.

16. Please identify and detail any other special damages being claimed by the plaintiff as a result of the alleged Fourth Amendment violations of the defendants. *fear, paranoia, anxiety humiliation, and fear and loss of trust for law enforcement*

17. Identify each occasion plaintiff was strip searched prior to the date of the events *N/A* described in the complaint. For each occasion, identify the date, location, and the individual who performed the strip search of plaintiff. *N/A*

18. Identify each occasion plaintiff underwent a body cavity search prior to the date of the events described in the complaint. For each occasion, identify the date, location, and the individual who performed the body cavity search of plaintiff. *N/A*

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAXMILLIAN SLOLEY,

                                    Plaintiff,

-against-

ERIC VANBRAMER and BRIAN VANBRAMER,

                                    Defendants.

---

**COMBINED
DISCOVERY DEMANDS**

14-CV-339

GLS / CFH

Defendants Eric VanBramer and Bryan VanBramer (sued herein as Brian VanBramer), by

their attorney, Eric T. Schneiderman, Attorney General of the State of New York (Mark G. Mitchell,

Assistant Attorney General, of counsel), hereby serve the following discovery demands upon

plaintiff pursuant to Rule 26 the Federal Rules of Civil Procedure. Please respond to these demands

within 30 days of the date of this document.

### DEMAND FOR NAMES AND ADDRESSES OF ALL WITNESSES

1.      Provide the name, address, and telephone number of each person claimed by you to be

a witness to any of the following:

(a)      the occurrences alleged in the complaint;

(b)      any acts or conditions causing the occurrences alleged in the complaint;

(c)      any notice of an act or condition given to defendants;

(d)      the nature and duration of the conditions which caused the occurrences alleged

in the complaint; I, MaxMillian Sloley, is the only plaintiff witness- ███████ ██████████ Elmsford, NY 1052

Police officers present are also potential
witnesses

March 30th, 2015

Mark G. Mitchell
Assistant Attorney General
State of New York
Office of the Attorney General
Albany, NY 12224-0341


RE: Sloley v. Van bramer
    Northern District of New York
    14-CV-339


Dear Mr. Mitchell,

    This letter is in response to your request for initial disclosures. At this time I have no unknown information or initial disclosure which is not known to defendants. Any and all information that is already known to defendants will be the same information brought forth during trial.

                Thank You,
                Maximillian Sloley