# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK

---

B.X.

        Plaintiff,

    vs.                                              42 U.S.C. 1983

N.Y.S.D.O.C.C.S., Correction Officer Joyce, P.A. Milov,
Dr. Sarra Solomon, Dr. Mikhail Gusman, Dr. Anna Andola, Kim Faulkner R.N.,
Superintendent Lynn Lilley, Commissioner Daniel F. Martuscello III,
Deputy Commissioner Anne Marie McGrath,
Chief Medical Officer Carol Moores,
All in their official and individual capacities,
        Defendants.



U.S. DISTRICT COURT - N.D. OF N.Y.

F I L E D

NOV 2 2 2023

AT_____ O'CLOCK_____
John M. Domurad, Clerk - Albany

---

Plaintiff demands: (1) Injunctive relief, and (2) Summary judgment for the Plaintiff, or (3) Trial by Court, and (4) Monetary damages.

## ISSUES AND CLAIMS

(1) ADA/RA Discrimination (2) ADA/RA Retaliation (3) Retaliation (4) Fraud
(5) Equal Protection (6) Conspiracy (7) Monell Liability (8) Neglect to Prevent
(9) Breach of Contract (10) Breach of Fiduciary Duty (11) IIED (12) NIED
(13) Disclosure of Private/Confidential Medical/Health Information
(14) Cruel and Unusual Punishment (15) Due Process

## JURISDICTION

1. This is a civil action seeking relief and damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. 1983.

## PARTIES

2. Plaintiff: Maxmillian Sloley-17A0421, Eastern NY Correctional Facility, Box 338, Napanoch, NY 12458

3. Defendant(s): Commissioner Daniel F. Martuscello III, Deputy Commissioner Anne Marie McGrath, Chief Medical Officer Carol Moores, New York State Department of Corrections and Community Supervision.
Address: Harriman State Campus-Building 4, 1220 Washington Avenue, Albany, NY 12226.

4. Defendant(s): Dr. Sarra Solomon, Dr. Anna Andola, P.A. Milov, R.N. Kim Faulkner, Dr. Mikhail Gusman, Superintendent Lynn Lilley.

Address: Eastern NY Correctional Facility, 30 Institutional Road, Box 338, Napanoch, NY 12458.

5. Defendant: Correction Officer Joyce.
Address: N/A-Defendant Joyce has been relocated to another facility which is unknown to the Plaintiff.

## FACTS

6. I, Maxmillian Sloley, the Plaintiff in this matter, have been attending the MAT program, (Correction Law 626), since the month of February, 2023. On March 28, 2023, at around 4pm, I entered the Eastern correctional facility clinic to receive my daily prescribed medication of Suboxone. Suboxone is a medication that is used to treat individuals with OUD, (Opiate Use Disorder). As I entered the clinic, correction officer Joyce asked me, "Why are you here?" I told him that I came for my daily medication. He told me that I will not get my medication. He then told me to leave the clinic. He also refused to allow me to speak to a medical staff in addition to refusing me my medication. Coincidentally and suspiciously, C.O. Joyce said these things with an attitude that displays malice and scorn. Officer Joyce, along with a lot of officers and medical staff, do not like anything about the MAT program. This also includes a dislike for the patients. Unfortunately, I did not get my medication that day. I had to go an entire 48 hours with no medication, due to Officer Joyce choosing to retaliate against me for his personal dislike towards the program. This caused me unnecessary and unwarranted emotional distress, anxiety, depression, mood swings, headache, and other ailments that relate to the oncoming effects of withdrawal symptoms after the first 24 hours of not being treated with mandatory daily medication. This is normal everyday behavior in Eastern CF for officers to take on the role of medical staff and make decisions pertaining to medical/medication of prisoners. This is due to the medical staff disclosing "private and confidential" medical information of prisoners to these officers and allowing these officers to interfere/intervene with medical decisions that should only be made by medical staff. RN Faulkner has conspired with Joyce in denying me my medication. She was fully aware of the entire denial, before, during, and after it took place. Nurse Faulkner advised and allowed C.O. Joyce to deny my medication, and deny me the right to see medical staff about my medication. Her grievance report proves this.

On August 8, 2023, I wrote a letter and filed 3 grievances about the medical staff pertaining to the MAT program. The content of these grievances were: (A) Defendants violating health information, "privacy and confidentiality" since January, 2023. (B) Forcing me and others similarly situated to drink water since January, 2023, and threatening to permanently terminate treatment medication if I, and those similarly situated don't drink the water. (C) Refusing to administer adequately sufficient dosage, which would be at least twice a day. All issues were denied. These issues caused

retaliation by medical staff. Grievance documents will fully describe and specify these issues more in depth.

On August 16, 2023, I attended an appointment that was scheduled with P.A. Milov. She inquired about my high blood pressure and the grievance about the dosage more than once a day. She did not mention the other grievance issues or the letter that I wrote about being forced to drink water. She asked me "how am I doing?" pertaining with the MAT program. I told her that I am not doing well. And that I have been on the same dosage since June, and that I need an increase in dosage from 8mg to 12mg. She denied me for no reason. She told me that I will not get an increase, and that my only option is the 30-day implant shot. I asked her "why am I being denied an increase when everyone else is getting increases?" She did not respond. A few days later, she gave someone else an increase from 8mg to 12mg that did not even want an increase. I refuse to take the 30-day shot because it is very harmful and dangerous, ineffective, and has very deadly side effects. Everyone that took the 30-day shot has stopped taking it for negative health side effects. One patient's side effect was so bad that he had to receive surgery. They are aware of this but still try and force people to take it just to make their job easier by having less patients to deal with every day. They would rather risk patients' health just to make their work day easier. And Milov's alternative to give me the 30-day shot also contradicts her refusal to give me an increase, because the 30-day implant shot equates to 10mg a day, which is more than my current 8mg a day. Her denial to increase my dosage was clearly and obviously an act of retaliation for my grievances and letter that I wrote. And her refusal to increase my dosage to a sufficiently required dosage causes me to endure the effects of withdrawal symptoms.

On August 17, 2023, I wrote a letter to Dr. Solomon letting her know the full details about the meeting that I had with Milov. I also requested Dr. Solomon to resolve the problem by increasing my dosage to avoid enduring worse withdrawal symptoms as time passes. Dr. Solomon never responded to my letter. On August 24, 2023, while a nurse was checking my blood pressure, Dr. Solomon lied and said that she has scheduled an appointment about my dosage increase and my blood pressure. That was a lie. She never did. Dr. Solomon has also chosen to deny me an increase as an act of retaliation because of my grievances and the letter I wrote about Solomon and Andola threatening to terminate medication if anyone refuses to drink water. This also establishes Equal Protection violations, because Solomon and Milov has increased numerous others from 8mg to 12mg, before and after I was denied and terminated from the program. Solomon has also refused to see me about my blood pressure issue as another act of retaliation. This is another refusal to treat a patient due to Retaliation, ADA/RA Retaliation, and ADA/RA Discrimination. This refusal to treat patient for his high blood pressure and giving the Plaintiff false and dangerous information caused the Plaintiff to experience dangerous side effects. Solomon prescribed 2 different HBP medications. Her advice on August 24, 2023, while I was having a nurse check my blood pressure, was to take "both" medications at the same time for better efficiency. This was strange in light of the fact that she was not even aware that she mistakenly prescribed 2 different HBP medications until I told her. Her advice to take both was her way of covering up her

mistake of prescribing 2 different medications for HBP, (Hydrochlorothiazide and Atenolol). Or possibly she did this intentionally to cause harm to the Plaintiff. This harmful misadvice, along with her malicious decision to avoid seeing me and abandoning her obligated duties as a medical professional has caused me to experience severely bad side effects, (nausea, vomiting, stomach cramps, eye pain, and chest pain), from taking both HBP medications. Not to mention, Plaintiff was waiting on an appointment with Dr. Solomon that was never coming due to her lies and acts of retaliation to avoid seeing the Plaintiff.

On September 20, 2023, I wrote a grievance about P.A. Milov and Dr. Solomon refusing me adequate medical treatment and retaliation. The grievance was denied. In the grievance report that Dr. Solomon wrote and submitted contained false information that proves Fraud. She falsely alleged that a C.O.W.S. assessment was conducted on me on August 24, 2023. This is an act of Fraud. This never happened. And if an assessment really was conducted, it was conducted out of my presence, without me present or being aware of it. Her falsely alleged assessment score was fabricated as a further act of Fraud and Retaliation to cover-up the malfeasance Conspiracy with Solomon, Milov, Andola, and Faulkner. Her "falsified" score of (1) is ridiculous and defies science/medical logic. It also defies common sense and creates a situation of Fraud and misrepresentation.

On October 11, 2023, I was scheduled for an appointment with Dr. Andola. This appointment was for Dr. Andola to inform me that I am being terminated from the MAT program that is crucial to my treatment for OUD, and my rehabilitation. This is another conspiracy act of retaliation and deliberate indifference to my disease and the treatment for my disease. I pleaded with Dr. Andola that this is illegal and immoral and unethical. I told her that punishing someone with a disease that is in a treatment program by removing the treatment program is wrong and makes no sense. She did not care at all. Neither did any other of the medical staff defendants. Especially when the reason they are punishing me is their fault. Due to their refusal to administer the required and sufficient dosage caused me withdrawals that eventually resulted in my relapse. Documented proof will establish that my positive urinalysis for another substance that was not my medication only happened after I was continuously denied an increase in my medication dosage. In addition to that, Correction Law 626, clearly states that a patient must not be removed from the MAT program for a positive urinalysis. This creates obvious malicious medical malfeasance, retaliation, and discrimination. This is also an Equal Protection violation due to another patient that had a positive urinalysis, yet they did not terminate him from treatment. These defendants do not do this form of punishment, discrimination, and retaliation to prisoners that are not in the MAT program that use other medications that is way more harmful and dangerous than Buprenorphine/Suboxone. Especially if these medications are abused or misused. This is also an Equal Protection violation, ADA/RA Discrimination, ADA/RA Retaliation, and standard Retaliation.

Plaintiff was already suffering from withdrawal symptoms in August while on 8mg. Then to force harmfully, and illegally tapering off by very speedily reducing dosage until treatment is completely terminated, causes withdrawals to increase at a very fast

rate and the levels of withdrawal gets severely dangerous and harmful and causes severe risk of health, and possibly death. Their method of tapering is wrong and is very dangerous and causes intense withdrawal. And a complete discontinuance will obviously make the situation worse. They have been informed of this, (Andola, Solomon, Gusman, Milov, and Faulkner), and yet they do not care. This forces the patient/plaintiff to endure horrible and extremely low levels of depression, excess fatigue, manic depression, aches and pains, mood swings, anxiety, headaches, cold chills, heat flashes, restlessness, insomnia, and sleep deprivation. Physical, mental, emotional, and psychological anguish, pain, and suffering.

Defendants Martuscello III, Moores, McGrath, (of the CORC), & Faulkner, Lilley, and Gusman, (of Eastern CF), are fully aware of these complaints, and numerous other complaints about the MAT program in Eastern NY Correctional Facility due to so many complaints from Plaintiff and others that are similarly situated. Yet, these supervising authorities have continuously failed to act and/or intervene. They have also failed to properly supervise and train the defendants that have conspired to be deliberately indifferent. Facility defendants have also breached their medical fiduciary duties and have also breached the MAT program medical contract. The medical facility defendants creating and enforcing false rules to punish and cause pain and suffering also creates a situation of Fraud. The Breaching of Contract and Fiduciary duty is caused by denying the medical patient, (Plaintiff), proper medical treatment due to ADA/RA discrimination, ADA/RA retaliation, and standard retaliation. Disclosing private and confidential information of the Plaintiff, and others, to facility officers and publicly displaying the OUD treatment medical contract in public for every inmate and officer and civilian to view with big bold red letters that say "MAT PROGRAM." And also giving OUD medication in front of inmates, officers, and civilians that have absolutely nothing to do with the MAT program. No privacy or discretion. The medical facility defendants give OUD medication amongst everyone and anyone to reveal medical information publicly. They disclose the exact medication and the disability that requires this medication openly and publicly in front of everybody. Yet, they find it convenient and amusing to let everybody and anybody know exactly what medication is being taken and what disease it is being taken for. This serves absolutely no penological interest. It is done to discourage patients to opt-out of the program due to inconvenience, humiliation, ridicule, and harassment, and other stigma that comes with "outsiders" knowing about your disability and the medication that is given for that disability. Violating the clearly established Rules and Regulations about the Mat program and medication treatment for OUD, making up and enforcing false rules, violating the MAT program contract agreement, and failing to be trained and educated in treating someone with OUD is Fraud, Breach of Contract, and Breach of Fiduciary Duty. All defendants has also failed to honor the law, and the contract, by providing counseling and therapy for Plaintiff, and other patients in the MAT program receiving treatment for OUD.

Intentional Infliction Emotional Distress, (IIED), and Negligent Infliction Emotional Distress, (NIED), has been caused by the defendants that work in the facility clinic that had direct contact with Plaintiff. The supervisory defendants that failed to act and/or

intervene, and also failed to train and/or supervise has caused the Plaintiff, Negligent Infliction of Emotional Distress, (NIED). The facility medical staff defendants that are not properly trained and educated in the treatment of OUD, is another Breach of Contract, Breach of Fiduciary Duty, and Fraud. The Monell claim for supervisory liability is meritorious due to the fact that the Plaintiff is not the only victim in the MAT program that has been wrongfully denied sufficient dosage and wrongfully terminated from treatment. There are numerous others that are similarly situated.

## Causes of Action, Injuries, Liability of Defendants

7) Correction officer Joyce and Faulkner is liable for their Conspiracy, ADA/RA Discrimination, ADA/RA Retaliation, and Equal Protection violation for refusing to give the Plaintiff his OUD medication as an act of punishment for being late. An act that never happens to any other individual on a different type of medication, which violates Equal Protection. This is ADA/RA Discrimination. ADA/RA Retaliation for their dislike for the MAT program and the patients that suffer from OUD. Joyce and Faulkner are liable for IIED and NIED due to their intentional and malicious deliberate indifference. And Cruel and Unusual Punishment. These defendants are sued in their individual and official capacities.

8. Solomon, Milov, Faulkner, Gusman, and Andola is liable for Conspiracy, ADA/RA Discrimination, Retaliation, ADA/RA Retaliation, Fraud, Breach of Fiduciary Duty, Breach of Contract, Disclosing Private, and Confidential Medical/Health Information for their method of treating OUD patients publicly and allowing officers to intervene and make medication decisions, and allowing patients' personal and sensitive medical information to be posted publicly for ALL to see, and read, and know. Equal Protection violation for their failure to treat other individuals the same that receive different medication. Cruel and Unusual Punishment, NIED and IIED for their intentional and malicious acts of deliberate indifference. These defendants are sued in their individual and official capacities.

9. Martuscello III, McGrath, Moores, Lilley, Faulkner, and Gusman are liable for Neglect to Prevent pursuant to 42 U.S.C. 1986, and Supervisory liability, pursuant to Monell liability claim. Martuscello, McGrath, Moores, Lilley, Gusman, and Faulkner were fully aware of the unconstitutional acts, and unconstitutional conspiracy acts. These defendants refused to intervene, and/or prevent these ongoing malicious acts. They have also failed to properly train and supervise. Even in light of the fact that these issues have been ongoing since January, 2023. And they have been notified numerous times by numerous individuals with similar or same complaints. They are liable for NIED for their negligent acts of failing to intervene and prevent. And their negligent acts of failing to properly train and supervise. Faulkner and Gusman are in-house defendants with authoritive positions. Yet they have not only failed to use their positions of power

to correct these ongoing malicious acts, but they have also chose to partake in these malicious acts, causing patients, pain, suffering, ridicule, and offensive scrutiny. This makes Faulkner and Gusman liable for both NIED and IIED. Their acts were simultaneously intentional and negligent. These defendants are sued in their official and individual capacities.

10. New York State Department of Corrections and Community Supervision, (N.Y.S.D.O.C.C.S.) is liable pursuant to a Monell claim, and a supervisory liability claim. New York State loses its immunity under certain circumstances, such as this one. This defendant is sued in official capacity.

Note: Enclosed is additional attachments of documents in support of the PLRA and the laws and rules of OUD treatment.

## 11. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court grant the following relief:

1) Preliminary Injunctive Relief to immediately restore Plaintiff back to his status in the MAT program. And to administer the appropriate dosage that is medically and legally required to be sufficient.

2) Summary Judgment in favor for the Plaintiff, or a Trial Verdict in favor for the Plaintiff.

3) Monetary Damages to be a minimum sum of $200,000, (Punitive, Compensatory, etc.).

4) Permission for Leave to Amend.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 10, 2023

MaxmillianSloley-17A0421

x _M. Sloley_

Box 338
Napanoch, NY 12458
Eastern NY
Correctional Facility

## MOTION IN SUPPORT TO PROCEED: (1) ANONYMOUS, OR (2) WITH A PSEUDONYM

Due to the nature of these issues and the public's negative stigma that is attached to these issues, the Plaintiff is requesting this Court to grant the motion to proceed with an alias, in accordance to (Sealed Plaintiff v. Sealed Defendant,537 F.3d 185),(M.C. v. Jefferson County, NDNY, 2022 WL 1541462),(P.G. v. Jefferson County, NDNY, 2021 WL 4059409).

## MOTION IN SUPPORT OF PRELIMINARY INJUNCTIVE RELIEF

Plaintiff is requesting preliminary injunctive relief.

Plaintiff has established all the required elements.

The Plaintiff is most likely to suffer irreparable harm in the absence of preliminary relief by continued pain and suffering of withdrawal symptoms. It is proven, medically and legally, that OUD is a chronic brain disease, and forceful tapering, and the cutting off of medication can result in relapse and possibly death. And the current infliction of irreparable harm of withdrawal symptoms, which effects the Plaintiff mentally, emotionally, physically, and psychologically.

The Plaintiff is more than likely to prevail on the merits, and there are sufficiently serious questions going to the merits. Plaintiff is being denied Correction Law 626 and ADA/RA benefits due to the defendants deliberate indifference which causes Constitutional violations and irreparable harm. And by the defendants opposing relief, creates hardships to be decidedly tipped in the Plaintiff's favor. Granting this relief is in the public's best interest, pursuant to the Constitution, the ADA/RA, and Correction Law 626.

Plaintiff is also requesting that this Court Orders the defendants "NOT TO TRANSFER THE PLAINTIFF TO ANOTHER FACILITY UNTIL THIS PROCEEDING HAS A FINAL DISPOSITION." The defendants may try to use the retaliatory transfer as a strategy to interfere and delay in the case reaching a final disposition. And also as a means to continue, as long as possible, the irreparable harm that is currently being inflicted upon the Plaintiff.

Plaintiff also requests the Court to impose a sanction on the defendants for everyday that they delay restoring the Plaintiff back to active status on the MAT program once the Court decides and orders the Plaintiff to be immediately restored to medicated treatment.

As of November 9, 2023, the Plaintiff was completely terminated from receiving medicated treatment from the MAT program. The Plaintiff was forced to go "cold turkey" by the defendants. The defendants do not properly or safely taper the patient off as medically required. Plaintiff was on 8mg on October 11, 2023, when Andola initiated termination, until November 9, 2023, when defendant was forced to be terminated "cold

turkey." Plaintiff was forced to endure dosage decrease from 8mg to 4mg to 2mg to absolutely nothing at all in only 28 days. This is torture to the patient. This method of tapering is wrong, hazardous, and dangerous to the patient. This is also malicious mistreatment, malicious lack of treatment, and malicious retaliation.

In relation to Correction Law 626(4), the patient should not be denied treatment due to a positive drug screening. Especially when the patient's/plaintiff's cause of relapse is because of the defendants refusing to properly treat the patient/plaintiff, as an act of retaliation, malice, and malfeasance. Plaintiff has been suffering from withdrawals since August, continuously until present. Symptoms get more severe every day after day.

(P.G. v. Jefferson County, NDNY, 2021 WL 4059409), (M.C. v. Jefferson County, NDNY, 2022 WL 1541462), (Paykin v. Lewin, 387 F. Supp.3d 225).

Note: Enclosed is additional attachments of documents in support of the PLRA and the laws and rules of OUD treatment.

## MOTION TO REQUEST AN ASSIGNED ATTORNEY TO ASSIST WITH LITIGATION

The Plaintiff is requesting an attorney to assist in obtaining the required discovery documents. Also in contacting and/or obtaining the appropriate medical professional that has experience and knowledge in patients that suffer from OUD, and the treatment of OUD. Due to the Plaintiff being an incarcerated individual that is indigent and Pro Se, will hinder and delay litigation. A lack of resources, and a lack of accessibility to information, documents, and individuals, is a basic deterring factor in being incarcerated, indigent, and Pro Se.

Date: November 10, 2023

Maxmillian Sloley-17A0421

x _M. Sloley_
Box 338
Napanoch, NY 12458
Eastern NY
Correctional Facility