UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAXMILLIAN SLOLEY,

                    Plaintiff,                         **14-cv-339 (PJE)**

          -v-

ERIC VANBRAMER,

                    Defendant.
_____

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTIONS *IN LIMINE***

COHEN&GREEN, P.L.L.C.
J. Remy Green
Regina J. Yu
1639 Centre St, Suite 216
Ridgewood, New York 11385
(929) 888-9480

Pro Bono Trial Attorneys for Plaintiff

**TABLE OF CONTENTS**

TABLE OF CONTENTS.............................................................................................................i

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT.......................................................................................................................... 1

    I.    FOR THE REASONS IN PLAINTIFF'S MOTIONS IN LIMINE, THE COURT SHOULD NOT PERMIT DEFENDANT TO IMPROPERLY USE PLAINTIFF'S OTHER LAWSUITS (responding to Point I)..................................................... 1

    II.    PLAINTIFF AGREES THAT THE PRIOR RULING ON CRIMINAL BACKGROUND STILL APPLIES, BUT AS EXPLAINED IN PLAINTIFF'S MIL, CONDUCT DURING THE PRIOR TRIAL CALLS FOR A MORE CAREFUL APPROACH TO BRINGING OUT RELEVANT FACTS (responding to Point II). ................................ 3

    III.  DEFENDANT'S ARGUMENT ABOUT PRIOR SEARCHES MISUNDERSTANDS APPELLATE STRUCTURE AND DOES NOT REQUIRE RESOLUTION NOW (responding to Points III and IV)................................................................. 3

    IV.  NO ONE INTENDS TO REFERENCE DISMISSED CLAIMS (responding to Point V). 4

    V.    DEFENDANT'S ARGUMENT ABOUT CONSPIRACY IS CONFUSING, BUT PLAINTIFF DOES NOT INTEND TO ARGUE CONSPIRACY *QUA* CONSPIRACY (responding to Point VI). ............................................................. 5

    VI.  DEFENDANT'S ADVERSE INFERENCE ARGUMENT IS MISGUIDED, BUT IN THE ALTERNATIVE, NO PARTY SHOULD BE ALLOWED TO REFERENCE THE TEST KIT (responding to Point VII)..................................................... 5

VII. DEFENDANT PROVIDES NO BASIS TO REVISIT THE DR. KESSLER

PRECLUSION DECISION (responding to Point VII)....................................................... 8

CONCLUSION................................................................................................................. 9

**PRELIMINARY STATEMENT**

As set out below, Defendant's Motions in Limine (ECF No. 194-1, "DMIL") should be denied in relevant part, and are not in dispute in relevant part.

**ARGUMENT**

**I.  FOR THE REASONS IN PLAINTIFF'S MOTIONS IN LIMINE, THE COURT SHOULD NOT PERMIT DEFENDANT TO IMPROPERLY USE PLAINTIFF'S OTHER LAWSUITS (responding to Point I).**

As discussed in Plaintiff's memorandum in support of his own motions in limine (ECF No. 180-1 ("PMIL"), at Point IV(a); V.  In particular, Defendant fails to address the categorically improper use he made of Plaintiff's other suits at the prior trial.  That is, Defendant says he wants to use the other suits on "issues of causation and damages," and "to cross-examine Plaintiff at trial about his allegations in those lawsuits."  DMIL at 4.  If that were true, that would fall within the rules Defendant cites.

But that is not Defendant's plan.  Rather, he is laying the groundwork for an improper and inflammatory argument that filing three or four lawsuits over a number of years makes someone "a manipulative person who tries to work the system." Day 2 Tr. at 380:13-19.[1]  And as explained in Plaintiff's own MIL, the only appropriate response to such an argument — an argument that these suits are frivolous and Plaintiff is manipulating the system — is for Plaintiff to "try those two lawsuits in the course of this lawsuit," exactly what the Court does ***not*** want to happen. Final Pretrial Conf. Tr. at 27:23-24. *Cf.* DMIL at 10-11 ("Defendant would have a right to rebut each incident by submitting evidence regarding the veracity of the claim, the circumstances of the alleged incident (if it occurred), the resolution to any inquiry into the

---

[1] And indeed, that he seeks again to introduce the Dr. Kessler records, described below, without even addressing how they could be relevant confirms that this is the core theme Defendant intends to present at trial — and will present, absent the Court setting clear guardrails that will cure the prejudice when Defendant rings various bells.

incident, and any other circumstances relevant to each incident."). And Plaintiff's testimony was clear here: the generic recitations of garden variety emotion distress do not "have anything to do with this case" or the garden variety damages asserted herein. Day 1 Tr. at 211:10-15.

Defendant does not address — and cannot — that during the prior trial he used the prior suits "merely" to demonstrate Plaintiff's "propensity for litigation." *Shepherd v Fischer*, 2018 US Dist LEXIS 106682, at *24 (SDNY June 26, 2018). These clear violations of the basic rules of the road at trial last time around (broken in closing, where it was too late to cure the prejudice once the argument was made) calls for a stricter approach. Had Defendant made proper use of the other suits during the last trial, there would be no issue. But at this point, the intent to use the suits improperly is clear.

In the alternative, the Court should warn Defendant in advance that it will give a curative instruction that informs the jury that Defendant was told not to make this argument, that it was improper, that those suits will be addressed elsewhere and could be meritorious, and further allow Plaintiff to make arguments that the violation of the rule allows inferences about other issues. Without an incentive to avoid the improper argument, once Defendant asks the question, it is *easy* for Defendant to cause the prejudice even if the Court tells the jury to disregard the arguments, because the bell cannot be unrung: The jury will have heard and may begin to consider whether those suits show Plaintiff is "a manipulative person who tries to work the system." Day 2 Tr. 380:13-19. And without a significant consequence waiting for improper use of the past suits, there would simply be no reason for Defendant to not, scare quote intended, let the argument "slip." *Cf.* Day 1 Tr. at 230:4-25, 231:1-6

## II. PLAINTIFF AGREES THAT THE PRIOR RULING ON CRIMINAL BACKGROUND STILL APPLIES, BUT AS EXPLAINED IN PLAINTIFF'S MIL, CONDUCT DURING THE PRIOR TRIAL CALLS FOR A MORE CAREFUL APPROACH TO BRINGING OUT RELEVANT FACTS (responding to Point II).

Plaintiff does not ask the Court to reconsider the substance of its prior rulings (PMIL at Point III), but has raised concerns over *how* the criminal history was handled, including when the Court had to say: "Objection sustained, we're not going to go into that, Mr. Mitchell, I've told you that repeatedly." Day 1 Tr. at 184:7-14. And even after that was "repeatedly" addressed, Mr. Mitchell asked the witness, with an open ended question: "was he charged with various offenses?" and "What were they?" Day 1 Tr. at 230:4-25, 231:1-6.

For the reasons in Plaintiff's MIL, Plaintiff believes the best approach is for counsel to use leading questions, screened in advance, to put these facts in the record.

## III. DEFENDANT'S ARGUMENT ABOUT PRIOR SEARCHES MISUNDERSTANDS APPELLATE STRUCTURE AND DOES NOT REQUIRE RESOLUTION NOW (responding to Points III and IV).

Defendant says that the Court should exclude questioning on other strip searches, saying that Plaintiff raised the day-of rejection of such evidence on appeal and the " Second Circuit rejected that argument." DMIL at 9-10 (emphasis in original), *citing Sloley v. VanBramer*, No. 22-2182- cv, 2025 WL 2741780, at *3 (2d Cir. Sept. 26, 2025) (Summary Order) (*Sloley II*).

To start, this claim is a basic misunderstanding of how appeals work. And it appears to be a mis-citation. The page cited does not appear to reference, much less reject any argument about

3

the disciplinary history, notwithstanding Defendant's emphasis.  And any comment on it would be dicta anyway, since Plaintiff prevailed on all the relief he sought on the appeal.[2]

As far as what to do with disciplinary history and prior searches, while propensity evidence is improper, prior searches could be used to show absence of mistake, MO, and the like.  Plus, the could be used on credibility, depending on Defendant's testimony, and in this credibility trial, that could be critical.  When Defendant made the same motion in limine last time, the Court reserved ruling on it, and like last time, Plaintiff intends to serve a trial subpoena for documents not currently in his possession.[3]

At this point, since Defendant invents that the Second Circuit addressed this issue directly, the Court should address the admissibility of any evidence about discipline when it arises.  That is, since the framework for admissibility will depend on how witnesses testify, what they say they do not remember, and the like, as well as the contents of a document or documents not before the Court yet, the Court should address admissibility after relevant voir dire — just like the Court did at the last trial.

### IV.     NO ONE INTENDS TO REFERENCE DISMISSED CLAIMS (responding to Point V).

Defendant asks to preclude reference to dismissed claims.  No party intends to do so, the Court addressed this issue correctly last time, and Plaintiff does and would not ask to reconsider that ruling.

---

[2] This kind of citation has the general shape of AI hallucination in briefing, but nothing else in the brief jumps out as having that quality.
[3] The last time, the document that was produced contained essentially no information, and on voir dire, the witness basically said he had no relevant memory, so without meaningful content, it could not go to credibility directly. This time, Plaintiff intends to subpoena both the relevant complaint itself, as well as any closing report.  He also has the complaining witness prepare to testify if necessary, depending on how Defendant and his brother testify.  But again, all of this is hypothetical at this stage.

**V. DEFENDANT'S ARGUMENT ABOUT CONSPIRACY IS CONFUSING, BUT PLAINTIFF DOES NOT INTEND TO ARGUE CONSPIRACY *QUA* CONSPIRACY (responding to Point VI).**

Defendant asks that "any evidence or argument regarding conspiracy should be precluded." DMIL at 14-15. In the abstract, Plaintiff does not disagree. Though there was a prior trial, Defendant does not point to any examples of what he thinks was improper (if indeed he thinks anything was).

The problem is this: While Plaintiff does not intend to argue conspiracy *qua* conspiracy, his arguments **will** touch on exactly what the Second Circuit has said is at issue: whether the "trier of fact [will] disbelieve Eric's account of finding drugs in Sloley's car." *Sloley v Vanbramer*, 945 F3d 30, 45 (2d Cir 2019) (*Sloley I*). If VanBramer is not telling the truth, what he says he did may involve something **broadly** fair to describe as an effort to "'cover-up' such a deprivation." DMIL at 14.

Accordingly, it is not clear whether the parties disagree, and Defendant's MIL does not provide enough information for Plaintiff to know whether there is a disagreement. If there are no examples of something Defendant thinks is over this line during the prior trial, while Plaintiff does not intend to argue things precisely the same way, he also does not intend to put on a case that gestures at a massive conspiracy or the like. If Defendant has examples of what he seeks to preclude — whether from the prior trial or from other cases — it may help to have those to guide a discussion at the final pre-trial conference.

**VI. DEFENDANT'S ADVERSE INFERENCE ARGUMENT IS MISGUIDED, BUT IN THE ALTERNATIVE, NO PARTY SHOULD BE ALLOWED TO REFERENCE THE TEST KIT (responding to Point VII).**

Defendant argues that Plaintiff should not be allowed to argue to the jury about whether there is any inference to be drawn from the destruction of the ***only*** hard evidence about drugs, for essentially two reasons: (1) Defendant himself is not responsible and (2) the timing means litigation was not anticipated.

While Defendant says "Defendant had no involvement in determining where the evidence would be kept, whether an evidence custodian would move the evidence to a different location, or in deciding how long the evidence custodian would keep the evidence" (DMIL at 16), that is not the standard. The so-called "special relationship" test applies here: responsibility for destroying evidence is applied to an individual officer based on factors such as ""(1) who employed the officer defendant; (2) who trained the officer defendant; (3) who represented the officer defendant; (4) who controls the evidence introduced in the officer defendant's favor; (5) whether the third-party indemnifies the officer defendant; and (6) whether a settlement is subject to approval by the third-party." *Castro v. Smith*, No. 16-8147, 2023 U.S. Dist. LEXIS 149515, at *18 (S.D.N.Y. Aug. 22, 2023); *see also Johns v. Gwinn*, 503 F. Supp. 3d 452, 465 (W.D. Va. 2020). This is what some courts have described saying, "The clearest, most comprehensive, and frankly, most commonsense approach may be gleaned from district courts in the Second Circuit." *Henry v Mihm*, 2026 US Dist LEXIS 45670, at *17 (ED Mich Mar. 5, 2026)

Here, VanBramer's "relationship with [the state] satisfies *all* these criteria." *Id.* (emphasis in original). He was (1) employed, (2) trained by, (3) represented by, (4) had evidence controlled by; (5) will be indemnified by; and (6) all settlement must be approved by the State. Defendant does not challenge these factors, nor could he — and even if he challenged one or two, these are factors, not elements. The direction they weigh is obvious.

Nor does Defendant argue litigation was not ***anticipated***. He merely recites the dates things happened, without explaining how it would not be the case that litigation was anticipated at the relevant time. The relevant witness admitted that there was "no written policy" for retaining or destroying evidence at the relevant time. Day 1 Tr. at 341. And the less than 5 drug kits had apparently ***ever*** been destroyed — making the destruction of the one here quite unusual. *Id* at 345. Despite the kit at issue here being a preliminary test, the more accurate lab test was never performed. *Id.* at 347-49. And Defendant's witness agreed it is "not infrequent" that civil litigation follows criminal litigation. *Id.* at 341. More, Defendants ***could not even produce the instructions that would accompany any test kit***: *Id.* at 286-87.

Absent a direct record on why that was not sufficient to anticipate litigation, Defendant does not provide a basis for his motion to prevent Plaintiff from essentially arguing, "you cannot see the beast evidence, so you should not rely on it." But how else could Plaintiff address evidence that he cannot review? He does not have the actual evidence. He does not have the instructions. The evidence was destroyed without any preservation policy as part of an ad hoc process, by which less than five test kits have ever been destroyed. To preclude Plaintiff from even addressing these facts would be to demand the jury accept pure hearsay for truth — without Plaintiff even being allowed to argue ***weight***.

The alternative, and perhaps better route, is to simply preclude reference to the test altogether. If the arguments Plaintiff needs to make to address the test's destruction are too prejudicial, so too is the reference to the test itself. Accordingly, the Court should either allow argument, or perhaps better altogether, preclude reference to the test itself under some combination of the best evidence rule, Rule 403, and the rule against hearsay (given the obvious truth use of the test result for the claim that there *were* drugs).

**VII.  DEFENDANT PROVIDES NO BASIS TO REVISIT THE DR. KESSLER PRECLUSION DECISION (responding to Point VII).**

It is not clear whether Defendant is actually asking the Court to reconsider exclusion of Dr. Kessler's records.  The heading says they "should be admitted into evidence."  But in the body, Defendants only say "to the extent that the Court reconsiders that ruling, or Plaintiff opens the door, Dr. Kessler's records should be accepted into evidence at the trial of this matter." DMIL at 17.

But Defendant does not provide any basis to reconsider the ruling, since he does not — even in passing — address why the Court excluded the evidence last time.  The Court was clear it "d[idn't even] need to hear from [Plaintiff's counsel]" on this issue, because there was no basis for admission:  "Number one, that Mr. Sloley is only seeking garden variety emotional damages in this matter. Number two, Mr. Sloley is not calling any mental health or doctor in this matter to support his claim of anything beyond garden variety emotional damages. Number three, I've reviewed in great detail the records of Dr. Kessler, and they contain very damaging and prejudicial matter to Mr. Sloley, which far outweighs the probative value.[4] Number four, Dr. Kessler is not available for cross-examination. So I'm going to exclude Dr. Kessler's records from the record."  Final Pretrial Conf. Tr. at 43.

---

[4] Defendant also appears to be misrepresenting — or at least glossing over — what the records actually are.  As Dr. Kessler admitted, the injuries from case were "not the reason [Plaintiff] went there." Dkt. No. 41-2 at 108:5-8. Instead, Defendant appears to want to use Dr. Kessler's records as a backdoor to reiterate to the jury that they think Mr. Sloley is a bad person — and to color any sympathy the jury might have for him with Dr. Kessler's comments like, "Maximillian seems to be unable to recognize the feelings or needs of others nor does he care." D15 at 13.

This is what the Court was referring to when it said "they contain very damaging and prejudicial matter to Mr. Sloley, which far outweighs the probative value."  Final Pretrial Conf. Tr. at 43.  Yet, Defendant does not even nominally try to explain how use of that matter would be permissible under the rules.

With such a clear ruling, with four independent bases, a motion seeking reconsideration ought to at least address *one* — and really, all four — of the bases for the decision. Here, Defendant does none of the above. Nor does he explain how a door could be opened, since, again, as the Court said, "Mr. Sloley is only seeking garden variety emotional damages in this matter." Final Pretrial Conf. Tr. at 43.

## CONCLUSION

For the foregoing reasons, Plaintiff asks the Court to deny, grant, and defer Defendant's motions in limine, as set out above.

Date:   March 31, 2026
       Ridgewood, NY

Respectfully submitted,

COHEN&GREEN, P.L.L.C.

_____/s/_____
J. Remy Green
Regina J. Yu
1639 Centre St Suite 216
Ridgewood, New York 11385
t: 929-888-9480
e: remy@femmelaw.com

*Pro Bono Trial Attorneys for Plaintiff*

9