

April 16, 2026

Hon. Paul J. Evangelista, U.S.M.J.
Northern District of New York
James T. Foley U.S. Courthouse, Suite 509
445 Broadway
Albany, NY 12207

By Electronic Filing.

>**Re:    Case No. 14-cv-339, <u>Sloley v. VanBramer.</u>**

Dear Judge Evangelista:

As the Court knows, my firm was been appointed to serve as pro bono trial counsel to the Plaintiff in the case above.  At the close of trial, the Court encouraged us to work on post-trial motions. I write to provide a brief reply to Defendant's letter (ECF No. 219) opposing the IFP request for a transcript.

The letter is wrong that the motion does not cite authority, the letter references — explicitly — the Court's Transcript Request rules, authorized by 28 U.S.C. § 1915, as the Court's deputy explicitly requested.  And the letter seems to reflect that counsel has forgotten the Court itself said it would do what it could to get Plaintiff transcripts, so post-trial motions could be counseled.

But this brief reply is to note that the single authority Defendant's letter cites — ECF No. 141 — is simply wrong.  To be sure, Judge Hummel *did* say in ECF No. 141 that any appeal would be frivolous.  But Judge Hummel was explicitly found wrong by the Circuit:  An appeal of the last trial's verdict was not only non-frivolous, but Plaintiff prevailed with unanimous panel, that did not see contested law to enter anything other than a summary order.[1]

The Court should make all of our lives easier[2] by making sure the post-trial motions are not filled with disputes over exactly what testimony was given.  And to do that, it should grant the motion. And while Defendant "demands" (ECF No. 219 at 1) the Court instead cut off its nose to spite its face, that demand *does not dispute* the basic that Defendant VanBramer testified to each element of

---

[1] It is also notable that if Plaintiff's arguments in his Rule 50 motions were frivolous, then Defendants' arguments in theirs were much more so, since the Court denied Defendant's on the spot, but felt Plaintiff's required consideration.

[2] That is, zll parties here — the Court included — benefit from the Court allowing Plaintiff access to the transcripts.  *Exactly* what Defendant VanBramer testified he did, as compared to what the Circuit has said constitutes a visual body cavity search, will be critical.  As will exactly how Defendant brought in information barred by the *in limine* rulings.  And so too with exactly what Defendant said to the jury to imply a visual body cavity search required physical contact.  Though Plaintiff discussed this at some length in the motion, Defendant simply ignores it.  Indeed, while Defendant faults Plaintiff's letter for "fail[ing] to provide any authority" (ECF No. 219 at 1), his substance-free opposition exemplifies that accusation.



a visual body cavity search.  That seems to concede the post-trial motion would be meritorious.

As ever, I thank the Court for its time and attention.

Respectfully submitted,

/s/

_____

J. Remy Green
　　　*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All parties by ECF.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com